1  **STEVEN G. DUNMORE**
2  P.O. Box 770
   Loomis, CA  95650-0770
3
   Voicemail:  (800) 249-1636    *IN PRO SE*
4

**FILED**

DEC 2 0 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

5
6          **UNITED STATES DISTRICT COURT**
7          **EASTERN DISTRICT OF CALIFORNIA**
              **(Sacramento Division)**
8
9
10
11  _____     **Case No. 2:05-CV-01806-LKK-DAD**
                                        )
12                                      )
    STEVEN G. DUNMORE,                  )         *First Amended*
13                                      )    **Verified COMPLAINT for Violation of**
          *Plaintiff,*                  )    **Civil and Statutory Rights; Common**
14                                      )    **Law Torts; Civil Penalties, Damages**
                                        )
15        vs.                           )
                                        )    {Title 15 U.S.C. §§ 1681b(a)(3) & (f)(1)-(2),
16  COUNTY OF PLACER, et al.,           )    1681a(e), 1681m(a)(1)-(2)-(3), 1681n, 1681o
    (Placer County Sheriff's Department); )   and 1681q; Title 18 U.S.C. § 2701(a)(2);
17                                      )    Title 42 U.S.C. § 408(a)(8), and §§ 1983,
    VALERIE HARRIS, Sheriff's Lieutenant; )   1985(a)(2) & (3), 1986 and 1988(a); Civil
18                                      )    Code §§ 1785.11(a)(3), 1785.19(a); and
    VALERIE HARRIS, an individual;      )    §§ 1785.20(a)(1-4), 1785.31(a)(1-3)}
19                                      )
    JAMES (JIM) HUDSON, Detective;      )
20                                      )
    JAMES (JIM) HUDSON, an individual;  )    **UNITED STATES DISTRICT COURT**
21                                      )    **Eastern District of California**
    EDWARD N. BONNER, Sheriff;          )    **(Sacramento Division)**
22                                      )    **501 "I" Street**
    STEPHEN L. D'ARCY, Undersheriff;    )    **Sacramento, CA  95814**
23                                      )    **Telephone:  (916) 930-4000**
    DOES 1-10,                          )
24                                      )    **{RIGHT TO JURY TRIAL WAIVED}**
          *Defendants.*                 )
25                                      )    **{Amendment per Fed.R.Civ.P. 15(a)}**
    _____ )
26
27
28  **TO:  Defendants and their attorney(s) of record:**

*First Amended* Verified COMPLAINT
(Case No. 2:05-CV-01806-LKK-DAD)

**COMES NOW** plaintiff STEVEN G. DUNMORE ("plaintiff" or "Dunmore"), *in pro se*, who complains of the hereabove defendants as set forth herein, and alleges as follows:

## PART I.  JURISDICTION and VENUE

1.    This is a federal action and supplemental jurisdiction case over which this court has jurisdiction pursuant to the **Fourteenth Amendment to the United States Constitution (Section 1); Title 15 U.S.C. (United States Code) § 1681p** (Jurisdiction of federal District Courts over *FCRA* claims); **Title 42 U.S.C. §§ 1983, 1985, subd. (2) & (3), 1986 and 1988, subd. (a)** (Civil action and proceedings for deprivation and vindication of civil rights, et al.); **Title 28 U.S.C. § 1331** (Federal question) and **§ 1367** (Supplemental jurisdiction over related [State] claims).

2.    Venue in this federal judicial district is proper since the defendants reside within this judicial district and/or the unlawful acts giving rise to this Complaint occurred within this judicial district.

## PART II.  PARTIES

3.    At all relevant times, Plaintiff STEVEN G. DUNMORE (the "Claimant" and "Plaintiff") was a resident within the county of Placer, state of California.

4.    At all relevant times, defendant COUNTY OF PLACER (Placer County Sheriff's Department) was, and is, a "general law county" under state law and a "person" under federal law, within the state of California, and the principal employer of the other named defendants.

5.    At all relevant times, defendant VALERIE HARRIS ("Lt. HARRIS") was a Sheriff's Lieutenant employed by the COUNTY OF PLACER (Placer County Sheriff's Department), presumably acting within her official capacity. Since then, she has been appointed to the rank of Captain (or Chief of Police) with the Auburn Police Department (that city and police agency is not a party to this federal lawsuit. (Former) Lt. HARRIS is sued herein for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law. To the extent that (former) Lt. HARRIS claims and proves to have acted outside her official capacity, she is also sued as an individual.

6.    At all relevant times, defendant Lt. HARRIS was a citizen or resident with the county of Placer, state of California.

7.    At all relevant times, defendant Detective JAMES ("JIM") HUDSON ("Detective HUDSON") was a Sheriff's Detective employed by the COUNTY OF PLACER (Placer County Sheriff's Department), presumably acting within his official capacity. Detective HUDSON is sued herein for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law. To the extent that Detective HUDSON claims and proves to have acted outside his official capacity, he is also sued as an individual.

8.    At all relevant times, defendant Detective HUDSON was a citizen or resident of the county of Placer, state of California.

9.    At all relevant times, defendant Sheriff EDWARD N. BONNER ("Sheriff BONNER") was the elected Sheriff in and for the County of Placer (Placer County Sheriff's Department), and the chief law enforcement official and policymaker in and for the Sheriff's Department and COUNTY OF PLACER. Sheriff BONNER is sued herein

for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law.  To the extent that Sheriff BONNER claims and proves to have acted outside his official capacity, he is also sued as an individual.

10.    At all relevant times, defendant Sheriff BONNER was a citizen or resident of the county of Placer, state of California.

11.    At all relevant times, defendant STEPHEN L. D'ARCY ("Undersheriff D'ARCY") was the appointed Undersheriff in and for the County of Placer (Placer County Sheriff's Department), and second-in-command of the Sheriff's Department. Undersheriff D'ARCY is sued herein for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law.  To the extent that Undersheriff D'ARCY claims and proves to have acted outside his official capacity, he is also sued as an individual.

12.    At all relevant times, defendant Undersheriff D'ARCY was a citizen or resident of the county of Sacramento, state of California.

## PART III.  BACKGROUND FACTS

13.    The factual allegations set forth in paragraphs 1 through 12 inclusive are incorporated herein by reference.

14.    **On or about June 16, 2004,** Plaintiff attended an initial interview and submitted a completed original *"Standard Application for License to Carry a Conceal Weapon"* (or "CCW Application"), infra, to defendant Lt. HARRIS at the Placer County Sheriff's Department in Auburn, County of Placer, California.

*First Amended* Verified COMPLAINT                    4
(Case No. 2:05-CV-01806-LKK-DAD)

15.    During the aforesaid interview or immediately thereafter, defendant Lt. HARRIS stated (in essence) that she saw "no reason not to issue the CCW license", and instructed Plaintiff to attend an 8-hour firearms qualification course with a school or instructor on the approved list of the Placer County Sheriff Department.  Plaintiff did so within ten days of his first interview with Lt. HARRIS, as evidenced by his **Certificate of Training** dated and issued on **June 26, 2004,** incorporated herein by reference.  Later that day or shortly thereafter, Plaintiff mailed Lt. HARRIS a true copy of the training certificate and **MEMO** of the same date entitled, **"RE: Pending Application for CCW License,"** along with verification of his residence address and Placer County voter registration in the Town of Loomis, situated in the County of Placer, California.

16.    Several weeks later, Plaintiff followed-up with defendant Lt. HARRIS regarding the status of his CCW Application.   Lt. HARRIS advised Plaintiff, via telephone, to attend a follow-up interview at her.  Plaintiff later did so, as instructed. (See ¶ 19 herebelow.)

17.    **On or about July 9 or 10, 2004,** or sometime before Plaintiff's follow-up interview with defendant Lt. HARRIS, defendant Detective HUDSON telephoned Plaintiff at his Loomis residence and wanted to personally meet with Plaintiff.  At that time, Plaintiff was about to get into the shower and was surprised and startled by defendant Detective HUDSON's unannounced visit to Plaintiff's residence outside the fenced and locked gate to the property (approximately 55 acres).

18.    At first, Plaintiff denied being home, but thereafter told defendant Detective HUDSON that he was undressed and unavailable to meet at the time, since Plaintiff had a prior appointment that he needed to attend that day.  Plaintiff then

1   advised Detective HUDSON that he would follow-up with his office or Lt. HARRIS later

2   on. Plaintiff later telephoned defendant Lt. HARRIS and left her a voicemail message to

3
    complain about Detective HUDSON coming to Plaintiff's house unannounced **on or**
4
5   **about July 9 or 10, 2004.**    Lt. HARRIS returned Plaintiff's call sometime before the

6   next interview and stated, among other things, that she had "planned it that way."

7       19.    **On or about July 13, 2004,** Plaintiff attended the aforesaid follow-up
8
    meeting at defendant Lt. HARRIS' office at the Placer County Sheriff's Department.
9
10  Plaintiff met with Lt. HARRIS and was again surprised by defendant Detective HUDSON

11  at the meeting.   Both defendants Lt. HARRIS and Detective HUDSON proceeded to

12  "interrogate" Plaintiff about his personal living mode, prior marriages, child support

13
    obligations, prior business and financial dealings, income taxes and tax liens, and his
14
15  creditors and credit history.   Plaintiff protested and stated that these additional items or

16  issued have nothing to do with qualifying for a CCW license and that he did not have

17  any criminal record, but defendants Lt. HARRIS and Detective HUDSON insisted

18  otherwise and continued with their "inquisition."

19
        20.    It was at the follow-up interview **on or about July 13, 2004,** that Plaintiff
20
21  suspected   that   defendants   Lt.   HARRIS   and   Detective   HUDSON   had   been

22  "unreasonably and unlawfully snooping" into Plaintiff's personal and private matters,

23  based upon statements made by these defendants. Plaintiff also discovered for the first

24
    time that defendant Detective HUDSON, <u>without a search warrant and without lawful</u>
25
26  <u>authorization</u>, and at the direction of defendant Lt. HARRIS, wrongfully, willfully and

27  intentionally **<u>trespassed</u>** over or through the "fenced" and "locked gate" onto the private

28  real property occupied by Plaintiff (a subtenant).    After gaining entry, Detective

HUDSON traversed several hundred yards from the locked gate and within the "curtilage" of a private residence located at 4868 Val Verde Road, Loomis, California, to search for Plaintiff (while he was in the bathroom shower).

21. **On or about July 26, 2004,** Plaintiff wrote a letter to defendant Lt. HARRIS entitled, *"Status of CCW Application; Informal Notice"*, therein protesting Lt. HARRIS' and Detective HUDSON's prior misconduct, unfairness and mistreatment of Plaintiff. In said letter, Plaintiff also demanded and advised Lt. HARRIS to cease any further probing (snooping) in his personal and confidential income taxes, child support, creditors and financial condition, and any other information not authorized by law **(California Penal Code a 12051, subd. (a)(3)(C)).** Plaintiff further reiterated his demand that Lt. HARRIS promptly render her written decision, by **July 28 (sic), 2004,** whether to issue or deny Plaintiff's CCW Application for a CCW license, said letter and application incorporated herein by reference.

22. **On or about August 5, 2004,** defendant Undersheriff D'ARCY sent Plaintiff a letter entitled, *"Re: Concealed Weapon Permit",* advising Plaintiff of the Sheriff's (and/or his) decision to deny Plaintiff's request for a CCW license, said letter incorporated herein by reference.

23. **On or about August 17, 2004,** Plaintiff wrote a letter to defendant Undersheriff D'ARCY entitled, *"RE: Denial of CCW Permit or License,"* to inquire into the specific reason(s) for denying his request for a CCW. Neither defendants Undersheriff D'ARCY nor Sheriff BONNER responded to Plaintiff's said letter, incorporated herein by reference.

24.    **On or about August 26, September 17 and October 8, 2004,** Plaintiff wrote a series of document request letters, incorporated herein by reference, pursuant to the ***California Public Records Act (CPRA),*** requesting the Placer County Sheriff's Department (and Placer County Counsel's Office) to release of any and all documents relating to his CCW Application, but defendants legal counsel (Placer County Counsel's Office) denied the request and subsequent written demands for the most part. Plaintiff thereafter voluntarily abandoned any formal legal action to obtain the requested documents under the Government Code. Thus, these documents are only relevant for the time line in events.

25.    **On or about September 9, 2004,** Plaintiff mailed a formal, written complaint letter to defendant Sheriff BONNER entitled, ***"Internal Affairs Complaint and Criminal Complaint,"*** in order to complain about the various criminal and civil law violations committed against Plaintiff by defendants Lt. HARRIS and Detective HUDSON.    However, Sheriff BONNER refused or failed to respond or even acknowledge Plaintiff's legitimate complaint, incorporated herein by reference.    <u>On information and belief</u>, defendants Sheriff BONNER and Undersheriff D'ARCY willfully failed or refused to investigate or take any legal or disciplinary action against his subordinates for their violation of Plaintiff's constitutional/civil rights and other statutory rights.

**(Plaintiff's Claims and Pre-Suit Claim, California Government Code § 910, et seq.)**

26.    **On or about August 17, 2004,** Plaintiff confirmed that he was the victim of numerous state and federal criminal acts, civil wrongs and other common law torts for violations perpetrated by defendants against Plaintiff's federal civil rights, and other

1  federal and state statutory and common law rights, including but not limited to invasion

2  of privacy of Plaintiff's (combined) private and confidential *creditor and credit*

3
4  *information or data* on file with the **TRANS UNION, EQUIFAX** and **EXPERIAN** Credit

5  Reporting Agencies ("CRAs"), without a search warrant and without lawful authorization,

6  in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County

7  Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to **California Penal**

8
9  **Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.    This

10  factual allegation is evidenced by a credit report inquiry made **sometime before**

11  **August 17, 2004,** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE,**

12  **AUBURN, CA  95603, telephone number (916) 889-7088",** as the location obtaining a

13
14  credit report (or combined credit reports), as also alleged in Plaintiff's **"2nd AMENDED**

15  **CLAIM AGAINST PUBLIC ENTITY"** (dated 1-14-05)[1], made pursuant to **California**

16  **Government Code § 910, et seq.,** incorporated herein by reference as if set forth in

17  full.  This second amended claim superseded Plaintiff's original Claim (dated 12-6-04)[2]

18  and the first amendment thereto (dated 12-9-04)[3].  (In the event of any inconsistencies,

19
20  changes or conflicts with Plaintiff's aforesaid pre-suit Claim, as amended, this *First*

21  *Amended Complaint* corrects and restates all Claims for Relief, including any and all

22  possible legal remedies allowed by federal and state laws.)

23         27.    Plaintiff's pre-suit Claim, as amended, was timely filed and but rejected by

24  defendants, as stated herebelow, thus Plaintiff exhausted his "state" administrative
25
26
27
_____
28  [1] Certified Mail #7003-2260-0004-2274-2687.
    [2] Certified Mail #7003-2260-0004-2274-2663.
    [3] Certified Mail #7003-2260-0004-2274-2670.

*First Amended* Verified COMPLAINT          9
(Case No. 2:05-CV-01806-LKK-DAD)

remedies before timely filed suit **within the six (6) months**[4] (on September 8, 2005)

pursuant to **California Government Code § 945.6** (that is, by or before September 9,

2005), as stated in the aforesaid amended or final ***"NOTICE OF REJECTION OF***

***CLAIM"***, infra.

**(Formal and Final Rejection of Claim, As Amended; Claim No. 12-07-04-133)**

28.    **On or about March 9, 2005,** defendant COUNTY OF PLACER (via the

Placer County Executive Officer, Jan M. Christofferson) issued and mailed an amended

or final ***"NOTICE OF REJECTION OF CLAIM"*** to Plaintiff, bearing **Claim No. 12-07-04-**

**133,** incorporated herein by reference.    The aforesaid *Notice* rejected all claims

presented by Plaintiff in his Claim, as amended, and also superseded (as matter of law)

defendants' <u>initial</u> ***"NOTICE OF REJECTION OF CLAIM"*** dated **January 6, 2005,**

incorporated herein by reference.    Plaintiff thereafter filed this instant federal lawsuit as

stated hereabove.

**(Federal and State Statutes of Limitation on All Claims)**

29.    In any case, Plaintiff's "federal" statutory claims under the ***Fair Credit***

***Reporting Act (FCRA)*** at **Title 15 U.S.C. § 1681b**, et seq. and other related "federal"

civil rights claims and torts (i.e., torts for violations of federal criminal violations against

Plaintiff, invasion of privacy, Fourth Amendment violations, and intentional or negligent

infliction of emotional distress for violations of the *FCRA* and other federal laws), are

applicable to the state of California pursuant to the **Fourteenth Amendment to the**

**United States Constitution (Section 1),** and **California Constitution (Article III,**

---

[4] "Six months" means "six calendar months" based on average 30-day month.    See
California Government Code §§ 6804 and 945.6(a)(1). See also *Gonzales v. County of
Los Angeles* (1988, CA3d) 199 Cal.App.3d 601 at 603-04 [245 Cal.Rptr. 112].

1    **Section 1),** and are governed by federal law, <u>not</u> the **California Government Code**

2    and/or **California Code of Civil Procedure (CCP).** Thus, the statute of limitations

3
     (SOL) to enforce all of Plaintiff's federal *FCRA* claims and all related federal claims is at
4

5    least **two (2) years** from the date of discovery. **(See, e.g., Title 15 U.S.C. § 1681p;**

6    **Title 18 U.S.C. § 1030(g) and § 2707(f).)** Separate federal "criminal violations" are

7    generally governed by **Title 18 United States Code.**

8
           30.    Pursuant to **California CCP § 338(a),** the statute of limitations (SOL) is
9

10   **three (3) years** for Plaintiff's statutory claims and damages under the California

11   *Consumer Credit Agencies Reporting Act (CCARA)* at **California Civil Code §§**

12   **1785.11(a)(3) and 1785.19,** <u>and</u> **two (2) years** for Plaintiff's statutory claims under **Civil**

13
     **Code §§ 1785.20 and 1785.31 (per Civil Code § 1785.33),** and **three (3) years** for
14

15   "trespass upon real property" **(per CCP § 338(b)),** including any unlawful or

16   unreasonable search thereon.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

# PART IV.  CLAIMS FOR RELIEF

## SEPARATE FIRST CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

**(Fraud or False Pretenses; Civil & Criminal Liability for
Willful Noncompliance; Criminal and Civil Conspiracy for Statutory Violations)**

**{Title 15 U.S.C. §§ 1681b(a)(3)(D), 1681b(f)(1) & (2), 1681e(a), 1681n & 1681q;
Title 42 U.S.C. §§ 408(a)(8) & 1983; Title 18 U.S.C. §§ 241, 371, 1030(a)(2)(A)&(C),
and Title 18 U.S.C. §§ 2701(a)(2) & 2707}**

**(Knowingly and Willfully Obtaining Access to and Data from CRA Files)**

**{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

**(COUNTS 1, 2 & 3)**

31.   The factual allegations set forth in paragraphs 1 through 30 inclusive are incorporated herein by reference.

32.   On information and belief, **sometime between June 16 and August 17, 2004,** defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., knowingly and willfully (intentionally) requested, procured, **obtained access to and data from** Plaintiff's (combined) private and confidential *creditor and credit information or data* on file with the **TRANS UNION, EQUIFAX and EXPERIAN** Credit Reporting Agencies ("CRAs"), without a search warrant and without lawful authorization, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.  This factual allegation is evidenced by a credit report inquiry made **sometime before August 17, 2004,** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA 95603, telephone number (916) 889-7088",** as the location obtaining said credit report,

as also alleged in Plaintiff's *"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,* dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

33.    On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

34.    On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not include private and confidential *creditor and credit information or data* for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

35.    On information and belief, defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then in charge—between June-August 2004—of the CCW License unit and background investigation unit within the Placer County Sheriff's Department.

36.    Defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any personal and confidential *credit or creditor* information on or for Plaintiff's aforesaid CCW Application, in excess of the information allowed under **California Penal Code § 12051, subd. (a)(3)(C).**

37.    On information and belief, defendant Lt. HARRIS, et al., violated, and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. **§§ 1681b, subds. (a)(3), (f)(1) & (2) and 1681e, subd. (a),** by knowingly and willfully

(intentionally) **obtaining access to and data from** Plaintiff's aforesaid personal and confidential *creditor and credit information or data*, with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce, notwithstanding **Section 1681f** (Disclosures to governmental agencies), which does not authorize access to and use of *creditor or credit data* by defendants in conjunction with Plaintiff's aforesaid CCW Application.

38.     On information and belief, defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. § **1681q** (a felony), by knowingly and willfully (intentionally) **obtaining access to and data from** Plaintiff's personal and confidential *creditor and credit information or data* **under false pretenses,** with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce, notwithstanding **Section 1681f** (Disclosures to governmental agencies), which does not authorize access to and use of *creditor or credit data* by defendants in conjunction with Plaintiff's aforesaid CCW Application.

39.     On information and belief, defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030, subd. (a)(2)(A) & (C)** (a felony), by knowingly and willfully (intentionally) accessing a computer (via the Internet) or exceeding authorized access, in interstate commerce, without a search warrant and without lawful authorization or exceeding authorized access, and **fraudulently gained (obtained) access to and data from** Plaintiff's personal and confidential *creditor and credit information or data* contained in a file of a consumer reporting agency ("CRA").

40.    On information and belief, defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act* at Title 18 U.S.C. § 2701(a)(2) (a felony), by knowingly and willfully (intentionally) accessing or exceeding authorization to access a facility (business entity), via a computer (via the Internet) in interstate commerce, without a search warrant and without lawful authorization, and **fraudulently obtained "access to" and data from** electronically stored communications or information (including Plaintiff's personal and confidential *creditor and credit information or data* involving or affecting interstate commerce).

41.    Defendant Lt. HARRIS, et al., accomplished and committed the aforesaid acts and conspiracy by unlawfully using the social security number (SSN) of Plaintiff (any person) in violation of the laws of the United States, supra, which is itself a federal felony pursuant to **Title 42 U.S.C. § 408, subd. (a)(8).**

42.    The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by defendant Lt. HARRIS, et al., into a computer (via the Internet), in interstate commerce, *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA to grant access to and provide Plaintiff's personal and confidential *creditor and credit information or data* as sought and utilized by defendant Lt. HARRIS, et al.

43.    Defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with defendant Detective

HUDSON, or with two or more persons including herself.  Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other statutory rights.

**(Criminal and Civil Violations:  Civil Liability and Civil Penalties)**

44.    The factual allegations set forth in paragraphs 31 through 43 inclusive are incorporated herein by reference.

45.    By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is civilly liable to Plaintiff for a **statutory civil penalty** in the sum of **One Thousand Dollars ($1,000.00),** plus **punitive damages**, for each violation or count pursuant to **Title 15 U.S.C. §§ 1681b, subds. (a)(3), (f)(1) & (2) and § 1681e, subd. (a); § 1681n, subds. (a)(1)(B) & (a)(2)** (Civil liability for willful noncompliance of the federal *Fair Credit Reporting Act),* as set forth in that statute, incorporated herein by reference.  Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** as a **statutory civil penalty** for each violation or count under **Title 15 U.S.C. 1681n, subds. (a)(1)(B) & (a)(2),** plus **punitive damages** of **Seven Thousand Dollars ($7,000.00),** or **seven times** any general damages.

46.    By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is also civilly liable and/or criminally responsible (a felony), for each violation or count, under **Title 15 U.S.C. § 1681q** (knowingly and willfully obtaining unauthorized access to and use of personal and confidential *creditor and credit information or data under false pretenses),* as set forth in that statute, incorporated herein by reference.    Thus, Plaintiff hereby asserts and claims the sum of **Five**

**Thousand Dollars (5,000.00)** in general or punitive Damages for each violation or count under said statute, plus **punitive damages** of **Thirty-Five Thousand Dollars ($35,000.00),** or **seven times** any general damages.

47.    By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is also criminally responsible (a felony), for each violation or count, under the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030, subd. (a)(2)(A) & (C)** and **subd. (c)(2)(A) or (B)(ii)** (intentionally accessing a computer (via the Internet), in interstate commerce, <u>without a search warrant and without lawful</u> <u>authorization or exceeding authorized access</u>, and thereby **obtaining access to and data from** Plaintiff's personal and confidential information contained in a file of a consumer reporting agency on a consumer), as set forth in that statute, incorporated herein by reference.  (NOTE: No civil action may be asserted by Plaintiff under the precise provisions of this statute.  See **Title 18 U.S.C. § 1030, subd. (g).**  However, Plaintiff will still seek criminal prosecution under said statute, supra, and for violations of other criminal laws.)

48.    By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is also criminally responsible (a felony) and civilly liable to Plaintiff for a **minimum statutory civil penalty** in the sum of **One Thousand Dollars ($1,000.00),** plus **punitive damages,** for each violation or count under the federal *Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act* at **Title 18 U.S.C. § 2701, subd. (a)(2)** (intentionally accessing <u>or</u> exceeding authorization to access a facility (business entity), via a computer (via the Internet) in interstate commerce, <u>without a search warrant and without lawful</u>

authorization, to obtain access to electronically stored communications or information, including personal and confidential information involving or affecting interstate commerce), as set forth in that statute, incorporated herein by reference.   Thus, pursuant to **Section 2707, subds. (a)(2), (b)(1)(A) & (c)** (civil actions, civil penalty, other damages), Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($1,000.00)** as a **statutory civil penalty** for each violation or count under said statute, plus **punitive damages** of **Seventy Thousand Dollars ($7,000.00)**, or **seven times** any general damages.

49.   By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is also civilly liable and/or criminally responsible for each violation or count under the federal *Social Security Act* at **Title 42 U.S.C. § 408, subd. (a)(8)** (using the social security number (SSN) of any person in violation of the laws of the United States, a felony), as set forth in that statute, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in general damages for each violation or count under said statute, plus **punitive damages** of **Seventy Thousand Dollars ($70,000.00)** or **seven times** any general damages.

**(Conspiracy Against Federal Civil Rights, or Criminal Conspiracy for Violation of Criminal Laws of the United States; Criminal and Civil Liability)**

50.   The factual allegations set forth in paragraphs 31 through 49 inclusive are incorporated herein by reference.

51.   By willfully, intentionally and conspiring to do the aforesaid criminal and tortious acts in violation of the laws of the United States, defendant Lt. HARRIS, et al., is

1  **criminally responsible** and also **civilly liable** to Plaintiff for each violation or count
2  under **Title 18 U.S.C. § 241 or § 371** (conspiracy against civil rights, or criminal
3
   conspiracy, each a felony), by and for acting in concert with defendant Detective
4
5  HUDSON, or with two or more persons including herself, to violate **Title 42 U.S.C. §§**
6  **408(a)(8) and 1681q** (each a felony); **Title 18 U.S.C. §§ 1030 (a)(2)(A) & (C)** (a felony);
7  and **Title 18 U.S.C. § 2701(a)(2)** (a felony), all incorporated herein by reference.
8
   Defendants owed Plaintiff a legal duty to obey—but failed to comply—with the federal
9
10 **FCRA** and other federal and state laws, supra, and to not violate Plaintiff's federal civil
11 rights and other statutory rights. Thus, Plaintiff hereby asserts and claims the sum of
12 **Ten Thousand Dollars ($10,000.00)** in general damages for each violation or count
13
   under said conspiracy statutes, plus **punitive damages** of **Seventy Thousand Dollars**
14
15 **($70,000.00)** or **seven times** any general damages.

16      52.      Plaintiff is entitled to assert a civil action (civil remedy) and seek monetary
17 damages for violations of federal criminal laws committed against him by Lt. HARRIS, et
18 al., pursuant to the **Restatement (Second) of Torts § 286** and *Wyandotte Co. v.*
19
   *United States,* 389 U.S. 191, 202, 88 S.Ct. 379, 386 (1967) (allowing civil actions for
20
21 violations of federal criminal laws unless disallowed under particular federal statute).

22      **(Civil Conspiracy to Violate Civil Laws of the United States, et al.; Civil Liability)**

23      53.      The factual allegations set forth in paragraphs 31 through 52 inclusive are
24 incorporated herein by reference.
25
26      54.      By willfully and intentionally conspiring to do the aforesaid civil violations
27 and tortious acts in violation of the laws of the United States, defendant Lt. HARRIS, et
28 al., is also **civilly liable** to Plaintiff for *civil conspiracy* by and for acting in concert with

defendant Detective HUDSON, or with two or more persons including herself, to violate **Title 15 U.S.C. §§ 1681b(a)(3), 1681b(f)(1) & (2), 1681e(a), 1681m(a)(1)-(2)-(-3) and 1681q** (a felony), and **Title 18 U.S.C. § 2701(a)(2)** (a felony and a civil penalty), all incorporated herein by reference. Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

55.    By willfully and intentionally doing the aforesaid unlawful acts, defendant Lt. HARRIS, et al., is also civilly liable to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 19 and 19.4), as set forth in those statutes, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under **Section 12051, subd. (a)(3)(C)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved)**.

### (Separate Civil Liability to Credit Reporting Agencies)

56.    The factual allegations set forth in paragraphs 31 through 49 inclusive are incorporated herein by reference.

57.    Defendant Lt. HARRIS, et al., also may be **civilly liable** to the aforesaid Credit Reporting Agencies (CRAs) in the sum of **One Thousand Dollars ($1,000.00), or more, plus all attorney's fees and costs,** pursuant to **Title 15 U.S.C. § 1681n,**

1  **subd. (b),** if any CRAs are later joined and served in this civil action following discovery,

2  for violation of the federal *FCRA* under **Title 15 U.S.C. §§ 1681e(a), 1681r, 1681n(a) or**

3
4  **1681o(a)** (Compliance procedures; Unauthorized disclosures by officers or employees

5  of CRAs; Civil liability for willful or negligent noncompliance).  (*NOTE*: Plaintiff reserves

6  the right to seek "leave of court" to join and serve one or all aforesaid Credit Reporting

7  Agencies (CRAs).)

8

9

10                            **SEPARATE SECOND CLAIM FOR RELIEF**

11                            **{STATUTORY DAMAGES (CIVIL PENALTIES)}**

12                          **(Additional Civil Liability for Willful Violations)**

13            **{Title 15 U.S.C. §§  1681e(a), <u>1681m(a)(1)-(2)-(3)</u> and § 1681n(a), et al.}**

14                      **(Failure of "User" (Defendants) to Comply with Statutory**
15                      **<u>Notification Requirements Regarding Adverse Action</u>)**

16              **{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

17                                    **(COUNTS 4, 5 & 6)**

18
19          58.    The factual allegations set forth in paragraphs 1 through 57 inclusive are

20  incorporated herein by reference.

21          59.    <u>On information and belief</u>, **sometime between June 16 and August 17,**

22
23  **2004,** defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., knowingly and

24  willfully (intentionally), requested, procured, and **<u>adversely used information—in</u>**

25  **<u>whole or in part</u>—obtained or received from** Plaintiff's (combined) private and

26  confidential *consumer creditor and credit information or data* on file with the **TRANS**

27  **UNION, EQUIFAX and EXPERIAN** Credit Reporting Agencies ("CRAs"), <u>without a</u>

28  <u>search warrant and without lawful authorization</u>, in consideration of Plaintiff's aforesaid

CCW Application on file with the Placer County Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)**, incorporated herein by reference. This factual allegation is evidenced by a credit report inquiry made **sometime before August 17, 2004**, showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA    95603, telephone number (916) 889-7088"**, as the location obtaining said credit report, as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

60.    On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

61.    On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not include private and confidential *creditor and credit information or data* for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

62.    On information and belief, defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then in charge—between June-August 2004—of the CCW License unit and background investigation unit within the Placer County Sheriff's Department.

63.    Defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any personal and

confidential *credit or creditor* information on or for Plaintiff's aforesaid CCW Application, in excess of the information allowed under **California Penal Code § 12051, subd. (a)(3)(C).**

64.   On information and belief, defendant Lt. HARRIS, et al., violated, and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. §§ 1681e(a), 1681m(a)(1)-(2)-(3), by adversely using information—in whole or in part—obtained or received from Plaintiff's aforesaid personal and confidential *consumer creditor and credit information or data,* with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce (albeit for an improper and unlawful purpose, supra).   Thereafter, defendant Lt. HARRIS, et al. failed to provide Plaintiff with the **required statutory notice** including the name, address and (toll-free) telephone number of the Credit Reporting Agencies (CRAs) that Lt. HARRIS, et al. contacted and obtained, received and used such adverse information—in whole or in part—in denying Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.

65.   On information and belief, defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. § 1681q (a felony), by knowingly and willfully (intentionally) obtaining access to and data from Plaintiff's personal and confidential *creditor and credit information or data* under false pretenses, with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce, notwithstanding **Section 1681f** (Disclosures to

1  governmental agencies), which does not authorize access to and use of *creditor or*
2  *credit data* by defendants in conjunction with Plaintiff's aforesaid CCW Application.

3
4      66.    On information and belief, defendant Lt. HARRIS, et al., also violated, and
5  conspired to violate, the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18**
6  **U.S.C. § 1030, subd. (a)(2)(A) & (C)** (a felony), by knowingly and willfully (intentionally)
7  accessing a computer (via the Internet) or exceeding authorized access, in interstate
8
9  commerce, without a search warrant and without lawful authorization or exceeding
10 authorized access, and **fraudulently gained (obtained) access to and data from**
11 Plaintiff's personal and confidential *creditor and credit information or data* contained in a
12 file of a consumer reporting agency ("CRA").

13
14     67.    On information and belief, defendant Lt. HARRIS, et al., also violated, and
15 conspired to violate, the federal *Electronic Communications Privacy Act (ECPA) of*
16 *1986, Chapter 121, Stored Communications Act* at **Title 18 U.S.C. § 2701(a)(2)** (a
17 felony), by knowingly and willfully (intentionally) accessing or exceeding authorization to
18 access a facility (business entity), via a computer (via the Internet) in interstate
19
20 commerce, without a search warrant and without lawful authorization, and **fraudulently**
21 **obtained "access to" and data from** electronically stored communications or
22 information (including Plaintiff's personal and confidential *creditor and credit information*
23 *or data* involving or affecting interstate commerce).

24
25     68.    Defendant Lt. HARRIS, et al., accomplished and committed the aforesaid
26 acts and conspiracy by unlawfully using the social security number (SSN) of Plaintiff
27 (any person) in violation of the laws of the United States, supra, which is itself a federal
28 felony pursuant to **Title 42 U.S.C. § 408, subd. (a)(8).**

69.    The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by defendant Lt. HARRIS, et al., into a computer (via the Internet), in interstate commerce, *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA to grant access to and provide Plaintiff's personal and confidential *creditor and credit information or data* as sought and utilized by defendant Lt. HARRIS, et al.

70.    Defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with defendant Detective HUDSON, or with two or more persons including herself.  Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other statutory rights.

**(Criminal and Civil Violations: Civil Liability and Civil Penalties)**

71.    The factual allegations set forth in paragraphs 58 through 70 inclusive are incorporated herein by reference.

72.    By willfully and intentionally, or negligently, doing the aforesaid acts, defendant Lt. HARRIS, et al., is civilly liable to Plaintiff for a **statutory civil penalty** in the sum of **One Thousand Dollars ($1,000.00)**, plus **punitive damages**, for each violation or count pursuant to **Title 15 U.S.C. §§ 1681m(a)(1)-(2)-(3) and § 1681n, subds. (a)(1)(B) & (a)(2)** (Civil liability for willful noncompliance of the federal *Fair Credit Reporting Act),* as set forth in those statutes, incorporated herein by reference.

Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** as a **statutory civil penalty** for each violation or count under **Title 15 U.S.C. § 1681n, subds. (a)(1)(B) & (a)(2)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages.

73.    By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is also civilly liable and/or criminally responsible (a felony), for each violation or count, under **Title 15 U.S.C. § 1681q** (knowingly and willfully obtaining unauthorized access to and use of personal and confidential *creditor and credit information or data under false pretenses*), as set forth in that statute, incorporated herein by reference.    Thus, Plaintiff hereby asserts and claims the sum of **Five Thousand Dollars (5,000.00)** in general or punitive Damages for each violation or count under said statute, plus **punitive damages** of **Thirty-Five Thousand Dollars ($35,000.00)**, or **seven times** any general damages.

74.    By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is also criminally responsible (a felony), for each violation or count, under the federal ***Consumer Fraud and Abuse Act (CFAA)*** at **Title 18 U.S.C. § 1030, subd. (a)(2)(A) & (C)** and **subd. (c)(2)(A) or (B)(ii)** (intentionally accessing a computer (via the Internet), in interstate commerce, <u>without a search warrant and without lawful authorization or exceeding authorized access</u>, and thereby **<u>obtaining access to and data from</u>** Plaintiff's personal and confidential information contained in a file of a consumer reporting agency on a consumer), as set forth in that statute, incorporated herein by reference.  (NOTE: No civil action may be asserted by Plaintiff under the precise provisions of this statute.  See **Title 18 U.S.C. § 1030, subd. (g).**  However,

1    Plaintiff will still seek criminal prosecution under said statute, supra, and for violations of

2    other criminal laws.)

3

4    75.    By willfully and intentionally doing the aforesaid acts, defendant Lt.

5    HARRIS, et al., is also criminally responsible (a felony) and civilly liable to Plaintiff for a

6    **minimum statutory civil penalty** in the sum of **One Thousand Dollars ($1,000.00),**

7    plus **punitive damages**, for each violation or count under the federal ***Electronic***

8    ***Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored***
9

10   ***Communications Act*** at **Title 18 U.S.C. § 2701, subd. (a)(2)** (intentionally accessing

11   or exceeding authorization to access a facility (business entity), via a computer (via the

12   Internet) in interstate commerce, without a search warrant and without lawful

13   authorization, to obtain access to electronically stored communications or information,
14

15   including personal and confidential information involving or affecting interstate

16   commerce), as set forth in that statute, incorporated herein by reference.    Thus,

17   pursuant to **Section 2707, subds. (a)(2), (b)(1)(A) & (c)** (civil actions, civil penalty,

18   other damages), Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars**
19

20   **($1,000.00)** as a **statutory civil penalty** for each violation or count under said statute,

21   plus **punitive damages** of **Seventy Thousand Dollars ($7,000.00)**, or **seven times**

22   any general damages.

23   76.    By willfully and intentionally doing the aforesaid acts, defendant Lt.

24   HARRIS, et al., is also civilly liable and/or criminally responsible for each violation or
25

26   count under the federal ***Social Security Act*** at **Title 42 U.S.C. § 408, subd. (a)(8)**

27   (using the social security number (SSN) of any person in violation of the laws of the

28   United States, a felony), as set forth in that statute, incorporated herein by reference,

1  Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars**

2  **($10,000.00)** in general damages for each violation or count under said statute, plus

3
4  **punitive damages of Seventy Thousand Dollars ($70,000.00)** or **seven times** any

5  general damages.

6  **(Conspiracy Against Federal Civil Rights, or Criminal Conspiracy for Violation of**

7  **Criminal Laws of the United States; Criminal and Civil Liability)**

8  77.    The factual allegations set forth in paragraphs 58 through 76 inclusive are

9
10  incorporated herein by reference.

11  78.    By willfully, intentionally and conspiring to do the aforesaid criminal and

12  tortious acts in violation of the laws of the United States, defendant Lt. HARRIS, et al., is

13
14  **criminally responsible** and/or **civilly liable** to Plaintiff for each violation or count under

15  **Title 18 U.S.C. § 241 or § 371** (conspiracy against civil rights, or criminal conspiracy,

16  each a felony), by and for acting in concert with defendant Detective HUDSON, or with

17  two or more persons including herself, to violate **Title 42 U.S.C. §§ 408(a)(8) and**

18  **1681q** (each a felony); **Title 18 U.S.C. §§ 1030 (a)(2)(A) & (C)** (a felony); and **Title 18**

19
20  **U.S.C. § 2701(a)(2)** (a felony), all incorporated herein by reference.   Defendants owed

21  Plaintiff a legal duty to obey—but failed to comply—with the federal **FCRA** and other

22  federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other

23  statutory rights.  Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand**

24
25  **Dollars ($10,000.00)** in general damages for each violation or count under said

26  conspiracy statutes, plus **punitive damages** of **Seventy Thousand Dollars**

27  **($70,000.00)** or **seven times** any general damages.

28

79.    Plaintiff is entitled to assert a civil action (civil remedy) and seek monetary damages for violations of federal criminal laws committed against him by Lt. HARRIS, et al., pursuant to the **Restatement (Second) of Torts § 286** and *Wyandotte Co. v. United States,* 389 U.S. 191, 202, 88 S.Ct. 379, 386 (1967) (allowing civil actions for violations of federal criminal laws unless disallowed under particular federal statute).

**(Civil Conspiracy to Violate Civil Laws of the United States, et al.; Civil Liability)**

80.    The factual allegations set forth in paragraphs 58 through 79 inclusive are incorporated herein by reference.

81.    By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the United States, defendant Lt. HARRIS, et al., is also **civilly liable** to Plaintiff for *civil conspiracy* by and for acting in concert with defendant Detective HUDSON, or with two or more persons including herself, to violate **Title 15 U.S.C. §§ 1681b(a)(3), 1681b(f)(1) & (2), 1681e(a), 1681m(a)(1)-(2)-(3) and 1681q** (a felony), and **Title 18 U.S.C. § 2701(a)(2)** (a felony and a civil penalty), all incorporated herein by reference. Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

82.    By willfully and intentionally doing the aforesaid unlawful acts, defendant Lt. HARRIS, et al., is also civilly liable to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 19 and 19.4), as set forth in those statutes,

1  incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of

2  **One Thousand Dollars ($1,000.00)** in general damages for each violation or count

3
4  under **Section 12051, subd. (a)(3)(C)**, plus **punitive damages** of **Seven Thousand**

5  **Dollars ($7,000.00)**, or **seven times** any general damages, as permitted by **California**

6  **CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

7

8              **<u>SEPARATE THIRD CLAIM FOR RELIEF</u>**

9
10            **{STATUTORY DAMAGES (CIVIL PENALTIES)}**

11  **(Negligent Violation of Federal and State Laws; Breach of Ministerial Duty, et al.)**

12       **{Title 15 U.S.C. §§ 1681b(a)(3)(D), 1681b(f)(1) & (2), 1681e(a) and <u>1681o</u>;**
13              **Title 42 U.S.C. §§ 408(a)(8) and Title 42 U.S.C. § 1983, et al.}**

14         **(Negligence Per Se; Civil Liability for Negligent Noncompliance)**

15       **{<u>TRANS UNION</u>, <u>EQUIFAX</u> and <u>EXPERIAN</u> Credit Reporting Agencies}**

16                       **(COUNTS 7, 8 & 9)**
17
18       83.    The factual allegations set forth in paragraphs 1 through 30 inclusive are

19  incorporated herein by reference.

20       84.    <u>On information and belief</u>, **sometime between June 16 and August 17,**

21  **2004,** defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., negligently

22
23  requested, procured, **<u>obtained access to and data from</u>** Plaintiff's (combined) private

24  and confidential *creditor and credit information or data* on file with the **TRANS UNION,**

25  **EQUIFAX and EXPERIAN** Credit Reporting Agencies ("CRAs"), <u>without a search</u>

26  <u>warrant and without lawful authorization</u>, in consideration of Plaintiff's aforesaid CCW

27  Application on file with the Placer County Sheriff's Department, submitted to Lt.
28
    HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd.**

1  (a)(3)(C), incorporated herein by reference.  This factual allegation is evidenced by a

2  credit report inquiry made **sometime before August 17, 2004**, showing "PLACER

3

4  COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA    95603, telephone

5  number (916) 889-7088", as the location obtaining said credit report, as also alleged in

6  Plaintiff's *"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,* dated January 4, 2005,

7  supra, incorporated herein by reference as if set forth in full.

8
          85.    On information and belief, **California Penal Code § 12050 and § 12051,**
9
10  **subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory

11  authority to issue licenses to "carry concealed weapons" (CCWs) in the state of

12  California.

13
          86.    On information and belief, **California Penal Code § 12051, subd.**
14
15  **(a)(3)(C)** specifically states the (ministerial) requirement or scope of information

16  required for the standard CCW Application.  This statute clearly does not include private

17  and confidential *creditor and credit information or data* for such CCW Applications, or for

18  consideration and issuance of such licenses (CCWs).

19
          87.    On information and belief, defendant Lt. HARRIS is (or was) a career law
20
21  enforcement officer (lieutenant) then in charge—between June-August 2004—of the

22  CCW License unit and background investigation unit within the Placer County Sheriff's

23  Department.

24
          88.    Defendant Lt. HARRIS knew—or should have known—that she had no
25
26  lawful authority to require, request, obtain, procure or utilize any personal and

27  confidential *credit or creditor* information on or for Plaintiff's aforesaid CCW Application,

28

1  in excess of the information allowed under **California Penal Code § 12051, subd.**

2  **(a)(3)(C).**

3

4      89.    On information and belief, defendant Lt. HARRIS, et al., negligently and

5  recklessly violated the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. §§

6  **1681b, subds. (a)(3), (f)(1) & (2) and 1681e, subd. (a),** notwithstanding **Section 1681f**

7  (Disclosures to government agencies), which does not authorize access to and use of

8  *creditor or credit data* by defendants in conjunction with Plaintiff's aforesaid CCW

9

10  Application.

11      90.    Defendant Lt. HARRIS, et al., accomplished and committed the aforesaid

12  acts by unlawfully using the social security number (SSN) of Plaintiff (any person) in

13  violation of the laws of the United States, supra, which is itself a federal felony pursuant

14  to **Title 42 U.S.C. § 408, subd. (a)(8).**

15

16      91.    Defendant Lt. HARRIS, et al., owed a legal duty of care to Plaintiff under

17  federal law to comply with the federal *Fair Credit Reporting Act (FCRA)* and other

18  state and federal civil and criminal laws prohibiting the unlawful access and use of

19

20  *creditor or credit data*, reports, in conjunction with Plaintiff's aforesaid CCW Application.

21  Defendant Lt. HARRIS, et al., willfully neglected and failed to conform her conduct to

22  federal and state law, and thus breached said duty of care owed to Plaintiff.

23      92.    The aforesaid willful neglect and failure of Lt. HARRIS, et al. to conform

24  her conduct to federal and state law was the direct and proximate cause (causation) of

25  said violations under the aforesaid state and federal civil and criminal laws, supra,

26

27  resulting in the aforesaid breach of duty of care owed to Plaintiff.

28

93.    As a direct and natural consequence of aforesaid willful neglect and failure of Lt. HARRIS, et al. to comply with federal and state laws, supra, Plaintiff's constitutional right to privacy and other statutory rights under the federal *Fair Credit Reporting Act (FCRA)* and other state and federal civil and criminal laws were violated, and Plaintiff was damaged by such negligent breach or violations.

**(Civil Liability for Statutory Violations, "Negligence Per Se")**

94.    The factual allegations set forth in paragraphs 83 through 93 inclusive are incorporated herein by reference.

.    95.    By negligently and recklessly doing the aforesaid unlawful acts, including breach of said legal ministerial duty and hence duty of care owed to Plaintiff under federal and state laws, supra, defendant Lt. HARRIS, et al., is "negligence per se" <u>as a matter of law</u> and civilly liable to Plaintiff for each breach, violation or count pursuant to **Title 15 U.S.C. §§ 1681b, subds. (a)(3), (f)(1) & (2) and 1681e, subd. (a); § 1681o(a)(1)** (Civil liability for negligent noncompliance; negligence per se[5]), as further set forth in that statute, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** as a civil penalty (or general damages) for each negligent breach, violation or count under **Title 15 U.S.C § 1681o(a)(1)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages.

96.    By negligently and recklessly doing the aforesaid unlawful acts, including breach of said legal ministerial duty and hence duty of care owed to Plaintiff under federal and state laws, supra, defendant Lt. HARRIS, et al., is also civilly liable to

---

[5] "Negligence per se" for violation of public laws designed to protect Plaintiff.

**First Amended Verified COMPLAINT**
**(Case No. 2:05-CV-01806-LKK-DAD)**                    33

Plaintiff and/or criminally responsible for each violation or count under the federal *Social Security Act* at **Title 42 U.S.C. § 408, subd. (a)(8)** (using the social security number (SSN) of any person in violation of the laws of the United States, a felony). Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in general damages for each negligent breach, violation or count under said statute, plus **punitive damages** of **Seventy Thousand Dollars ($70,000.00)** or **seven times** any general damages.

97.    Plaintiff is also entitled to assert a civil action (civil remedy) and seek monetary damages for violations of federal criminal laws committed against him by Lt. HARRIS, et al., pursuant to the **Restatement (Second) of Torts § 286** and *Wyandotte Co. v. United States,* 389 U.S. 191, 202, 88 S.Ct. 379, 386 (1967) (allowing civil actions for violations of federal criminal laws unless disallowed under particular federal statute).

98.    By negligently and recklessly doing the aforesaid unlawful acts, including breach of said legal ministerial duty and hence duty of care owed to Plaintiff under state and federal civil and criminal laws, supra, defendant Lt. HARRIS, et al., is also civilly liable to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 19 and 19.4). Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each negligent breach, violation or count under said statute, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00),** or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

## SEPARATE FOURTH CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

### (Statutory Damages under California Law)

### (Knowingly and Willfully Obtaining Access to CRA Files; Civil Conspiracy for Statutory Violations)

### {Civil Code §§ 1785.11(a)(3); § 1785.19, subds. (a)(1) & (b)}

### {TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}

### (COUNTS 10, 11 & 12)

99.    The factual allegations set forth in paragraphs 1 through 30 inclusive are incorporated herein by reference.

100.    On information and belief, sometime between June 16 and August 17, 2004, defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., knowingly and willfully (intentionally) requested, procured, and obtained access to Plaintiff's (combined) private and confidential *creditor and credit information or data* on file with the TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies ("CRAs"), without a search warrant and without lawful authorization, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to California Penal Code § 12050 and § 12051, subd. (a)(3)(C), incorporated herein by reference. This factual allegation is evidenced by a credit report inquiry made sometime before August 17, 2004, showing "PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA    95603, telephone number (916) 889-7088", as the location obtaining said credit report, as also alleged in Plaintiff's *"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,* dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

101.   On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

102.   On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (ministerial) requirement or scope of information required for the standard CCW Application.  This statute clearly does not include private and confidential *creditor and credit information or data* for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

103.   On information and belief, defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then in charge—between June-August 2004—of the CCW License unit and background investigation unit within the Placer County Sheriff's Department.

104.   Defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any personal and confidential *creditor and credit information or data* on or for Plaintiff's aforesaid CCW Application, in excess of the information allowed under **California Penal Code § 12051, subd. (a)(3)(C).**

105.   On information and belief, defendant Lt. HARRIS, et al., violated, and conspired to violate, the California ***Consumer Credit Agencies Reporting Act (CCARA)*** at **California Civil Code § 1785.11, subd. (a)(3),** knowingly and willfully (intentionally) **obtaining access to** Plaintiff's aforesaid personal and confidential *creditor and credit information or data **under false pretenses,*** with a subscriber (or

user) telephone line or computer (via the Internet), notwithstanding **Section 1785.12** (Report to governmental agencies), which does not authorize access to and use of *creditor or credit data* by defendants in conjunction with Plaintiff's aforesaid CCW Application.

106.    The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by defendant Lt. HARRIS, et al., into a computer (via the Internet), *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA to grant access to and provide Plaintiff's personal and confidential *creditor and credit information or data* as sought and utilized by defendant Lt. HARRIS, et al.

107.    Defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with defendant Detective HUDSON, or with two or more persons including herself. Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the California **CCARA** and other federal and state laws, supra, and to not violate Plaintiff's statutory rights.

**(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

108.    The factual allegations set forth in paragraphs 99 through 107 inclusive are incorporated herein by reference.

109.    By willfully and intentionally doing the aforesaid acts, defendant Lt. HARRIS, et al., is civilly liable to Plaintiff for a **statutory civil penalty** in the sum of **Two Thousand, Five Hundred Dollars ($2,500.00),** plus **punitive damages,** for each

violation or count pursuant to the California **Consumer Credit Agencies Reporting Act (CCARA)** at Civil Code § 1785.11, subd. (a)(3); § 1785.19, <u>subds. (a)(1) & (b)</u> (issuance of [consumer credit] reports not initiated by consumer; knowingly, willingly and unlawfully <u>**obtaining access to**</u> personal and confidential *creditor and credit information or data*), as set forth in that statute, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **Two Thousand, Five Hundred Dollars ($2,500.00)** as a **statutory civil penalty** for each violation or count under **Civil Code § 1785.19, <u>subds. (a)(1) & (b)</u>**, plus **punitive damages** of **Seventeen Thousand, Five Hundred Dollars ($17,500.00)**, or **seven times** any general damages.

### (Civil Conspiracy for Statutory Violations; Punitive Damages)

110.    The factual allegations set forth in paragraphs 99 through 109 inclusive are incorporated herein by reference.

111.    By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the state of California, defendant Lt. HARRIS, et al., is also **civilly liable** to Plaintiff for *civil conspiracy* by and for acting in concert with defendant Detective HUDSON, or with two or more persons including herself, to violate the California **CCARA**. Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the **CCARA** and other federal and state laws, supra, and to not violate Plaintiff's statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

112.    By willfully and intentionally doing the aforesaid unlawful acts, defendant Lt. HARRIS, et al., is also civilly liable to Plaintiff and/or criminally responsible for each

violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 19 and 19.4). Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under said statute, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

## SEPARATE FIFTH CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

**(Statutory Damages under California Law)**

**(Knowingly and Willfully Obtaining Data from CRA Files)**

**{Civil Code §§ 1785.11(a)(3); § 1785.19, subds. (a)(2) & (b)}**

**{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

**(COUNTS 13, 14 & 15)**

113.    The factual allegations set forth in paragraphs 1 through 30 inclusive are incorporated herein by reference.

114.    On information and belief, **sometime between June 16 and August 17, 2004,** defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., knowingly and willfully (intentionally) requested, procured, and **obtained data from** Plaintiff's (combined) private and confidential *creditor and credit information or data* on file with the **TRANS UNION, EQUIFAX and EXPERIAN** Credit Reporting Agencies ("CRAs"), without a search warrant and without lawful authorization, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department,

submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference. This factual allegation is evidenced by a credit report inquiry made **sometime before August 17, 2004,** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA   95603, telephone number (916) 889-7088",** as the location obtaining said credit report, as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

115. On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

116. On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not include private and confidential *creditor and credit information or data* for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

117. On information and belief, defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then in charge—between June-August 2004—of the CCW License unit and background investigation unit within the Placer County Sheriff's Department.

118. Defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any personal and confidential *creditor and credit information or data* on or for Plaintiff's aforesaid CCW

Application, in excess of the information allowed under **California Penal Code § 12051, subd. (a)(3)(C).**

119.  On information and belief, defendant Lt. HARRIS, et al., violated, and conspired to violate, the California **Consumer Credit Agencies Reporting Act (CCARA)** at **California Civil Code § 1785.11, subd. (a)(3),** knowingly and willfully (intentionally) **obtaining data from** Plaintiff's aforesaid personal and confidential creditor and credit information or data **under false pretenses,** with a subscriber (or user) telephone line or computer (via the Internet), notwithstanding **Section 1785.12** (Report to governmental agencies), which does not authorize access to and use of creditor or credit data by defendants in conjunction with Plaintiff's aforesaid CCW Application.

120.  The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by defendant Lt. HARRIS, et al., into a computer (via the Internet), falsely indicating that Plaintiff was applying for employment (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA to grant access to and provide Plaintiff's personal and confidential creditor and credit information or data as sought and utilized by defendant Lt. HARRIS, et al.

121.  Defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with defendant Detective HUDSON, or with two or more persons including herself.  Defendants owed Plaintiff a

1  legal duty to obey---but failed to comply with---the California **CCARA** and other federal

2  and state laws, supra, and to not violate Plaintiff's statutory rights.

3

4  **(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

5  122.  The factual allegations set forth in paragraphs 113 through 121 inclusive

6  are incorporated herein by reference.

7  123.  By willfully and intentionally doing the aforesaid acts, defendant Lt.

8  HARRIS, et al., is civilly liable to Plaintiff for a **statutory civil penalty** in the sum of **Two**

9

10  **Thousand, Five Hundred Dollars ($2,500.00)**, plus **punitive damages**, for each

11  violation or count pursuant to the California **Consumer Credit Agencies Reporting**

12  **Act (CCARA)** at Civil Code § 1785.11, subd. (a)(3); § 1785.19, <u>subds. (a)(2) & (b)</u>

13

14  (issuance of [consumer credit] reports not initiated by consumer; knowingly, willingly

15  and unlawfully <u>**obtaining data from**</u> personal and confidential *creditor and credit*

16  *information or data*), as set forth in that statute, incorporated herein by reference.  Thus,

17  Plaintiff hereby asserts and claims the sum of **Two Thousand, Five Hundred Dollars**

18  **($2,500.00)** as a **statutory civil penalty** for each violation or count under **Civil Code §**

19  **1785.19, <u>subds. (a)(2) & (b)</u>**, plus **punitive damages** of **Seventeen Thousand, Five**

20

21  **Hundred Dollars ($17,500.00),** or **seven times** any civil penalties or general damages.

22  **(Civil Conspiracy for Statutory Violations; Punitive Damages)**

23  124.  The factual allegations set forth in paragraphs 113 through 123 inclusive

24  are incorporated herein by reference.

25

26  125.  By willfully and intentionally conspiring to do the aforesaid civil violations

27  and tortious acts in violation of the laws of the state of California, defendant Lt. HARRIS,

28  et al., is also **civilly liable** to Plaintiff for *civil conspiracy* by and for acting in concert

with defendant Detective HUDSON, or with two or more persons including herself, to violate the California **CCARA**. Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the **CCARA** and other federal and state laws, supra, and to not violate Plaintiff's statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

126.   By willfully and intentionally doing the aforesaid unlawful acts, defendant Lt. HARRIS, et al., is also civilly liable to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 19 and 19.4). Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under said statute, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00),** or **seven times** any civil penalties or general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

///

///

///

///

///

///

///

///

## SEPARATE SIXTH CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

#### (Statutory Damages under California Law)

#### (Knowingly and Willfully Using Data Received from CRA Files)

#### {Civil Code §§ 1785.11(a)(3); § 1785.19, subds. (a)(3) & (b)}

#### {TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}

#### (COUNTS 16, 17 & 18)

127.   The factual allegations set forth in paragraphs 1 through 30 inclusive are incorporated herein by reference.

128.   On information and belief, **sometime between June 16 and August 17, 2004,** defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., knowingly and willfully (intentionally) requested, procured, and **using data received from** Plaintiff's (combined) private and confidential *creditor and credit information or data* on file with the **TRANS UNION, EQUIFAX and EXPERIAN** Credit Reporting Agencies ("CRAs"), without a search warrant and without lawful authorization, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.  This factual allegation is evidenced by a credit report inquiry made **sometime before August 17, 2004,** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA    95603, telephone number (916) 889-7088",** as the location obtaining said credit report, as also alleged in Plaintiff's *"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,* dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

129.   On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

130.   On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not include private and confidential *creditor and credit information or data* for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

131.   On information and belief, defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then in charge—between June-August 2004—of the CCW License unit and background investigation unit within the Placer County Sheriff's Department.

132.   Defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any personal and confidential *creditor and credit information or data* on or for Plaintiff's aforesaid CCW Application, in excess of the information allowed under **California Penal Code § 12051, subd. (a)(3)(C).**

133.   On information and belief, defendant Lt. HARRIS, et al., violated, and conspired to violate, the California ***Consumer Credit Agencies Reporting Act (CCARA)* at California Civil Code § 1785.11, subd. (a)(3),** knowingly and willfully (intentionally) **using data received from** Plaintiff's aforesaid personal and confidential *creditor and credit information or data **under false pretenses,*** with a subscriber (or

1   user) telephone line or computer (via the Internet), notwithstanding **Section 1785.12**

2   (Report to governmental agencies), which does not authorize access to and use of

3
4   *creditor or credit data* by defendants in conjunction with Plaintiff's aforesaid CCW

5   Application.

6       134.   The false pretenses and/or fraudulent conduct referred to in the foregoing

7   paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s)

8
9   intentionally requested, ordered, provided or entered by defendant Lt. HARRIS, et al.,

10  into a computer (via the Internet), *falsely indicating that Plaintiff was applying for*

11  *employment* (or other false or improper reason) with the COUNTY OF PLACER, et al.,

12  in order for the CRA to grant access to and provide Plaintiff's personal and confidential

13
14  *creditor and credit information or data* as sought and utilized by defendant Lt. HARRIS,

15  et al.

16      135.   Defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful

17  acts by deliberately and willfully (intentionally) acting in concert with defendant Detective

18  HUDSON, or with two or more persons including herself.  Defendants owed Plaintiff a

19
20  legal duty to obey—but failed to comply with—the California **CCARA** and other federal

21  and state laws, supra, and to not violate Plaintiff's statutory rights.

22          **(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

23      136.   The factual allegations set forth in paragraphs 127 through 135 inclusive

24  are incorporated herein by reference.

25
26      137.   By willfully and intentionally doing the aforesaid acts, defendant Lt.

27  HARRIS, et al., is civilly liable to Plaintiff for a **statutory civil penalty** in the sum of **Two**

28  **Thousand, Five Hundred Dollars ($2,500.00),** plus **punitive damages,** for each

violation or count pursuant to the California **Consumer Credit Agencies Reporting Act (CCARA)** at Civil Code § 1785.11, subd. (a)(3); § 1785.19, <u>**subds. (a)(3) & (b)**</u> (issuance of [consumer credit] reports not initiated by consumer; knowingly, willingly and unlawfully <u>**using data received from**</u> the personal and confidential *creditor and credit information or data*), as set forth in that statute, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **Two Thousand, Five Hundred Dollars ($2,500.00)** as a **statutory civil penalty** for each violation or count under **Civil Code § 1785.19, <u>subds. (a)(3) & (b)</u>,** plus **punitive damages** of **Seventeen Thousand, Five Hundred Dollars ($17,500.00),** or **seven times** any civil penalties or general damages.

### (Civil Conspiracy for Statutory Violations; Punitive Damages)

138.    The factual allegations set forth in paragraphs 127 through 137 inclusive are incorporated herein by reference.

139.    By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the state of California, defendant Lt. HARRIS, et al., is also **civilly liable** to Plaintiff for *civil conspiracy* by and for acting in concert with defendant Detective HUDSON, or with two or more persons including herself, to violate the California **CCARA.** Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the **CCARA** and other federal and state laws, supra, and to not violate Plaintiff's statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

140.    By willfully and intentionally doing the aforesaid unlawful acts, defendant Lt. HARRIS, et al., is also civilly liable to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 19 and 19.4).  Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under said statute, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00),** or **seven times** any civil penalties or general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

### SEPARATE SEVENTH CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

**(Additional Civil Liability for Willful or Negligent Violations)**

**{California Civil Code §§ 1785.20(a)(1-4); 1785.31(a)(1) or (b)(A-C) and (c), et al.}**

**(Failure of "User" (Defendants) to Comply with
Statutory Notification Requirements Regarding Adverse Action)**

**{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

**(COUNTS 19, 20 & 21)**

141.    The factual allegations set forth in paragraphs 1 through 30 inclusive are incorporated herein by reference.

142.    On information and belief, **sometime between June 16 and August 17, 2004,** defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., knowingly and willfully (intentionally) requested, procured, and **adversely used information—in whole or in part—obtained** or received from Plaintiff's (combined) private and

confidential *consumer creditor and credit information or data* on file with the **TRANS UNION, EQUIFAX and EXPERIAN** Credit Reporting Agencies ("CRAs"), without a search warrant and without lawful authorization, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference. This factual allegation is evidenced by a credit report inquiry made **sometime before August 17, 2004,** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA   95603, telephone number (916) 889-7088",** as the location obtaining said credit report, as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

143.   On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

144.   On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not include private and confidential *creditor and credit information or data* for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

145.   On information and belief, defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then in charge—between June-August 2004—of the

CCW License unit <u>and</u> background investigation unit within the Placer County Sheriff's Department.

146.    Defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any personal and confidential *creditor and credit information or data* on or for Plaintiff's aforesaid CCW Application, <u>in excess of</u> the information allowed under **California Penal Code § 12051, subd. (a)(3)(C).**

147.    <u>On information and belief,</u> defendant Lt. HARRIS, et al., violated, <u>and conspired to violate,</u> the California ***Consumer Credit Agencies Reporting Act (CCARA)*** at **California Civil Code §§ 1785.20, subd. (a)(1-4),** by **<u>adversely using information—in whole or in part</u>—obtained or received from** Plaintiff's aforesaid personal and confidential *creditor and credit information or data* **<u>under false pretenses</u>,** with a subscriber (or user) telephone line or computer (via the Internet), notwithstanding **Section 1785.12** (Report to governmental agencies), which does not authorize access to and use of *creditor or credit data* by defendants in conjunction with Plaintiff's aforesaid CCW Application.

148.    The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by defendant Lt. HARRIS, et al., into a computer (via the Internet), *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA to grant access to and provide Plaintiff's personal and confidential

1  *creditor and credit information or data* as sought and utilized by defendant Lt. HARRIS,

2  et al.

3

4  149.   Defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful

5  acts by deliberately and willfully (intentionally) acting in concert with defendant Detective

6  HUDSON, or with two or more persons including herself.  Defendants owed Plaintiff a

7  legal duty to obey—but failed to comply with—the California **CCARA** and other federal

8  and state laws, supra, and to not violate Plaintiff's statutory rights.

9

10  **(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

11  150.   The factual allegations set forth in paragraphs 141 through 149 inclusive

12  are incorporated herein by reference.

13  151.   In the alternative, Plaintiff requests that judgment be entered against

14

15  defendants under this **Separate Seventh Claim for Relief (Counts 19, 20 & 21)** for the

16  same or similar federal statutory violations as stated in his **Separate Second Claim for**

17  **Relief (Counts 4, 5 & 6)**, at paragraphs 58 through 82 inclusive, in accordance with

18  **California Civil Code § 1785.34, subds. (a) & (b).**  In such event, Plaintiff will request

19  or stipulate to dismissal of the **Separate Second Claim for Relief (Counts 4, 5 & 6)**,

20

21  supra.

22  152.   By willfully and intentionally, or negligently, doing the aforesaid acts,

23  defendant Lt. HARRIS, et al., is civilly liable to Plaintiff for a **statutory civil penalty** in

24  the sum of **Five Thousand Dollars ($5,000.00)**, plus **punitive damages**, for each

25

26  violation or count pursuant to **Consumer Credit Agencies Reporting Act (CCARA)** at

27  **California Civil Code §§ 1785.20, subd. (a)(1-4); 1785.31, subds. (a)(1) or (b)(A-C)**

28  **and (c)**, as set forth in those statutes, incorporated herein by reference.  Thus, Plaintiff

hereby asserts and claims the sum of **Five Thousand Dollars ($5,000.00) (and in no case less than $2,500.00)** as a **statutory civil penalty** for each violation or count under **Consumer Credit Agencies Reporting Act (CCARA)** at Civil Code § 1785.31, **subds. (a)(1) or (b)(A-C) and (c),** plus **punitive damages** of **Thirty-Five Thousand Dollars ($35,000.00),** or **seven times** any civil penalties or general damages.

### (Civil Conspiracy for Statutory Violations; Punitive Damages)

153.   The factual allegations set forth in paragraphs 141 through 152 inclusive are incorporated herein by reference.

154.   By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the state of California, defendant Lt. HARRIS, et al., is also **civilly liable** to Plaintiff for **civil conspiracy** by and for acting in concert with defendant Detective HUDSON, or with two or more persons including herself, to violate the California **CCARA.** Defendants owed Plaintiff a legal duty to obey—but failed to comply with—the **CCARA** and other federal and state laws, supra, and to not violate Plaintiff's statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for **civil conspiracy,** or **seven times** any civil penalties or general damages.

155.   By willfully and intentionally doing the aforesaid unlawful acts, defendant Lt. HARRIS, et al., is also civilly liable to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 19 and 19.4), as set forth in those statutes, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count

under **Section 12051, subd. (a)(3)(C)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved)**.

## SEPARATE EIGHTH CLAIM FOR RELIEF

**(Tort Law: Invasion of Privacy, "Unreasonably Intrusive Investigation" and/or "Intrusion Upon Seclusion", Restatement 2d of Torts, Appendix § 652B (1977) )**

**(Intentional Tort: Violation of Federal and State Laws; Common Law)**

**{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

**(COUNT 22)**

156.   The factual allegations set forth in paragraphs 1 through 155 inclusive are incorporated herein by reference.

157.   <u>On information and belief</u>, **sometime between June 16 and August 17, 2004,** defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., knowingly and willfully (intentionally) requested, procured, **obtained access to, obtained data from, and utilized data received from** Plaintiff's (combined) private and confidential *creditor and credit information or data* on file with the **TRANS UNION, EQUIFAX and EXPERIAN** Credit Reporting Agencies ("CRAs"), <u>without a search warrant and without lawful authorization</u>, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department, submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.   This factual allegation is evidenced by a credit report inquiry made **sometime before August 17, 2004,** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA  95603, telephone number (916) 889-7088",** as the

location obtaining said credit report, as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

158.   On information and belief, defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., violated the restrictions of **Title 15 U.S.C. §§ 1681b(a)(3), 1681f(1) & (2) and § 1681q** (federal *FCRA* civil and criminal violations, under false pretenses), and **Title 18 U.S.C. §§ 1030(a)(2)(A)** (federal *CFAA* criminal violations), and **Title 18 U.S.C. § 2701(a)(2)** (federal *ECPA* criminal violations; civil action), by way of violation of **California Penal Code § 12051, subd. (a)(3)(C),** all incorporated herein by reference.

159.   On information and belief, defendant Sheriff's Lt. VALERIE HARRIS ("Lt. HARRIS"), et al., also violated Plaintiff's statutory (id.) and constitutional right to privacy, solitude and seclusion as protected under the **NINTH AMENDMENT to the U.S. Constitution and ARTICLE 1, Section 1 of the California Constitution,** both incorporated herein by reference, by knowingly and willfully (intentionally) searching, intruding, requiring, requesting, procuring, **obtaining access to, obtaining data from, and using data received from** Plaintiff's (combined) private and confidential consumer credit report(s), and other unauthorized information or criteria, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Department.    **Such unlawful and tortious conduct was highly intrusive and offensive to Plaintiff and his privacy interests and reasonable expectation of privacy.**

160.   Plaintiff had a reasonable expectation of privacy and private property interest (as a sub-tenant at the subject property), as protected by federal and state law,

supra, but defendants nevertheless knowingly and intentionally violated the law and Plaintiff's legal rights.

### (Civil Liability; General or Punitive Damages))

161.    The factual allegations set forth in paragraphs 156 through 160 inclusive are incorporated herein by reference.

162.    For this separate violation or tort, Plaintiff hereby claims and demands an additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive Damages against defendants under applicable federal and state law, the common law, as well as **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

### SEPARATE NINTH CLAIM FOR RELIEF

**(Unreasonable Search; Violation of Fourth Amendment to the United States Constitution and California Constitution, Article 1 § 13, Without Search Warrant, and/or Civil and Criminal Trespass onto Privately Leased & Fenced Land)**

**(Intentional Tort:  Violation of Federal and State Laws; Common Law)**

**{Constitutional, Civil and/or Common Law Tort; California Penal Code § 602(k) and/or § 602(m), and Penal Code § 9}**

**(COUNT 23)**

163.    The factual allegations set forth in paragraphs 1 through 162 inclusive are incorporated herein by reference.

164.    **On or about July 9 or 10, 2004,** defendant Detective HUDSON, et al., without a search warrant and without lawful authorization, and at the direction of defendant Lt. HARRIS, wrongfully, willfully and intentionally **trespassed** over or through

1  the "fenced" and "locked gate" onto the private real property occupied by Plaintiff (a

2  subtenant).

3

4      165.    After gaining entry, Detective HUDSON traversed several hundred yards

5  from the locked gate and within the "curtilage" of a private residence located at 4868 Val

6  Verde Road, Loomis, California, to search for Plaintiff (while he was in the bathroom

7  shower). Plaintiff was shocked, outraged and emotionally upset about this and other

8  violations of Plaintiff's constitutional and statutory rights under both federal and state

9

10 laws, including but not limited to Plaintiff's **federal (Fourth Amendment) and**

11 **California (Article 1 § 13) constitutional right** to be free from unlawful or

12 unreasonable searches, <u>and</u> be free from violation of the civil or common law of

13 trespassing, <u>and</u> **California Penal Code § 602(k)** (criminal trespassing, fenced

14 property) and/or **Penal Code § 602(m)** (criminal trespassing, driving any vehicle onto

15

16 real property...).

17      166.    Plaintiff had a "reasonable expectation of privacy" as protected by federal

18 and state law, but defendants Lt. HARRIS and Detective HUDSON nevertheless

19 knowingly and intentionally violated the law and Plaintiff's legal right to privacy and to be

20

21 free from unlawful or unreasonable searches.

22      **(Civil Liability and/or Criminal Penalties; Punitive Damages)**

23      167.    The factual allegations set forth in paragraphs 163 through 166 inclusive

24 are incorporated herein by reference.

25

26      168.    For this separate violation or tort, Plaintiff hereby claims and demands an

27 additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive

28 Damages against defendants under applicable federal and state law, the common law,

under applicable federal and state law, the common law, as well as **California CCP §**
**338(a) and Penal Code § 9 (Civil remedies preserved).**

### SEPARATE TENTH CLAIM FOR RELIEF

**(Tort Law:  Intentional or Negligent Infliction of Severe Emotional Distress and**
**Mental Suffering; Violation of Federal and State Laws, Negligence Per Se)**

**(Intentional or Negligent Tort; Common Law)**

**(COUNT 24)**

169.    The factual allegations set forth in paragraphs 1 through 168 inclusive are
incorporated herein by reference.

170.    **On or about July 13, 2004, and thereafter,** defendants Lt. HARRIS and
Detective HUDSON, et al., without a search warrant and without lawful authorization,
intentionally, or negligently and recklessly, caused and inflicted severe emotional
distress and mental suffering upon Plaintiff's person by violating his statutory and
constitutional privacy rights and interests, including but not limited to numerous
violations of Plaintiff's constitutional rights and statutory rights under the federal **Fair**
**Credit Reporting Act (FCRA)** and California **Consumer Credit Agencies Reporting**
**Act (CCARA),** as previously alleged in **COUNTS 1 through 23,** incorporated herein by
reference.

171.    As a direct and proximate (legal) cause, Plaintiff has consequentially
suffered humiliation, insult, indignity, worry, stress, anxiety, mental pain and loss of
sleep in having to cope and deal with the unlawful actions and conduct of Lt. HARRIS,
et al., in violation of numerous federal and state laws, supra and infra, including various

criminal acts and civil or common law torts directed at and committed against Plaintiff, as previously alleged in **COUNTS 1 through 23**, incorporated herein by reference.

### (Civil Liability; Punitive Damages)

172.   The factual allegations set forth in paragraphs 169 through 171 inclusive are incorporated herein by reference.

173.   For this separate violation or tort, Plaintiff hereby claims and demands an additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive Damages against defendants under applicable federal and state law, the common law, under applicable federal and state law, the common law, as well as **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

## SEPARATE ELEVENTH CLAIM FOR RELIEF

**(Willfully Failing or Refusing to Perform Legal Duty; Obstruction of Justice; Failure to Adequately Supervise and Train Subordinates; Deliberate Indifference, Acquiesce, Approval and Ratification of Unlawful Conduct)**

**(Federal Civil Rights Violations; State Law Violations; Civil Liability)**

**{Title 42 U.S.C. §§ 1983; 1985, subds. (2) & (3); § 1986, § 1988(a); California Government Code § 1222; California Penal Code §§ 9, 142 and 661, et al.}**

### (COUNT 25)

174.   The factual allegations set forth in paragraphs 1 through 173 inclusive are incorporated herein by reference.

175.   **On or about September 9, 2004,** Plaintiff wrote and mailed a formal complaint letter to defendant Sheriff EDWARD N. BONNER ("Sheriff BONNER"), the chief law enforcement official and policymaker in and for the Placer County Sheriff's Department and COUNTY OF PLACER.   The letter was entitled, **"Internal Affairs**

1  **Complaint and Criminal Complaint",** incorporated herein by reference. Sheriff
2  BONNER displayed "deliberate indifference" by willfully and intentionally ignoring
3
4  Plaintiff's internal affairs and criminal complaints against his subordinate officers for
5  various criminal and tortious acts committed by them against Plaintiff.

6      176. On information and belief, defendants Sheriff BONNER and Undersheriff
7  D'ARCY, jointly and severally, willfully failed or refused to investigate or take any legal
8
9  or disciplinary action known to Plaintiff, and thereby obstructed justice and the due
10  administration of the laws, and equal protection of the law, in violation of and in
11  detriment to Plaintiff's constitutional, civil and statutory rights.

12      177. On information and belief, defendants Sheriff BONNER and Undersheriff
13  D'ARCY, jointly and severally, failed to adequately supervise and train their
14
15  subordinates about the state of California CCW Application requirements and limitations
16  under Penal Code § **12051, subd. (a)(3)(C),** incorporated herein by reference.

17      178. On information and belief, instead of terminating or otherwise disciplining
18  defendants Lt. HARRIS and/or Detective HUDSON for their crimes and other unlawful
19
20  acts against Plaintiff, defendants Sheriff BONNER and Undersheriff D'ARCY displayed
21  "deliberate indifference" to Plaintiff by acquiescing, approving, adopting and ratifying the
22  improper and unlawful acts of defendants Lt. HARRIS and Detective HUDSON, supra.

23      179. On information and belief, defendants Sheriff BONNER and Undersheriff
24  D'ARCY also later recommended Lt. HARRIS to the position of Captain (or Chief of
25
26  Police) with the Auburn Police Department, City of Auburn, California.

27      180. On information and belief, defendants willfully violated, and conspired to
28  violate, numerous state and federal laws, including but not limited to, **California**

**Government Code § 1222** (Willful omission to perform duty, a misdemeanor); **California Penal Code § 142** (Refusing to receive or arrest person charged [accused] with crime, a felony); **Penal Code § 182, subds. (a)(1) & (5)** (Conspiracy; Obstruction of justice), **Penal Code § 661** (Removal from office for violation or neglect of official duty by public officers, a misdemeanor); violation of **Title 15 U.S.C. §§ 1681b(a)(3), 1681b(f), 1681e(a), 1681m(a)(1)-(2)-(3) & 1681q** (federal *FCRA* civil and criminal violations); **Title 18 U.S.C. § 1030(a)(2)(A)&(C)** (federal *CFAA* criminal violations, a felony), and **Title 18 U.S.C. § 2701(a)(2)** (federal *ECPA* civil and criminal violations, a felony), and **Title 18 U.S.C. § 4** (Misprision of felony, a felony), **§ 241** (Conspiracy against civil rights, a felony) and/or **§ 371** (Criminal conspiracy, a felony); *as well as* **Title 42 U.S.C. §§ 408(a)(8)** (Social Security Act SSN violation, a felony), *viz-a-via the foregoing federal laws of the United States,* _and_ **Title 42 U.S.C. § 1983** (Civil action for deprivation of rights); **§ 1985, subds. (2) & (3)** (Conspiracy to interfere with civil rights; Obstructing justice; Depriving persons of rights or privileges, equal protection of the laws); and **§ 1986** (Action for neglect to prevent; failure to adequately supervise and train subordinates), all incorporated herein by reference.

181.   On information and belief, defendants, and each of them, committed malfeasance and/or nonfeasance of office or their official duty, including the legal duty to comply with all state and federal laws, previously set forth hereabove and incorporated herein by reference.

182.   On information and belief, based upon statements made to Plaintiff by defendants Lt. HARRIS and Detective HUDSON during an interview at the Placer County Sheriff's Department **on or about July 13, 2004,** Plaintiff believes and contends

that similar violations of federal and state law *may have* occurred, and may continue to occur, against other citizens in Placer County. This issue will be resolved during formal discovery. (If necessary, a separate complaint may be filed with the **Federal Trade Commission (FTC)** pursuant to Title 15 U.S.C. § 1681s.)

**(Civil Liability and/or Criminal Penalties; Punitive Damages; Penal Code § 9)**

183. The factual allegations set forth in paragraphs 174 through 182 inclusive are incorporated herein by reference.

184. For these related but separate violations of state and federal law as previously stated hereabove, Plaintiff hereby claims and demands an additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive Damages against Sheriff BONNER, Undersheriff D'ARCY, and the COUNTY OF PLACER, et al., under applicable <u>federal case law</u>.

## SEPARATE TWELFTH CLAIM FOR RELIEF

**(Failure to Perform Ministerial/Legal Duty; Forfeiture or Removal of Lt. Valerie Harris, Detective James (Jim) Hudson, Sheriff Edward N. Bonner, and Undersheriff Stephen L. D'Arcy from Public Office/Public Employment for Malfeasance and/or Nonfeasance of Office or Official Duty)**

**(Willful Neglect and Willful Violation of Federal and State Laws)**

**{Leave of Court to file future Separate Verified Complaint; Proceedings in the Nature of *Quo Warranto*, CCP §§ 803, 807 & 809 Title 11, California Code of Regulations; *or* Removal Proceedings per California Penal Code §§ 9 & 10, et al.}**

**(COUNT 26)**

185. The factual allegations set forth in paragraphs 1 through 184 inclusive are incorporated herein by reference.

186. All defendants, and each of them, violated numerous state and federal laws, and thereby failed to perform their sworn duty to uphold the laws and Constitutions of the United States and state of California as required their oaths of office (California Constitution, Article IV § 13 <u>and</u> California Government Code § 1360, both incorporated herein by reference).

187. Following discovery in this instant action, Plaintiff may seek related criminal charges and/or bifurcation of this Verified Complaint for a separate trial (if required by law), *OR* seek leave of court to prepare a separate Verified Complaint for the California Attorney General under proceedings in the nature of *Quo Warranto*, pursuant to **CCP §§ 803, 807 & 809** and **Title 11 of the California Code or Regulations (CCR),** for the defendants' usurpation of public office/public employment by committing unlawful acts, and for failing to act, as required by state and federal laws, supra, incorporated herein by reference; *OR* otherwise press forfeiture or removal from public office/public employment proceedings pursuant to **California Penal Code §§ 9 & 10,** et al., as permitted by law. (Per case law, there is no civil statute of limitations for such removal proceedings from public office/public employment.)

**(Forfeiture or Removal from Public Office/Public Employment: Civil Liability and/or Criminal Penalties under Government Code §§ 1222, 1021-1022, 1770(h), 1770.1)**

188. The factual allegations set forth in paragraphs 185 through 187 inclusive are incorporated herein by reference.

189. In committing the aforesaid violations of law and/or willfully neglecting or refusing to act as required by law, the defendants, and each of them, violated **California Government Code § 1222** (Willful omission to perform duty, a

1  misdemeanor) and other state and federal laws, supra, incorporated herein by

2  reference. Therefore, if found guilty *or* liable, each defendant should be held civilly

3  liable and later be removed from <u>any and all</u> public office/public employment, as

4

5  provided by **Government Code §§ 1021-1022, 1770(h), 1770.1 and/or § 3000**, or

6  **Penal Code §§ 9 and 10, et al.**, for the following civil and criminal law violations:

7  (A) **Defendant (former Lieutenant) HARRIS** for violations of the California *Consumer*

8   *Credit Agencies Reporting Act (CCARA)* at Civil Code **§§ 1785.11, subd. (a)(3),**

9

10  **1785.19, subds. (a)(1, 2 & 3)**; the federal *Fair Credit Reporting Act (FCRA)* at

11  **Title 15 U.S.C. §§ 1681b, subds. (a)(3) & (f)(1) & (2), § 1681e(a), § 1681m(a)(1)-**

12  **(2)-(3)** (obtaining unauthorized access to and use of credit report information), <u>and</u> **§**

13  **1681q** (obtaining [credit report] information under false pretenses, a felony); violation

14
of the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. §**

15  **1030(a)(2)(A)** (intentionally accessing a computer (via the Internet) without

16

17  authorization or exceeding authorized access and thereby obtaining confidential

18  credit report information contained in a file of a consumer reporting agency on a

19
consumer, a felony); violation of the federal *Electronic Communications Privacy*

20  *Act (ECPA) of 1986, <u>Chapter 121</u>, Stored Communications Act* at Title 18 U.S.C.

21  **§ 2701(a)(2)** (unlawful access to electronically stored communications, a felony);

22  and violation of **Title 18 U.S.C. §§ 241 and/or 371** (Conspiracy against civil rights

23  and/or criminal conspiracy), and violation of **California Penal Code 12051, subd.**

24  **(a)(3)(C)** (a misdemeanor per Penal Code §§ 19 and 19.4), as previously alleged in

25

26  this Complaint, incorporated herein by reference.

27

28

(B) **Defendant Detective HUDSON** for criminal and civil/common law trespass onto the "fenced and gated" leased private land and premises of Plaintiff, et al., in violation of **California Penal Code § 602(k) and/or § 602(m),** and also willfully and intentionally *conspiring with* or *aiding and/or counseling* Lt. HARRIS with the foregoing violations of federal and state laws, including but not limited to the California *Consumer Credit Agencies Reporting Act (CCARA)* at **Civil Code §§ 1785.11, subd. (a)(3), 1785.19, subds. (a)(1, 2 & 3);** the federal *Fair Credit Reporting Act (FCRA)* at **Title 15 U.S.C. §§ 1681b, subds. (a)(3) & (f)(1) & (2)** (obtaining unauthorized access and data) and **Title 15 U.S.C. § 1681q** (obtaining [credit report] information under false pretenses, a felony); violation of the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030(a)(2)(A)** (intentionally accessing a computer (via the Internet) without authorization or exceeding authorized access and thereby obtaining confidential credit report information contained in a file of a consumer reporting agency on a consumer, a felony); violation of the federal *Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act* at **Title 18 U.S.C. § 2701(a)(2)** (unlawful access to electronically stored communications, a felony); and violation of **Title 18 U.S.C. §§ 241 and/or 371** (Conspiracy against civil rights and/or criminal conspiracy, a felony); violation of **Penal Code §§ 12051, subd. (a)(3)(C)** (a misdemeanor per Penal Code §§ 19 and 19.4) and **Penal Code § 659** (Aiding the commission of a misdemeanor), as previously alleged in this Complaint, incorporated herein by reference.

(C) **Defendant Sheriff BONNER** for willful or negligent violations and/or omissions of duty, and obstruction of justice, under state and federal laws, supra, and failure to

1  adequately supervise and train subordinates as previously alleged in this Complaint,

2  incorporated herein by reference.

3
4  (D) **Defendant Undersheriff D'ARCY** for willful or negligent violations and/or omissions

5  of duty, and obstruction of justice, under state and federal laws, supra, and failure to

6  adequately supervise and train subordinates as previously alleged in this Complaint,

7  incorporated herein by reference.

8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for judgment and relief against defendants Lt. HARRIS, defendant Detective HUDSON, Sheriff BONNER and Undersheriff D'ARCY, in their respective official and/or individual capacities, as follows:**

**AS TO THE SEPARATE FIRST CLAIM FOR RELIEF (COUNTS 1, 2 & 3):**

1. Statutory damages (federal law), in the sums set forth in **COUNTS 1, 2 & 3** (separate **"civil penalty"** (or general damages) for each violation or count) against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

2. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE SECOND CLAIM FOR RELIEF (COUNTS 4, 5 & 6):**

3. Statutory damages (federal law), in the sums set forth in **COUNTS 4, 5 & 6** (separate **"civil penalty"** (or general damages) for each violation or count) against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

4. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE THIRD CLAIM FOR RELIEF (COUNTS 7, 8 & 9):**

5. Statutory damages (federal law), in the sums set forth in **COUNTS 7, 8 & 9** (separate statutory or general damages for each violation or count) against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

6. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE FOURTH CLAIM FOR RELIEF (COUNTS 10, 11 & 12):**

7. Statutory damages (state law), in the sums set forth in **COUNTS 10, 11 & 12** (separate **"civil penalty"** (or general damages) for each violation or count) against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

8. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE FIFTH CLAIM FOR RELIEF (COUNTS 13, 14 & 15):**

9. Statutory damages (state law), in the sums set forth in **COUNTS 13, 14 & 15** (separate **"civil penalty"** (or general damages) for each violation or count) against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

10. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE SIXTH CLAIM FOR RELIEF (COUNTS 16, 17 & 18):**

11. Statutory damages (state law), in the sums set forth in **COUNTS 16, 17 & 18** (separate **"civil penalty"** (or general damages) for each violation or count) against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

12. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE SEVENTH CLAIM FOR RELIEF (COUNTS 19, 20 & 21):**

13. In the alternative to **Counts 2, 3 & 4** under federal law, supra, statutory damages (state law), in the sums set forth in **COUNTS 19, 20 & 21** (separate **"civil penalty"** (or general damages for each violation or count) against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

14. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

**AS TO THE SEPARATE EIGHTH CLAIM FOR RELIEF (COUNT 22):**

15. General damages, in the sum set forth in **COUNT 22,** against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

16. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Count, to punish and deter defendants, especially defendants VALERIE HARRIS and JAMES (JIM) HUDSON, as individuals;

**AS TO THE SEPARATE NINTH CLAIM FOR RELIEF (COUNT 23):**

17. General damages, in the sum set forth in **COUNT 23,** against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

18. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Count, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE TENTH CLAIM FOR RELIEF (COUNT 24):**

19. General damages, in the sum set forth in **COUNT 24,** against defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official capacity, and thus the COUNTY OF PLACER;

20. Exemplary (punitive) damages against defendants (except the County of Placer), in the sum set forth in said Count, to punish and deter defendants, especially defendants Lt. VALERIE HARRIS and Detective JAMES (JIM) HUDSON, in their official or individual capacity;

**AS TO THE SEPARATE ELEVENTH CLAIM FOR RELIEF (COUNT 25):**

21. General damages, in the sum set forth in **COUNT 25**, against defendants Sheriff EDWARD N. BONNER and Undersheriff STEPHEN L. D'ARCY, in their official capacity, and thus the COUNTY OF PLACER;

22. Exemplary (punitive) damages, in the sum set forth in said Count, to punish and deter defendants Sheriff EDWARD N. BONNER and Undersheriff STEPHEN L. D'ARCY, in their official or individual capacity;

**AS TO THE SEPARATE TWELFTH CLAIM FOR RELIEF (COUNT 26):**

23. Forfeiture or removal from any and all public office/public employment, as provided by law, for willful neglect, malfeasance and/or nonfeasance of office or official duty, as set forth in **COUNT 26,** against defendants (former Lieutenant) VALERIE HARRIS, Detective JAMES (JIM) HUDSON, Sheriff EDWARD N. BONNER, and Undersheriff STEPHEN L. D'ARCY, each in their official capacity; AND

**AS TO ALL CLAIMS FOR RELIEF (COUNTS 1 through 26):**

24. Attorney's fees and paralegal fees (as there may be), and all court costs and other reasonable costs incurred, as provided by **Title 15 U.S.C. §§ 1681n(a)(3) or 1681o(a)(2) (Attorney's Fees, Costs); Title 18 U.S.C. § 2707, subds. (b)(3) & (c) (Attorney's Fees, Costs); Title 28 U.S.C. § 1920 (Taxation of costs), Fed.R.Civ.P. Rule 54(d) (Attorney's Fees, Costs); and California Civil Code §§ 1785.19(b), 1785.31(a)(1) & (a)(2)(A) & (d) (Attorney's Fees, Costs),** as applicable, against all defendants; and

25. For such other injunctive and equitable relief, against all or each defendant, as the Court may deem just and proper.

For plaintiff,

Dated:  December 14, 2005

**Steven G. Dunmore**

*(Plaintiff, in pro se)*

1

## VERIFICATION

2

**(Declaration)**

3

{Title 28 U.S.C. § 1746}

4      The undersigned hereby declares under penalty of perjury, under the laws of the

5   United States of America and state of California, that he is the plaintiff and proper party

6   to this *First Amended* **Verified COMPLAINT** in the above-entitled action; that he

7

8   personally prepared and has read the foregoing Complaint; and that the matters stated

9   therein are true based on my personal knowledge, except as to the matters which are

10   therein stated on information or belief, and as to those matters I allege and believe them

11   to also be true.

12

13

14   Dated:  December 14, 2005

15

16   *[signature: Steven G. Dunmore]*

17   **Steven G. Dunmore**

18   *(Plaintiff and Declarant)*

19

20

21

22

23

24

25

26

27

28