**FILED**

FEB 1 3 2006

CLERK, U.S. DISTRICT COURT
.TERN DISTRICT OF CALIFORN¹
˙ ᵖᵘᵗʸ ᶜˡᵉʳᵏ ·

1   **STEVEN G. DUNMORE**
2   P.O. Box 770
    Loomis, CA 95650-0770
3
    Voicemail: (800) 249-1636     *IN PRO SE*
4

5                    **UNITED STATES DISTRICT COURT**
6                    **EASTERN DISTRICT OF CALIFORNIA**
7                         **(Sacramento Division)**

8   _____         )      **Case No. 2:05-CV-01806-LKK-DAD**
                                              )
9   STEVEN G. DUNMORE,                        )      *Second Amended* **COMPLAINT**
10                                            )      **for Violation of Civil and Statutory**
            *Plaintiff,*                      )      **Rights, Common Law Torts;**
11                                            )      **Statutory Civil Penalties, Damages**
            vs.                               )
12                                            )      {Title 15 U.S.C. §§ 1681b(a)(3) & (f)(1)-(2),
13  COUNTY OF PLACER, et al.,                 )      1681e(a), 1681f, 1681m(a)(1)-(2)-(3),
    (Placer County Sheriff's Office);         )      1681n, 1681o and 1681q; Title 18 U.S.C.
14                                            )      §§ 2701(a)(2) & 2707(a-b-c); Title 42 U.S.C.
15  VALERIE HARRIS, Sheriff's Lieutenant; )          § 408(a)(8) and §§ 1983, 1985(a)(2) & (3),
                                              )      1986 and 1988(a); California Civil Code
16  VALERIE HARRIS, an individual;           )      §§ 1785.11(a)(3), 1785.12, 1785.19(a);
17                                            )      §§ 1785.20(a)(1-4) and 1785.31(a)(1-3)}
    JAMES (JIM) HUDSON, Detective;            )
18                                            )      **UNITED STATES DISTRICT COURT**
    JAMES (JIM) HUDSON, an individual;        )      **Eastern District of California**
19                                            )      **(Sacramento Division)**
    EDWARD N. BONNER, Sheriff;               )      **501 "I" Street**
20                                            )      **Sacramento, CA 95814**
21  STEPHEN L. D'ARCY, Undersheriff;          )      **Telephone:  (916) 930-4000/4128**
                                              )
22  "CHOICEPOINT                              )
23  GOVERNMENT SERVICES, INC."                )      **{Amendment per Fed.R.Civ.P. 15}**
    (AKA *or* DBA "ChoicePoint Online");      )
24                                            )
25  "CDB Infotek" (Intelligent Information);  )
                                              )
26  "JFA" (full name unknown at this time);   )
                                              )
27  DOES 4-10,                                )
28                                            )
            *Defendants.*                     )
    _____         )

**TO: ALL Defendants and their attorney(s) of record:**

**COMES NOW** plaintiff STEVEN G. DUNMORE ("plaintiff" or "Dunmore"), *in pro se,* who complains of the hereabove named defendants as further set forth herein, and alleges as follows:

## PART I.  JURISDICTION and VENUE

1.    This is a federal action and supplemental jurisdiction case over which this court has jurisdiction pursuant to the **Fourteenth Amendment to the United States Constitution (Section 1); Title 15 U.S.C. (United States Code) § 1681p** (Jurisdiction of federal District Courts over *FCRA* claims); **Title 42 U.S.C. §§ 1983, 1985, subd. (2) & (3), 1986 and 1988, subd. (a)** (Civil action and proceedings for deprivation and vindication of civil rights, et al.); **Title 28 U.S.C. § 1331** (Federal question) **and § 1367** (Supplemental jurisdiction over related [State] claims).

2.    Venue in this federal judicial district is proper since the  defendants either reside (or do business) within this judicial district and/or the unlawful acts giving rise to this Complaint occurred within this judicial district.

## PART II.  PARTIES

3.    At the time of the incident complained of herein, Plaintiff STEVEN G. DUNMORE ("Plaintiff") was a citizen and resident within the county of Placer, state of California.

4.    At the time of the incident complained of herein, defendant COUNTY OF PLACER (Placer County Sheriff's Office ("PCSO")) was, and is, a "general law county"

under state law and a "person" under federal law, within the state of California, and the principal employer of the other named PCSO defendants.

5.      At the time of the incident complained of herein, defendant VALERIE HARRIS ("Lt. HARRIS") was a Sheriff's Lieutenant employed by the COUNTY OF PLACER (Placer County Sheriff's Office ("PCSO")), presumably acting within her official capacity as a county employee.  Since then, she has been appointed to the rank of Captain (or Chief of Police) with the Auburn Police Department (that city and police agency is not a party to this federal lawsuit.  (Former) Lt. HARRIS is sued herein for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law.  To the extent that (former) Lt. HARRIS acted outside her official capacity, she is also sued as an individual.

6.      At the time of the incident complained of herein, PCSO defendant Lt. HARRIS was a citizen and resident within the county of Placer (or within this federal judicial district), state of California.

7.      At the time of the incident complained of herein, defendant Detective JAMES ("JIM") HUDSON ("Detective HUDSON") was a Sheriff's Detective employed by the COUNTY OF PLACER (Placer County Sheriff's Office ("PCSO")), presumably acting within his official capacity as a county employee. Detective HUDSON is sued herein for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law.  To the extent that Detective HUDSON acted outside his official capacity, he is also sued as an individual.

///

///

8.     At the time of the incident complained of herein, defendant Detective HUDSON was a citizen and resident within the county of Placer (or within this federal judicial district), state of California.

9.     At the time of the incident complained of herein, defendant Sheriff EDWARD N. BONNER ("Sheriff BONNER") was the elected Sheriff in and for the County of Placer (Placer County Sheriff's Office ("PCSO")), and the "chief law enforcement official and policymaker" in and for the Sheriff's Office (or Department) and COUNTY OF PLACER. Sheriff BONNER is sued herein for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law. To the extent that Sheriff BONNER acted outside his official capacity, he is also sued as an individual.

10.    At the time of the incident complained of herein, defendant Sheriff BONNER was a citizen and resident within the county of Placer (or within this federal judicial district), state of California.

11.    At the time of the incident complained of herein, defendant STEPHEN L. D'ARCY ("Undersheriff D'ARCY") was the appointed Undersheriff in and for the County of Placer (Placer County Sheriff's Office ("PCSO")), and second-in-command of the Sheriff's Office (or Department). Undersheriff D'ARCY is sued herein for statutory civil penalties, general damages and punitive damages, as allowed by state and federal law. To the extent that Undersheriff D'ARCY acted outside his official capacity, he is also sued as an individual.

///

///

1    12.    At the time of the incident complained of herein, defendant Undersheriff

2    D'ARCY was a citizen and resident within the county of Sacramento (or within this

3    federal judicial district), state of California.
4

5    13.    At the time of the incident complained of herein, co-defendant(s) "CDB

6    Infotek" (Intelligent Information) and "CHOICEPOINT GOVERNMENT SERVICES,

7    INC." (AKA or DBA "ChoicePoint Online"), each a subsidiary corporation or division of

8    ChoicePoint (hereafter "CDB Infotek" or "ChoicePoint Online") (formerly "Does" #1 &
9

10    #2), was a licensed Consumer Reporting Agency ("CRA") and/or a Commercial Data

11    Broker ("CDB") and "reseller" of "consumer (credit) reports" (as those terms are defined

12    by law), licensed and registered to do business in the state of California, and within this

13    federal judicial district. **Registered Agent for Service of Process:** The Prentice-Hall
14
15    Corporation System, Inc., a California Corporation, P.O. Box 526036, Sacramento, CA

16    95852-6036.

17    14.    At the time of the incident complained of herein, defendant "JFA" (formerly

18    "Doe" #3) was *either* another Placer County employee *or* a deputy clerk employed by

19    the Placer County Superior Court.    At this time, only JFA's "initials" are known to
20
21    Plaintiff; the PCSO defendants have not yet disclosed his or her full name.  Plaintiff will

22    later file a motion to either amend this Complaint or otherwise seek a "minute order" to

23    substitute the true (full) name of defendant "JFA" and his or her employer as soon as it

24    is disclosed by defendants *or* otherwise obtained (or compelled) via formal discovery.
25
26    In the meantime, defendant "JFA" will be known and served as "JFA" via defendant

27    COUNTY OF PLACER (to the Clerk of the Placer County Board of Supervisors), and

28    later re-served by his or her full name, when ascertained, if required by law or the Court.

15.    At the time the incident complained of herein, defendant "JFA" was a citizen and resident within the county of Placer (or within this federal judicial district), state of California.

## PART III.  BACKGROUND FACTS

16.    The factual allegations set forth in paragraphs 1 through 15 inclusive are incorporated herein by reference.

17.    **On or about June 15, 2004,** Plaintiff attended an initial interview and submitted a completed original *"Standard Application for License to Carry a Conceal Weapon"* (or "CCW Application") to PCSO defendant Lt. HARRIS at the Placer County Sheriff's Office ("PCSO") in Auburn, County of Placer, California, said CCW Application incorporated herein by reference.

18.    During the aforesaid interview or immediately thereafter, PCSO defendant Lt. HARRIS stated (in essence) that she saw "no reason not to issue the CCW license", and instructed Plaintiff to attend an 8-hour firearms qualification course with a school or instructor on the approved list of the Placer County Sheriff Department.  Plaintiff did so within ten days of his first interview with Lt. HARRIS, as evidenced by his *Certificate of Training* dated and issued on **June 26, 2004,** incorporated herein by reference.  Later that day or shortly thereafter, Plaintiff mailed Lt. HARRIS a true copy of the training certificate and **MEMO** of the same date entitled, *"RE: Pending Application for CCW License,"* along with verification of his residence address and Placer County voter registration in the Town of Loomis, situated in the County of Placer, California.

19.    Several weeks later, Plaintiff followed-up with PCSO defendant Lt. HARRIS regarding the status of his CCW Application. Lt. HARRIS advised Plaintiff, via telephone, to attend a follow-up interview at her office. Plaintiff later did so, as instructed. (See ¶ 22 herebelow.)

20.    **On or about July 16, 2004,** or sometime before Plaintiff's follow-up interview with PCSO defendant Lt. HARRIS, PCSO defendant Detective HUDSON telephoned Plaintiff at his Loomis residence and wanted to personally meet with Plaintiff. At that time, Plaintiff was about to get into the shower and was surprised and startled by PCSO defendant Detective HUDSON's unannounced visit to Plaintiff's residence outside the fenced and locked gate to the property (approximately 55 acres).

21.    At first, Plaintiff denied being home, but thereafter told PCSO defendant Detective HUDSON that he was undressed and unavailable to meet at the time, since Plaintiff had a prior appointment that he needed to attend that day. Plaintiff then advised Detective HUDSON that he would follow-up with his office or Lt. HARRIS later on. Plaintiff later telephoned PCSO defendant Lt. HARRIS and left her a voicemail message to complain about Detective HUDSON coming to Plaintiff's house unannounced **on or about July 16, 2004.** Lt. HARRIS returned Plaintiff's call sometime before the next interview and stated, among other things, that she had "planned it that way."

22.    **On or about July 21, 2004,** Plaintiff attended the aforesaid follow-up interview at PCSO defendant Lt. HARRIS' office at the Placer County Sheriff's Office ("PCSO"). Plaintiff met with Lt. HARRIS and was again surprised by PCSO defendant Detective HUDSON at the meeting. Both PCSO defendants Lt. HARRIS and Detective

HUDSON proceeded to "interrogate" Plaintiff about his personal living mode, prior marriages, child support obligations, prior business and financial dealings, income tax liens, and his creditors and credit history.  Plaintiff protested and stated that these additional items or issued have nothing to do with qualifying for a CCW license and that he did not have any criminal record, but PCSO defendants Lt. HARRIS and Detective HUDSON insisted otherwise and continued with their "inquisition."

23.   It was at the follow-up interview **on or about July 21, 2004,** that Plaintiff suspected that PCSO defendants Lt. HARRIS and Detective HUDSON had been "unreasonably and unlawfully snooping" into Plaintiff's personal and private matters, based upon statements made by these PCSO defendants.  Plaintiff also discovered for the first time that PCSO defendant Detective HUDSON, without statutory authorization and without a court order or search warrant, and at the direction of PCSO defendant Lt. HARRIS, wrongfully, willfully and intentionally **trespassed** over or through the "fenced" and "locked gate" onto the private real property occupied by Plaintiff (a subtenant). After gaining entry, Detective HUDSON traversed several hundred yards from the locked gate and within the "curtilage" of a private residence located at 4868 Val Verde Road, Loomis, California, to search for Plaintiff (while he was in the bathroom shower).

24.   **On or about July 26, 2004,** Plaintiff wrote a letter to PCSO defendant Lt. HARRIS entitled, **"Status of CCW Application; Informal Notice"**, therein protesting Lt. HARRIS' and Detective HUDSON's prior misconduct, unfairness and mistreatment of Plaintiff.  In said letter, Plaintiff also demanded and advised Lt. HARRIS to cease any further probing (snooping) in his CRA-public record data and/or other personal/confidential data, including but not limited to credit or creditor information,

specifically authorized by law **(per California Penal Code a 12051, subd. (a)(3)(C)).** Plaintiff further reiterated his demand that Lt. HARRIS promptly render her written decision, by **July 28 (sic), 2004,** whether to issue or deny Plaintiff's CCW Application for a CCW license, said letter and application incorporated herein by reference.

25. **On or about August 5, 2004,** defendant Undersheriff D'ARCY sent Plaintiff a letter entitled, ***"Re: Concealed Weapon Permit",*** advising Plaintiff of the Sheriff's (and/or his) decision to deny Plaintiff's request for a CCW license, said letter incorporated herein by reference.

26. **On or about August 17, 2004,** Plaintiff ran his own *combined* "consumer (credit) report" (as defined by federal and state law) with the **TRANS UNION** Credit Reporting Agency ("CRA"). Therein, Plaintiff ascertained that the PCSO defendants had apparently <u>obtained access to and data from</u> a "file" (as defined by federal and state law) maintained by **TRANS UNION** and possibly other credit reporting agencies (CRAs), via co-defendant "CDB" and/or "ChoicePoint Online", as subsequently confirmed by two PCSO written reports and a "consumer report" containing certain data, as provided to Plaintiff by defendant County of Placer, et al., pursuant to Fed.R.Civ.P. Rule 26(a) (Initial Disclosures).

27. **On or about August 17, 2004,** Plaintiff wrote a letter to defendant Undersheriff D'ARCY entitled, ***"RE: Denial of CCW Permit or License,"*** to inquire into the specific reason(s) for denying his request for a CCW. Neither defendant Undersheriff D'ARCY nor defendant Sheriff BONNER responded to Plaintiff's said letter, incorporated herein by reference.

28.     **On or about August 26, September 17 and October 8, 2004,** Plaintiff wrote a series of document request letters, incorporated herein by reference, pursuant to the ***California Public Records Act (CPRA),*** requesting the Placer County Sheriff's Office ("PCSO") (and Placer County Counsel's Office) to release any and all documents relating to his CCW Application, but PCSO defendants legal counsel (Placer County Counsel's Office) denied the request and subsequent written demands for the most part.     Plaintiff thereafter voluntarily abandoned any formal legal action to obtain the requested documents under the Government Code.     Thus, these documents are only relevant for the time line in events.

29.     **On or about September 9, 2004,** Plaintiff mailed a formal, written complaint letter to defendant Sheriff BONNER entitled, ***"Internal Affairs Complaint and Criminal Complaint,"*** in order to complain about the various criminal and civil law violations committed against Plaintiff by PCSO defendants Lt. HARRIS and Detective HUDSON.     However, Sheriff BONNER refused or failed to respond or even acknowledge Plaintiff's legitimate complaint, incorporated herein by reference.     <u>On information and belief</u>, PCSO defendants Sheriff BONNER and Undersheriff D'ARCY willfully failed or refused to investigate or take any legal or disciplinary action against his subordinates for their violation of Plaintiff's constitutional/civil rights and other statutory rights.

**(Plaintiff's Claims and Pre-Suit Claim, California Government Code § 910, et seq.)**

30.     **On or about August 17, 2004,** Plaintiff confirmed that he was the victim of numerous state and federal criminal acts, civil wrongs and other common law torts for violations perpetrated by PCSO defendants against Plaintiff's federal civil rights, and

1    other federal and state statutory and common law rights, <u>including but not limited to</u>

2    invasion of privacy of Plaintiff's "consumer (credit) report" information or data on/in

3
     "file(s)" within the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting
4
5    Agencies ("CRAs"), <u>without statutory authorization and without a court order or search</u>

6    <u>warrant</u>, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer

7    County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to

8
     **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)**, incorporated herein by
9
10   reference.    This factual allegation is evidenced by a "consumer (credit) report" inquiry

11   made **before August 17, 2004 (or on or about July 8, 2004)**, showing **"PLACER**

12   **COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA    95603, (formerly**

13
     **telephone number (916) 889-7088"**, as the location obtaining a "consumer (credit)
14
15   report" (or combined consumer (credit) reports"), as also alleged in Plaintiff's ***"2nd***

16   ***AMENDED CLAIM AGAINST PUBLIC ENTITY"*** (dated 1-14-05)[1], made pursuant to

17   **California Government Code § 910, et seq.**, incorporated herein by reference as if set

18   forth in full. This second amended claim superseded Plaintiff's original Claim (dated 12-

19   6-04)[2] and the first amendment thereto (dated 12-9-04)[3].    (In the event of any
20
21   inconsistencies, changes or conflicts with Plaintiff's aforesaid pre-suit Claim, as

22   amended, this *Second Amended Complaint* corrects and restates all Claims for Relief,

23   including any and all possible legal remedies allowed by federal and state laws.)

24           31.    Plaintiff's pre-suit Claim, as amended, was timely filed and but rejected by
25
26   PCSO    defendants,    as    stated    herebelow,    thus    Plaintiff    exhausted    his    "state"

27

28   _____
     [1] Certified Mail #7003-2260-0004-2274-2687.
     [2] Certified Mail #7003-2260-0004-2274-2663.
     [3] Certified Mail #7003-2260-0004-2274-2670.

administrative remedies before timely filing suit **within the six (6) months**[4] (on September 8, 2005) pursuant to **California Government Code § 945.6** (that is, by or before September 9, 2005), as stated in the aforesaid amended or final **"NOTICE OF REJECTION OF CLAIM"**, infra.

**(Formal and Final Rejection of Claim, As Amended; Claim No. 12-07-04-133)**

32.    **On or about March 9, 2005,** defendant COUNTY OF PLACER (via the Placer County Executive Officer, Jan M. Christofferson, Office of Risk Management) issued and mailed an amended or final **"NOTICE OF REJECTION OF CLAIM"** to Plaintiff, bearing **Claim No. 12-07-04-133,** incorporated herein by reference.    The aforesaid *Notice* rejected all claims presented by Plaintiff in his Claim, as amended, and also superseded (as matter of law) PCSO defendants' initial **"NOTICE OF REJECTION OF CLAIM"** dated **January 6, 2005,** incorporated herein by reference.    Plaintiff thereafter filed this instant federal lawsuit as stated hereabove.

**(Federal and State Statutes of Limitation on All Claims)**

33.    In any case, Plaintiff's "federal" statutory claims under the **Fair Credit Reporting Act (FCRA)** at **Title 15 U.S.C. § 1681b,** et seq. and other related "federal" civil rights claims and torts (i.e., torts for violations of federal criminal violations against Plaintiff, invasion of privacy, Fourth Amendment violations, and intentional or negligent infliction of emotional distress for violations of the *FCRA* and other federal laws), are applicable to the state of California pursuant to the **Fourteenth Amendment to the**

---

[4] *"Six months" means* "six calendar months" or "182 days", whichever is longer.  See California Government Code §§ 6804 and 945.6(a)(1).  See also *Gonzales v. County of Los Angeles* (CA3d 1988) 199 Cal.App.3d 601 at 603-04 [245 Cal.Rptr. 112].  See also *Massa v. Southern Cal. Rapid Transit Dist.* (CA2d 1996) 43 Cal.App.4th 1217 at 1220-22 [51 Cal.Rptr.2d 164], and *Wilson v. Tri-City Hospital District* (CA4d 1990) 221 Cal.App.3d 441 at 448-50 [270 Cal.Rptr. 436], *citing* Govt. Code §§ 910.8, 911 & 911.3.

United States Constitution (Section 1), and California Constitution (Article III, Section 1), and are governed by federal law, not the California Government Code and/or California Code of Civil Procedure (CCP). Thus, the statute of limitations (SOL) to enforce all of Plaintiff's federal FCRA claims and all related federal claims is at least two (2) years from the date of discovery. (See, e.g., Title 15 U.S.C. § 1681p; Title 18 U.S.C. § 1030(g) and § 2707(f).) Separate federal "criminal violations" are generally governed by Title 18 United States Code.

34.    Pursuant to California CCP § 340(a), the "general" statute of limitations (SOL) is at least one (1) year for Plaintiff's statutory (civil) penalty claims and damages under the California Consumer Credit Reporting Agencies Act (CCRAA) at California Civil Code §§ 1785.11(a)(3) and 1785.19, and two (2) years for Plaintiff's statutory claims under Civil Code §§ 1785.20 and 1785.31 (per Civil Code § 1785.33), and three (3) years for "trespass upon real property" (per CCP § 338(b)) for violation of California Penal Code § 602k and/or § 602m, in accord with Penal Code § 9 (Civil remedies preserved), as well as three (3) years for any unlawful or unreasonable search(es) in violation of the California Constitution (Article I, Section 13). Notwithstanding any California "statutes of limitation" to the contrary, see footnote #4, supra, incorporated herein by reference.

### PART IV.  CLAIMS FOR RELIEF

### SEPARATE FIRST CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

**(Fraud or False Pretenses; Civil & Criminal Liability for Willful Noncompliance; Criminal and Civil Conspiracy for Statutory Violations)**

**{Title 15 U.S.C. §§ 1681b(a)(3)(D), 1681b(f)(1) & (2), 1681f, 1681e(a), 1681n; 1681q; Title 42 U.S.C. §§ 408(a)(8) & 1983; Title 18 U.S.C. §§ 241, 371, 1030(a)(2)(A)&(C), and Title 18 U.S.C. §§ 2701(a)(2) & 2707}**

**(Knowingly and Willfully <u>Obtaining Access to and Data from</u> CRA Files)**

**{<u>TRANS UNION</u>, <u>EQUIFAX</u> and <u>EXPERIAN</u> Credit Reporting Agencies}**

**(COUNTS 1, 2 & 3)**

35.    The factual allegations set forth in paragraphs 1 through 34 inclusive are incorporated herein by reference.

36.    <u>On information and belief</u>, **on or about July 8, 2004,** PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., knowingly and willfully (intentionally) requested, procured, **obtained access to and data from** Plaintiff's "consumer (credit) report" information or data on/in "file(s)" within the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"), <u>without statutory authorization and without a court order or search warrant</u>, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference. This factual allegation is evidenced by a "consumer (credit) report" inquiry made **before August 17, 2004 (or on or about July 8, 2004),** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA    95603, (formerly) telephone number (916) 889-7088",** as the location and/or telephone number obtaining said "consumer (credit) report", as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

37.    On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

38.    On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (legal and ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not authorize, require and include any "consumer (credit) report" information or data for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

39.    On information and belief, PCSO defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then assigned—between June-August 2004—to manage or oversee the CCW License Unit within the Placer County Sheriff's Office ("PCSO").

40.    PCSO defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any CRA-public record data (other than certain identifying data) and/or other personal/confidential credit or creditor information on or for Plaintiff's aforesaid CCW Application, in excess of the specific information required and allowed under **California Penal Code § 12051, subd. (a)(3)(C), Civil Code 1785.12 and Title 15 U.S.C. § 1681f.**

41.    On information and belief, PCSO defendant Lt. HARRIS, et al., violated, and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at **Title 15 U.S.C. §§ 1681b, subds. (a)(3), (f)(1) & (2); 1681e, subd. (a) and 1681f,** by knowingly and willfully (intentionally) **obtaining access to and data from** Plaintiff's "consumer

(credit) report" information or data, with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce, notwithstanding said **Section 1681f** (Disclosures to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

42.    On information and belief, PCSO defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at **Title 15 U.S.C. § 1681q** (a felony), by knowingly and willfully (intentionally) **obtaining access to and data from** Plaintiff's "consumer (credit) report" information or data **under false pretenses,** with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce, notwithstanding said **Section 1681f** (Disclosures to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

43.    On information and belief, PCSO defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030, subd. (a)(2)(A) & (C)** (a felony), by knowingly and willfully (intentionally) accessing a computer (via the Internet) or exceeding authorized access, in interstate commerce, without statutory authorization and without a court order or search warrant or exceeding authorized access, and **fraudulently gained (obtained) access to and data from** Plaintiff's "consumer (credit) report" information or data contained in a file of a Consumer Reporting Agency ("CRA").

44.    On information and belief, PCSO defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act* at Title 18 U.S.C. § 2701(a)(2) (a felony), by knowingly and willfully (intentionally) accessing or exceeding authorization to access a facility (business entity), via a computer (via the Internet) in interstate commerce, without statutory authorization and without a court order or search warrant, and **fraudulently obtained "access to" and data from** electronically stored communications or information (including Plaintiff's "consumer (credit) report" information or data involving or affecting interstate commerce).

45.    PCSO defendant Lt. HARRIS, et al., accomplished and committed the aforesaid acts and conspiracy by unlawfully using the social security number (SSN) of Plaintiff (any person) in violation of the laws of the United States, supra, which is itself a federal felony pursuant to Title 42 U.S.C. § 408, subd. (a)(8).

46.    The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by PCSO defendants Lt. HARRIS, Detective HUDSON and/or defendant "JFA", et al., into a computer (via the Internet), in interstate commerce, *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA (or CDB) to grant access to and provide Plaintiff's "consumer (credit) report" information or data as sought and utilized by PCSO defendant Lt. HARRIS, et al.

47.    PCSO defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with PCSO

1   defendant Detective HUDSON, or with two or more persons including herself.  PCSO

2   defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal

3

4   *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil

5   rights and other statutory rights.

6                **(Criminal and Civil Violations:  Civil Liability and Civil Penalties)**

7        48.    The factual allegations set forth in paragraphs 35 through 47 inclusive are

8   incorporated herein by reference.

9

10       49.    By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt.

11  HARRIS, et al., is **civilly and/or vicariously liable** to Plaintiff for a **statutory civil**

12  **penalty** in the sum of **One Thousand Dollars ($1,000.00)**, plus **punitive damages**, for

13
    each violation or count pursuant to **Title 15 U.S.C. §§ 1681b, subds. (a)(3), (f)(1) & (2),**
14
15  **§ 1681f, and § 1681e, subd. (a); § 1681n, subds. (a)(1)(B) & (a)(2)** (Civil liability for

16  willful noncompliance of the federal *Fair Credit Reporting Act),* as set forth in that

17  statute, incorporated herein by reference.  Thus, Plaintiff hereby asserts and claims the

18  sum of **One Thousand Dollars ($1,000.00)** as a **statutory civil penalty** for each

19
    violation or count under **Title 15 U.S.C. 1681n, subds. (a)(1)(B) & (a)(2)**, plus **punitive**
20
21  **damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general

22  damages.

23       50.    By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt.

24  HARRIS, et al., is also **civilly and/or vicariously liable** and/or criminally responsible (a
25
26  felony), for each violation or count, under **Title 15 U.S.C. § 1681q** (knowingly and

27  willfully obtaining unauthorized access to and use of "consumer (credit) report"

28  information or data *under false pretenses),* as set forth in that statute, incorporated

herein by reference.    Thus, Plaintiff hereby asserts and claims the sum of **Five Thousand Dollars (5,000.00)** in general or punitive Damages for each violation or count under said statute, plus **punitive damages** of **Thirty-Five Thousand Dollars ($35,000.00),** or **seven times** any general damages.

51.    By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt. HARRIS, et al., is also criminally responsible (a felony), for each violation or count, under the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030, subd. (a)(2)(A) & (C) and subd. (c)(2)(A) or (B)(ii)** (intentionally accessing a computer (via the Internet), in interstate commerce, <u>without statutory authorization and without a court order or search warrant or exceeding authorized access</u>, and thereby <u>**obtaining access to and data from**</u> Plaintiff's CRA-public record data and/or other personal/confidential credit or creditor information contained in a file of a Consumer Reporting Agency ("CRA") on a consumer), as set forth in that statute, incorporated herein by reference.    (NOTE: No civil action may be asserted by Plaintiff under the precise provisions of this statute.  See **Title 18 U.S.C. § 1030, subd. (g).**  However, Plaintiff will still seek criminal prosecution under said statute, supra, and for violations of other criminal laws.)

52.    By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt. HARRIS, et al., is also criminally responsible (a felony) and **civilly and/or vicariously liable** to Plaintiff for a <u>**minimum**</u> **statutory civil penalty** in the sum of **One Thousand Dollars ($1,000.00),** plus **punitive damages,** for each violation or count under the federal *Electronic Communications Privacy Act (ECPA) of 1986, <u>Chapter 121,</u> Stored Communications Act* at **Title 18 U.S.C. § 2701, subd. (a)(2)** (intentionally

accessing <u>or</u> exceeding authorization to access a facility (business entity), via a computer (via the Internet) in interstate commerce, <u>without statutory authorization and without a court order or search warrant</u>, to <u>obtain access to</u> electronically stored communications or information, including CRA-public record data and/or other personal/confidential credit or creditor information involving or affecting interstate commerce), as set forth in that statute, incorporated herein by reference.   Thus, pursuant to **Section 2707, subds. (a)(2), (b)(1)(A) & (c)** (civil actions, civil penalty, other damages), Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($1,000.00)** as a **statutory civil penalty** for each violation or count under said statute, plus **punitive damages** of **Seventy Thousand Dollars ($7,000.00)**, or **seven times** any general damages.

53.   By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** and criminally responsible for each violation or count under the federal ***Social Security Act*** at **Title 42 U.S.C. § 408, subd. (a)(8)** (using the social security number (SSN) of any person in violation of the laws of the United States, a felony), as set forth in that statute, incorporated herein by reference.  Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in general damages for each violation or count under said statute, plus **punitive damages** of **Seventy Thousand Dollars ($70,000.00)** or **seven times** any general damages.

///

///

///

**(Conspiracy Against Federal Civil Rights, or Criminal Conspiracy for Violation of**

**Criminal Laws of the United States; Criminal and Civil Liability)**

54.    The factual allegations set forth in paragraphs 35 through 43 inclusive are incorporated herein by reference.

55.    By willfully, intentionally and conspiring to do the aforesaid criminal and tortious acts in violation of the laws of the United States, PCSO defendant Lt. HARRIS, et al., is **criminally responsible** and also **civilly and/or vicariously liable** to Plaintiff for each violation or count under **Title 18 U.S.C. § 241 or § 371** (conspiracy against civil rights, or criminal conspiracy, each a felony), by and for acting in concert with PCSO defendant Detective HUDSON, or with two or more persons including herself, to violate **Title 42 U.S.C. §§ 408(a)(8) and 1681q** (each a felony); **Title 18 U.S.C. §§ 1030 (a)(2)(A) & (C)** (a felony); and **Title 18 U.S.C. § 2701(a)(2)** (a felony), all incorporated herein by reference.   PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply—with the federal *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other statutory rights.   Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in general damages for each violation or count under said conspiracy statutes, plus **punitive damages** of **Seventy Thousand Dollars ($70,000.00)** or **seven times** any general damages.

56.    Plaintiff is entitled to assert a civil action (civil remedy) and seek monetary damages for violations of federal criminal laws committed against him by Lt. HARRIS, et al., pursuant to **Restatement (Second) of Torts § 286** and *Wyandotte Co. v. United*

1   *States,* 389 U.S. 191, 202, 88 S.Ct. 379, 386 (1967) (allowing civil actions for violations

2   of federal criminal laws unless disallowed under particular federal statute).

3
    **(Civil Conspiracy to Violate Civil Laws of the United States, et al.; Civil Liability)**
4

5       57.    The factual allegations set forth in paragraphs 31 through 52 inclusive are

6   incorporated herein by reference.

7       58.    By willfully and intentionally conspiring to do the aforesaid civil violations

8
    and tortious acts in violation of the laws of the United States, PCSO defendant Lt.
9
10  HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff for *civil conspiracy*

11  by and for acting in concert with PCSO defendant Detective HUDSON, or with two or

12  more persons including herself, to violate **Title 15 U.S.C. §§ 1681b(a)(3), 1681b(f)(1) &**

13
    **(2)**, **1681e(a)**, **1681m(a)(1)-(2)-(-3)** and **1681q** (a felony), and **Title 18 U.S.C. §**
14
15  **2701(a)(2)** (a felony and a civil penalty), all incorporated herein by reference.  PCSO

16  defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal

17  *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil

18  rights and other statutory rights.  Thus, Plaintiff hereby asserts and claims the sum of

19
    **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or
20
21  **seven times** any civil penalties or general damages.

22      59.    By willfully and intentionally doing the aforesaid unlawful acts, PCSO

23  defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff and/or

24
    criminally responsible for each violation or count under **California Penal Code § 12051,**
25
26  **subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 15, 19 and 19.4), as set

27  forth in those statutes, incorporated herein by reference.  Thus, Plaintiff hereby asserts

28  and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for

each violation or count under **Section 12051, subd. (a)(3)(C)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

(<strong>Separate Civil Liability to Credit Reporting Agencies</strong>)

60.   The factual allegations set forth in paragraphs 35 through 59 inclusive are incorporated herein by reference.

61.   A written **Subscriber Agreement**, dated and executed **June 22, 1999,** by and between defendants COUNTY OF PLACER (Placer County Sheriff's Office) and "CDB Infotek" and/or "ChoicePoint Online", requires and states: *"Subscriber [PCSO] shall not use the System in a manner contrary to or in violation of any applicable law or regulation, including the Fair Credit Reporting Act"*, said Agreement incorporated herein by reference.   See *id.* ¶ 1C.   Thus, COUNTY OF PLACER (PCSO) defendants also may be **civilly and vicariously liable** for money damages to co-defendant "CDB Infotek" or "ChoicePoint Online" and any other involved Credit Reporting Agency ("CRA") in the sum of **One Thousand Dollars ($1,000.00), or more, plus all attorney's fees and costs,** pursuant to **Title 15 U.S.C. § 1681n, subd. (b), or via contract law,** if such agencies or business entities are joined and served in this civil action for any violations of state law and the federal *Fair Credit Reporting Act (FCRA).* See *id.* ¶ 10.   (Also see, e.g., **Title 15 U.S.C. §§ 1681e(a), 1681r, 1681n(a) or 1681o(a)** (Compliance procedures; Unauthorized disclosures by officers or employees of CRAs; Civil liability for willful or negligent noncompliance.)

### SEPARATE SECOND CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

### (Additional Civil Liability for Willful Violations)

### {Title 15 U.S.C. §§ 1681e(a), 1681f, 1681m(a)(1)-(2)-(3) and § 1681n(a), et al.}

### (Failure of "User" (PCSO Defendants) to Comply with Statutory Notification Requirements Regarding Adverse Action)

### {TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}

### (COUNTS 4, 5 & 6)

62.   The factual allegations set forth in paragraphs 1 through 61 inclusive are incorporated herein by reference.

63.   On information and belief, **on or about July 8, 2004,** PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., knowingly and willfully (intentionally), requested, procured, and **adversely used information—in whole or in part—obtained or received** from Plaintiff's "consumer (credit) report" data on/in "file(s)" within the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"), without statutory authorization and without a court order or search warrant, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.  This factual allegation is evidenced by a "consumer (credit) report" inquiry made **before August 17, 2004 (or on or about July 8, 2004),** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA 95603, (formerly) telephone number (916) 889-7088",** as the location and/or telephone number obtaining said "consumer (credit) report", as also alleged in Plaintiff's

1  *"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,* dated January 4, 2005, supra,

2  incorporated herein by reference as if set forth in full.

3

4      64.    On information and belief, **California Penal Code § 12050 and § 12051,**

5  **subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory

6  authority to issue licenses to "carry concealed weapons" (CCWs) in the state of

7  California.

8

9      65.    On information and belief, **California Penal Code § 12051, subd.**

10  **(a)(3)(C)** specifically states the (legal and ministerial) requirement or scope of

11  information required for the standard CCW Application. This statute clearly does not

12  authorize, require and include any "consumer (credit) report" information or data for

13  such CCW Applications, or for consideration and issuance of such licenses (CCWs).

14

15      66.    On information and belief, PCSO defendant Lt. HARRIS is (or was) a

16  career law enforcement officer (lieutenant) then assigned—between June-August

17  2004—to manage or oversee the CCW License Unit within the Placer County Sheriff's

18  Office ("PCSO").

19

20      67.    PCSO defendant Lt. HARRIS knew—or should have known—that she had

21  no lawful authority to require, request, obtain, procure or utilize any CRA-public record

22  data (other than certain identifying data) and/or other personal/confidential credit or

23  creditor information on or for Plaintiff's aforesaid CCW Application, in excess of the

24  specific information required and allowed under **California Penal Code § 12051, subd.**

25  **(a)(3)(C), Civil Code 1785.12 and Title 15 U.S.C. § 1681f.**

26

27      68.    On information and belief, PCSO defendant Lt. HARRIS, et al., violated,

28  and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at Title 15

U.S.C. §§ 1681e(a), 1681m(a)(1)-(2)-(3), by adversely using information—in whole or in part—obtained or received from Plaintiff's aforesaid CRA-public record data and/or other personal/confidential credit or creditor information *consumer creditor and credit information or data,* with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce (albeit for an improper and unlawful purpose, supra). Thereafter, PCSO defendant Lt. HARRIS, et al. failed to provide Plaintiff with the required statutory notice including the name, address and (toll-free) telephone number of the Credit Reporting Agencies (CRAs) that Lt. HARRIS, et al. contacted and obtained, received and used such adverse information—in whole or in part—in denying Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to California Penal Code § 12050 and § 12051, subd. (a)(3)(C), incorporated herein by reference.

69.   On information and belief, PCSO defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. § 1681q (a felony), by knowingly and willfully (intentionally) obtaining access to and data from Plaintiff's "consumer (credit) report" information or data *under false pretenses,* with a subscriber (or user) telephone line or computer (via the Internet) in interstate commerce, notwithstanding said Section 1681f (Disclosures to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

///

///

70.   On information and belief, PCSO defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal **Consumer Fraud and Abuse Act (CFAA)** at **Title 18 U.S.C. § 1030, subd. (a)(2)(A) & (C)** (a felony), by knowingly and willfully (intentionally) accessing a computer (via the Internet) or exceeding authorized access, in interstate commerce, without statutory authorization and without a court order or search warrant or exceeding authorized access, and **fraudulently gained (obtained) access to and data from** Plaintiff's "consumer (credit) report" information or data contained in a file of a Consumer Reporting Agency ("CRA").

71.   On information and belief, PCSO defendant Lt. HARRIS, et al., also violated, and conspired to violate, the federal **Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act** at **Title 18 U.S.C. § 2701(a)(2)** (a felony), by knowingly and willfully (intentionally) accessing or exceeding authorization to access a facility (business entity), via a computer (via the Internet) in interstate commerce, without statutory authorization and without a court order or search warrant, and **fraudulently obtained "access to" and data from** electronically stored communications or information (including Plaintiff's "consumer (credit) report" information or data involving or affecting interstate commerce).

72.   PCSO defendant Lt. HARRIS, et al., accomplished and committed the aforesaid acts and conspiracy by unlawfully using the social security number (SSN) of Plaintiff (any person) in violation of the laws of the United States, supra, which is itself a federal felony pursuant to **Title 42 U.S.C. § 408, subd. (a)(8)**.

73.   The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s)

intentionally requested, ordered, provided or entered by PCSO defendants Lt. HARRIS, Detective HUDSON and/or defendant "JFA", et al., into a computer (via the Internet), in interstate commerce, *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA (or CDB) to grant access to and provide Plaintiff's "consumer (credit) report" information or data as sought and utilized by PCSO defendant Lt. HARRIS, et al.

74.    PCSO defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with PCSO defendant Detective HUDSON, or with two or more persons including herself.  PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other statutory rights.

**(Criminal and Civil Violations:  Civil Liability and Civil Penalties)**

75.    The factual allegations set forth in paragraphs 62 through 74 inclusive are incorporated herein by reference.

76.    By willfully and intentionally, or negligently, doing the aforesaid acts, PCSO defendant Lt. HARRIS, et al., is **civilly and/or vicariously liable** to Plaintiff for a **statutory civil penalty** in the sum of **One Thousand Dollars ($1,000.00)**, plus **punitive damages**, for each violation or count pursuant to **Title 15 U.S.C. §§ 1681m(a)(1)-(2)-(3) and § 1681n, subds. (a)(1)(B) & (a)(2)** (Civil liability for willful noncompliance of the federal *Fair Credit Reporting Act),* as set forth in those statutes, incorporated herein by reference.  Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00) as a statutory civil penalty** for each violation or

1    count under **Title 15 U.S.C. § 1681n, subds. (a)(1)(B) & (a)(2)**, plus **punitive damages**

2    of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages.

3

4        77.     By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt.

5    HARRIS, et al., is also **civilly and/or vicariously liable** and/or criminally responsible (a

6    felony), for each violation or count, under **Title 15 U.S.C. § 1681q** (knowingly and

7    willfully obtaining unauthorized access to and use of "consumer (credit) report"

8    information or data *under false pretenses)*, as set forth in that statute, incorporated

9

10    herein by reference.    Thus, Plaintiff hereby asserts and claims the sum of **Five**

11    **Thousand Dollars (5,000.00)** in general or punitive Damages for each violation or

12    count under said statute, plus **punitive damages** of **Thirty-Five Thousand Dollars**

13    **($35,000.00)**, or **seven times** any general damages.

14

15        78.     By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt.

16    HARRIS, et al., is also criminally responsible (a felony), for each violation or count,

17    under the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030,**

18    **subd. (a)(2)(A) & (C) and subd. (c)(2)(A) or (B)(ii)** (intentionally accessing a computer

19    (via the Internet), in interstate commerce, <u>without statutory authorization and without a</u>

20

21    <u>court order or search warrant or exceeding authorized access</u>, and thereby **obtaining**

22    **access to and data from** Plaintiff's CRA-public record data and/or other

23    personal/confidential credit or creditor information contained in a file of a Consumer

24    Reporting Agency ("CRA") on a consumer), as set forth in that statute, incorporated

25

26    herein by reference. (NOTE: No civil action may be asserted by Plaintiff under the

27    precise provisions of this statute. See **Title 18 U.S.C. § 1030, subd. (g)**. However,

28

1 Plaintiff will still seek criminal prosecution under said statute, supra, and for violations of
2 other criminal laws.)
3
4      79.    By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt.
5 HARRIS, et al., is also criminally responsible (a felony) and **civilly and/or vicariously**
6 **liable** to Plaintiff for a **minimum statutory civil penalty** in the sum of **One Thousand**
7 **Dollars ($1,000.00),** plus **punitive damages,** for each violation or count under the
8 federal ***Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121,***
9
10 ***Stored Communications Act*** at **Title 18 U.S.C. § 2701, subd. (a)(2)** (intentionally
11 accessing <u>or</u> exceeding authorization to access a facility (business entity), via a
12 computer (via the Internet) in interstate commerce, <u>without statutory authorization and</u>
13 <u>without a court order or search warrant,</u> to <u>obtain access to</u> electronically stored
14 communications or information, including CRA-public record data and/or other
15
16 personal/confidential credit or creditor information involving or affecting interstate
17 commerce), as set forth in that statute, incorporated herein by reference.   Thus,
18 pursuant to **Section 2707, subds. (a)(2), (b)(1)(A) & (c)** (civil actions, civil penalty,
19
20 other damages), Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars**
21 **($1,000.00)** as a **statutory civil penalty** for each violation or count under said statute,
22 plus **punitive damages** of **Seventy Thousand Dollars ($7,000.00),** or **seven times**
23 any general damages.
24
25      80.    By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt.
26 HARRIS, et al., is also **civilly and/or vicariously liable** and/or criminally responsible
27 for each violation or count under the federal ***Social Security Act*** at **Title 42 U.S.C. §**
28 **408, subd. (a)(8)** (using the social security number (SSN) of any person in violation of

1  the laws of the United States, a felony), as set forth in that statute, incorporated herein

2  by reference. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand**

3
4  **Dollars ($10,000.00)** in general damages for each violation or count under said statute,

5  plus **punitive damages** of **Seventy Thousand Dollars ($70,000.00)** or **seven times**

6  any general damages.

7  **(Conspiracy Against Federal Civil Rights, or Criminal Conspiracy for Violation of**

8
**Criminal Laws of the United States; Criminal and Civil Liability)**
9

10  81.    The factual allegations set forth in paragraphs 62 through 80 inclusive are

11  incorporated herein by reference.

12  82.    By willfully, intentionally and conspiring to do the aforesaid criminal and

13
tortious acts in violation of the laws of the United States, PCSO defendant Lt. HARRIS,
14
15  et al., is **criminally responsible** and/or **civilly and/or vicariously liable** to Plaintiff for

16  each violation or count under **Title 18 U.S.C. § 241 or § 371** (conspiracy against civil

17  rights, or criminal conspiracy, each a felony), by and for acting in concert with PCSO

18  defendant Detective HUDSON, or with two or more persons including herself, to violate

19
**Title 42 U.S.C. §§ 408(a)(8) and 1681q** (each a felony); **Title 18 U.S.C. §§ 1030**
20
21  **(a)(2)(A) & (C)** (a felony); and **Title 18 U.S.C. § 2701(a)(2)** (a felony), all incorporated

22  herein by reference.   PCSO defendants owed Plaintiff a legal duty to obey—but failed

23  to comply—with the federal *FCRA* and other federal and state laws, supra, and to not

24
violate Plaintiff's federal civil rights and other statutory rights.   Thus, Plaintiff hereby
25
26  asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in general

27  damages for each violation or count under said conspiracy statutes, plus **punitive**

28

**damages** of **Seventy Thousand Dollars ($70,000.00)** or **seven times** any general damages.

83.   Plaintiff is entitled to assert a civil action (civil remedy) and seek monetary damages for violations of federal criminal laws committed against him by Lt. HARRIS, et al., pursuant to **Restatement (Second) of Torts § 286** and *Wyandotte Co. v. United States,* 389 U.S. 191, 202, 88 S.Ct. 379, 386 (1967) (allowing civil actions for violations of federal criminal laws unless disallowed under particular federal statute).

**(Civil Conspiracy to Violate Civil Laws of the United States, et al.; Civil Liability)**

84.   The factual allegations set forth in paragraphs 62 through 83 inclusive are incorporated herein by reference.

85.   By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the United States, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff for *civil conspiracy* by and for acting in concert with PCSO defendant Detective HUDSON, or with two or more persons including herself, to violate **Title 15 U.S.C. §§ 1681b(a)(3), 1681b(f)(1) & (2), 1681e(a), 1681m(a)(1)-(2)-(3) and 1681q** (a felony), and **Title 18 U.S.C. § 2701(a)(2)** (a felony and a civil penalty), all incorporated herein by reference.   PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA* and other federal and state laws, supra, and to not violate Plaintiff's federal civil rights and other statutory rights.   Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

86.    By willfully and intentionally doing the aforesaid unlawful acts, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 15, 19 and 19.4), as set forth in those statutes, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under **Section 12051, subd. (a)(3)(C)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00),** or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

### SEPARATE THIRD CLAIM FOR RELIEF

### {STATUTORY DAMAGES (CIVIL PENALTIES)}

**(Negligent Violation of Federal and State Laws; Breach of Legal and ministerial Duty, et al.)**

**{Title 15 U.S.C. §§ 1681b(a)(3)(D), 1681b(f)(1) & (2), 1681e(a), 1681f, and 1681o; Title 42 U.S.C. §§ 408(a)(8) and Title 42 U.S.C. § 1983, et al.}**

**(Negligence Per Se; Civil Liability for Negligent Noncompliance)**

**{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

**(COUNTS 7, 8 & 9)**

87.    The factual allegations set forth in paragraphs 1 through 34 inclusive are incorporated herein by reference.

88.    On information and belief, **on or about July 8, 2004,** PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant

"JFA", et al., negligently requested, procured, **obtained access to and data from** Plaintiff's "consumer (credit) report" information or data on/in "file(s)" within the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"), <u>without statutory authorization and without a court order or search warrant</u>, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference. This factual allegation is evidenced by a "consumer (credit) report" inquiry made **before August 17, 2004 (or on or about July 8, 2004), showing "PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA 95603, (formerly) telephone number (916) 889-7088",** as the location and/or telephone number obtaining said "consumer (credit) report", as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

89.   <u>On information and belief</u>, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

90.   <u>On information and belief</u>, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (legal and ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not authorize, require and include any "consumer (credit) report" information or data for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

91.    <u>On information and belief</u>, PCSO defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) <u>then assigned—between June-August 2004—to manage or oversee the CCW License Unit</u> within the Placer County Sheriff's Office ("PCSO").

92.    PCSO defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any CRA-public record data (other than certain identifying data) and/or other personal/confidential credit or creditor information on or for Plaintiff's aforesaid CCW Application, <u>in excess of</u> the specific information required and allowed under **California Penal Code § 12051, subd. (a)(3)(C), Civil Code 1785.12 and Title 15 U.S.C. § 1681f.**

93.    <u>On information and belief</u>, PCSO defendant Lt. HARRIS, et al., negligently and recklessly violated the federal *Fair Credit Reporting Act (FCRA)* at **Title 15 U.S.C. §§ 1681b, subds. (a)(3), (f)(1) & (2); 1681e, subd. (a) and 1681f**, notwithstanding said **Section 1681f** (Disclosures to government agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

94.    PCSO defendant Lt. HARRIS, et al., accomplished and committed the aforesaid acts by unlawfully using the social security number (SSN) of Plaintiff (any person) in violation of the laws of the United States, supra, which is itself a federal felony pursuant to **Title 42 U.S.C. § 408, subd. (a)(8).**

95.    PCSO defendant Lt. HARRIS, et al., owed a legal duty of care to Plaintiff under federal law to comply with the federal *Fair Credit Reporting Act (FCRA)* and

1    other state and federal civil and criminal laws prohibiting the unlawful access and use of

2    *creditor or credit data*, reports, in conjunction with Plaintiff's aforesaid CCW Application.

3
4    PCSO defendant Lt. HARRIS, et al., willfully neglected and failed to conform her

5    conduct to federal and state law, and thus breached said duty of care owed to Plaintiff.

6        96.    The aforesaid willful neglect and failure of Lt. HARRIS, et al. to conform

7    her conduct to federal and state law was the direct and proximate cause (causation) of

8
9    said violations under the aforesaid state and federal civil and criminal laws, supra,

10   resulting in the aforesaid breach of duty of care owed to Plaintiff.

11       97.    As a direct and natural consequence of aforesaid willful neglect and failure

12   of Lt. HARRIS, et al. to comply with federal and state laws, supra, Plaintiff's

13   constitutional right to privacy and other statutory rights under the federal *Fair Credit*

14
15   *Reporting Act (FCRA)* and other state and federal civil and criminal laws were violated,

16   and Plaintiff was damaged by such negligent breach or violations.

17            **(Civil Liability for Statutory Violations, "Negligence Per Se")**

18       98.    The factual allegations set forth in paragraphs 87 through 97 inclusive are

19   incorporated herein by reference.
20

21   .    99.    By negligently and recklessly doing the aforesaid unlawful acts, including

22   breach of said legal and ministerial duty and hence duty of care owed to Plaintiff under

23   federal and state laws, supra, PCSO defendant Lt. HARRIS, et al., is "negligence per

24   se" as a matter of law and **civilly and/or vicariously liable** to Plaintiff for each breach,

25
26   violation or count pursuant to **Title 15 U.S.C. §§ 1681b, subds. (a)(3), (f)(1) & (2);**

27   **1681e, subd. (a) and 1681f; § 1681o(a)(1)** (Civil liability for negligent noncompliance;

28

negligence per se[5]), as further set forth in that statute, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** as a civil penalty (or general damages) for each negligent breach, violation or count under **Title 15 U.S.C § 1681o(a)(1)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00),** or **seven times** any general damages.

100.    By negligently and recklessly doing the aforesaid unlawful acts, including breach of said legal and ministerial duty and hence duty of care owed to Plaintiff under federal and state laws, supra, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff and/or criminally responsible for each violation or count under the federal *Social Security Act* at **Title 42 U.S.C. § 408, subd. (a)(8)** (using the social security number (SSN) of any person in violation of the laws of the United States, a felony).  Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in general damages for each negligent breach, violation or count under said statute, plus **punitive damages** of **Seventy Thousand Dollars ($70,000.00)** or **seven times** any general damages.

101.    Plaintiff is also entitled to assert a civil action (civil remedy) and seek monetary damages for violations of federal criminal laws committed against him by Lt. HARRIS, et al., pursuant to **Restatement (Second) of Torts § 286** and *Wyandotte Co. v. United States,* 389 U.S. 191, 202, 88 S.Ct. 379, 386 (1967) (allowing civil actions for violations of federal criminal laws unless disallowed under particular federal statute).

102.    By negligently and recklessly doing the aforesaid unlawful acts, including breach of said legal and ministerial duty and hence duty of care owed to Plaintiff under

---

[5] "Negligence per se" for violation of public laws designed to persons, including Plaintiff.

state and federal civil and criminal laws, supra, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 15, 19 and 19.4).   Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each negligent breach, violation or count under said statute, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

### SEPARATE FOURTH CLAIM FOR RELIEF

#### {STATUTORY DAMAGES (CIVIL PENALTIES)}

#### (Statutory Damages under California Law)

**(Knowingly and Willfully Obtaining Access to CRA Files;
Civil Conspiracy/Vicarious Liability for Statutory Violations)**

**{Civil Code §§ 1785.11(a)(3) and/or 1785.12; § 1785.19, subds. (a)(1) & (b)}**

**{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

#### (COUNTS 10, 11 & 12)

103.    The factual allegations set forth in paragraphs 1 through 34 inclusive are incorporated herein by reference.

104.    <u>On information and belief</u>, **on or about July 8, 2004,** PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., knowingly and willfully (intentionally) requested, procured, and **obtained**

1    **access to** Plaintiff's "consumer (credit) report" information or data on/in "file(s)" within

2    the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"),

3

4    without statutory authorization and without a court order or search warrant, in

5    consideration of Plaintiff's aforesaid CCW Application on file with the Placer County

6    Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal**

7    **Code § 12050 and § 12051, subd. (a)(3)(C)**, incorporated herein by reference. This

8    factual allegation is evidenced by a "consumer (credit) report" inquiry made **before**

9

10   **August 17, 2004 (or on or about July 8, 2004)**, showing **"PLACER COUNTY COURT**

11   **RD, 11546 "B" AVENUE, AUBURN, CA  95603, (formerly) telephone number (916)**

12   **889-7088"**, as the location and/or telephone number obtaining said "consumer (credit)

13   report", as also alleged in Plaintiff's ***"2nd AMENDED CLAIM AGAINST PUBLIC***

14   ***ENTITY,*** dated January 4, 2005, supra, incorporated herein by reference as if set forth

15

16   in full.

17       105.   On information and belief, **California Penal Code § 12050 and § 12051,**

18   **subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory

19   authority to issue licenses to "carry concealed weapons" (CCWs) in the state of

20

21   California.

22       106.   On information and belief, **California Penal Code § 12051, subd.**

23   **(a)(3)(C)** specifically states the (legal and ministerial) requirement or scope of

24   information required for the standard CCW Application.  This statute clearly does not

25

26   authorize, require and include any "consumer (credit) report" information or data for

27   such CCW Applications, or for consideration and issuance of such licenses (CCWs).

28

107.   On information and belief, PCSO defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then assigned—between June-August 2004—to manage or oversee the CCW License Unit within the Placer County Sheriff's Office ("PCSO").

108.   PCSO defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any "consumer (credit) report" information or data on or for Plaintiff's aforesaid CCW Application, in excess of the specific information required and allowed under **California Penal Code § 12051, subd. (a)(3)(C), Civil Code 1785.12 and Title 15 U.S.C. § 1681f.**

109.   On information and belief, PCSO defendant Lt. HARRIS, et al., violated, and conspired to violate, the California ***Consumer Credit Reporting Agencies Act (CCRAA)* at California Civil Code §§ 1785.11, subd. (a)(3) and 1785.12,** by knowingly and willfully (intentionally) **obtaining access to** Plaintiff's "consumer (credit) report" information or data ***under false pretenses,*** with a subscriber (or user) telephone line or computer (via the Internet), notwithstanding said **Section 1785.12** (Report to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

110.   The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by PCSO defendants Lt. HARRIS, Detective HUDSON and/or defendant "JFA", et al., into a computer (via the Internet), *falsely indicating that Plaintiff was applying for employment* (or other false or improper

1   reason) with the COUNTY OF PLACER, et al., in order for the CRA (or CDB) to grant

2   access to and provide Plaintiff's "consumer (credit) report" information or data as sought

3
    and utilized by PCSO defendant Lt. HARRIS, et al.
4

5       111.   PCSO defendant Lt. HARRIS, et al., **conspired** to commit the foregoing

6   unlawful acts by deliberately and willfully (intentionally) acting in concert with PCSO

7   defendant Detective HUDSON, or with two or more persons including herself.  PCSO

8
    defendants owed Plaintiff a legal duty to obey—but failed to comply with—the California
9

10  **CCRAA** and other federal and state laws, supra, and to not violate Plaintiff's privacy

11  and other statutory rights.

12          **(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

13
14      112.   The factual allegations set forth in paragraphs 103 through 111 inclusive

15  are incorporated herein by reference.

16      113.   By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt.

17  HARRIS, et al., is **civilly and/or vicariously liable** to Plaintiff for a **statutory civil**

18  **penalty** in the sum of **Two Thousand, Five Hundred Dollars ($2,500.00)**, plus

19
20  **punitive damages**, for each violation or count pursuant to the California **Consumer**

21  **Credit Reporting Agencies Act (CCRAA)** at Civil Code §§ 1785.11, subd. (a)(3)

22  **and/or 1785.12; § 1785.19, subds. (a)(1) & (b)** (issuance of [consumer credit] reports

23  not initiated by consumer; knowingly, willingly and unlawfully **obtaining access to**

24
25  "consumer (credit) report" information or data), as set forth in that statute, incorporated

26  herein by reference.   Thus, Plaintiff hereby asserts and claims the sum of **Two**

27  **Thousand, Five Hundred Dollars ($2,500.00)** as a **statutory civil penalty** for each

28  violation or count under **Civil Code § 1785.19, subds. (a)(1) & (b)**, plus **punitive**

1    damages of **Seventeen Thousand, Five Hundred Dollars ($17,500.00)**, or **seven**

2    **times** any general damages.

3

4    **(Civil Conspiracy/Vicarious Liability for Statutory Violations; Punitive Damages)**

5        114.    The factual allegations set forth in paragraphs 103 through 113 inclusive

6    are incorporated herein by reference.

7        115.    By willfully and intentionally conspiring to do the aforesaid civil violations

8    and tortious acts in violation of the laws of the state of California, PCSO defendant Lt.

9

10   HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff for **civil conspiracy**

11   by and for acting in concert with PCSO defendant Detective HUDSON, or with two or

12   more persons including herself, to violate the California **CCRAA**.  PCSO defendants

13   owed Plaintiff a legal duty to obey—but failed to comply with—the **CCRAA** and other

14

15   federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory

16   rights.  Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars**

17   **($10,000.00)** in **punitive damages** for **civil conspiracy,** or **seven times** any civil

18   penalties or general damages.

19
        116.    By willfully and intentionally doing the aforesaid unlawful acts, PCSO
20
21   defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff and/or

22   criminally responsible for each violation or count under **California Penal Code § 12051,**

23   **subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 15, 19 and 19.4).  Thus,

24
     Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in
25
26   general damages for each violation or count under said statute, plus **punitive damages**

27   of **Seven Thousand Dollars ($7,000.00),** or **seven times** any general damages, as

28

1   permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies**

2   **preserved).**

5   ### SEPARATE FIFTH CLAIM FOR RELIEF

6   ### {STATUTORY DAMAGES (CIVIL PENALTIES)}

7   ### (Statutory Damages under California Law)

8   ### (Knowingly and Willfully Obtaining Data from CRA Files)

9   ### {Civil Code §§ 1785.11(a)(3) and 1785.12; § 1785.19, subds. (a)(2) & (b)}

10  ### {TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}

12  ### (COUNTS 13, 14 & 15)

13      117.   The factual allegations set forth in paragraphs 1 through 34 inclusive are

15  incorporated herein by reference.

16      118.   <u>On information and belief</u>, **on or about July 8, 2004,** PCSO defendants

17  Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant

18  "JFA", et al., knowingly and willfully (intentionally) requested, procured, and **obtained**

19  **data from** Plaintiff's "consumer (credit) report" information or data on/in "file(s)" within

21  the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"),

22  <u>without statutory authorization and without a court order or search warrant</u>, in

23  consideration of Plaintiff's aforesaid CCW Application on file with the Placer County

24  Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal**

26  **Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.  This

27  factual allegation is evidenced by a "consumer (credit) report" inquiry made **before**

28  **August 17, 2004 (or on or about July 8, 2004),** showing **"PLACER COUNTY COURT**

**RD, 11546 "B" AVENUE, AUBURN, CA 95603, (formerly) telephone number (916) 889-7088",** as the location and/or telephone number obtaining said "consumer (credit) report", as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

119.   On information and belief, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

120.   On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (legal and ministerial) requirement or scope of information required for the standard CCW Application.  This statute clearly does not authorize, require and include any "consumer (credit) report" information or data for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

121.   On information and belief, PCSO defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then assigned—between June-August 2004—to manage or oversee the CCW License Unit within the Placer County Sheriff's Office ("PCSO").

122.   PCSO defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any "consumer (credit) report" information or data on or for Plaintiff's aforesaid CCW Application, in excess of the specific information required and allowed under **California Penal Code § 12051, subd. (a)(3)(C), Civil Code 1785.12 and Title 15 U.S.C. § 1681f.**

123.   <u>On information and belief</u>, PCSO defendant Lt. HARRIS, et al., violated, and conspired to violate, the California ***Consumer Credit Reporting Agencies Act (CCRAA)*** at **California Civil Code §§ 1785.11, subd. (a)(3) and 1785.12,** by knowingly and willfully (intentionally) <u>**obtaining data from**</u> Plaintiff's "consumer (credit) report" information or data ***<u>under false pretenses,</u>*** with a subscriber (or user) telephone line or computer (via the Internet), notwithstanding said **Section 1785.12** (Report to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

124.   The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by PCSO defendants Lt. HARRIS, Detective HUDSON and/or defendant "JFA", et al., into a computer (via the Internet), *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA (or CDB) to grant access to and provide Plaintiff's "consumer (credit) report" information or data as sought and utilized by PCSO defendant Lt. HARRIS, et al.

125.   PCSO defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with PCSO defendant Detective HUDSON, or with two or more persons including herself.  PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the California ***CCRAA*** and other federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory rights.

**(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

126.    The factual allegations set forth in paragraphs 117 through 125 inclusive are incorporated herein by reference.

127.    By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt. HARRIS, et al., is **civilly and/or vicariously liable** to Plaintiff for a **statutory civil penalty** in the sum of **Two Thousand, Five Hundred Dollars ($2,500.00)**, plus **punitive damages**, for each   violation or count pursuant to the California *Consumer Credit Reporting Agencies Act (CCRAA)* at **Civil Code §§ 1785.11, subd. (a)(3) and/or 1785.12; § 1785.19, subds. (a)(2) & (b)** (issuance of [consumer credit] reports not initiated by consumer; knowingly, willingly and unlawfully **obtaining data from** "consumer (credit) report" information or data), as set forth in that statute, incorporated herein by reference.    Thus, Plaintiff hereby asserts and claims the sum of **Two Thousand, Five Hundred Dollars ($2,500.00)** as a **statutory civil penalty** for each violation or count under **Civil Code § 1785.19, subds. (a)(2) & (b),** plus **punitive damages** of **Seventeen Thousand, Five Hundred Dollars ($17,500.00)**, or **seven times** any civil penalties or general damages.

**(Civil Conspiracy/Vicarious Liability for Statutory Violations; Punitive Damages)**

128.    The factual allegations set forth in paragraphs 117 through 127 inclusive are incorporated herein by reference.

129.    By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the state of California, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff for *civil conspiracy* by and for acting in concert with PCSO defendant Detective HUDSON, or with two or

more persons including herself, to violate the California **CCRAA.** PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the **CCRAA** and other federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

130.  By willfully and intentionally doing the aforesaid unlawful acts, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051, subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 15, 19 and 19.4). Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under said statute, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00),** or **seven times** any civil penalties or general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

<u>**SEPARATE SIXTH CLAIM FOR RELIEF**</u>

**{STATUTORY DAMAGES (CIVIL PENALTIES)}**

**(Statutory Damages under California Law)**

**(Knowingly and Willfully <u>Using Data Received from</u> CRA Files)**

**{Civil Code §§ 1785.11(a)(3); § 1785.19, <u>subds. (a)(3) & (b)</u>}**

**{<u>TRANS UNION</u>, <u>EQUIFAX</u> and <u>EXPERIAN</u> Credit Reporting Agencies}**

**(COUNTS 16, 17 & 18)**

131.   The factual allegations set forth in paragraphs 1 through 34 inclusive are incorporated herein by reference.

132.   <u>On information and belief</u>, **on or about July 8, 2004,** PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., knowingly and willfully (intentionally) requested, procured, and **<u>using data received from</u>** Plaintiff's "consumer (credit) report" information or data on/in "file(s)" within the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"), <u>without statutory authorization and without a court order or search warrant</u>, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C),** incorporated herein by reference.   This factual allegation is evidenced by a "consumer (credit) report" inquiry made **before August 17, 2004 (or on or about July 8, 2004),** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA 95603, (formerly) telephone number (916) 889-7088",** as the location and/or telephone number obtaining said "consumer (credit) report", as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

133.   <u>On information and belief</u>, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

134.   On information and belief, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (legal and ministerial) requirement or scope of information required for the standard CCW Application.  This statute clearly does not authorize, require and include any "consumer (credit) report" information or data for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

135.   On information and belief, PCSO defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) then assigned—between June-August 2004—to manage or oversee the CCW License Unit within the Placer County Sheriff's Office ("PCSO").

136.   PCSO defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any "consumer (credit) report" information or data on or for Plaintiff's aforesaid CCW Application, in excess of the specific information required and allowed under **California Penal Code § 12051, subd. (a)(3)(C), Civil Code 1785.12 and Title 15 U.S.C. § 1681f.**

137.   On information and belief, PCSO defendant Lt. HARRIS, et al., violated, and conspired to violate, the California *Consumer Credit Reporting Agencies Act (CCRAA)* **at California Civil Code §§ 1785.11, subd. (a)(3) and 1785.12,** by knowingly and willfully (intentionally) using data received from Plaintiff's "consumer (credit) report" information or data *under false pretenses,* with a subscriber (or user) telephone line or computer (via the Internet), notwithstanding said **Section 1785.12** (Report to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

138.   The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by PCSO defendants Lt. HARRIS, Detective HUDSON and/or defendant "JFA", et al., into a computer (via the Internet), *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA (or CDB) to grant access to and provide Plaintiff's "consumer (credit) report" information or data as sought and utilized by PCSO defendant Lt. HARRIS, et al.

139.   PCSO defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with PCSO defendant Detective HUDSON, or with two or more persons including herself.  PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the California *CCRAA* and other federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory rights.

**(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

140.   The factual allegations set forth in paragraphs 131 through 139 inclusive are incorporated herein by reference.

141.   By willfully and intentionally doing the aforesaid acts, PCSO defendant Lt. HARRIS, et al., is **civilly and/or vicariously liable** to Plaintiff for a **statutory civil penalty** in the sum of **Two Thousand, Five Hundred Dollars ($2,500.00)**, plus **punitive damages**, for each violation or count pursuant to the California *Consumer Credit Reporting Agencies Act (CCRAA)* at Civil Code §§ 1785.11, subd. (a)(3) and/or 1785.12; § 1785.19, **subds. (a)(3) & (b)** (issuance of [consumer credit] reports

not initiated by consumer; knowingly, willingly and unlawfully **using data received from** the "consumer (credit) report" information or data), as set forth in that statute, incorporated herein by reference. Thus, Plaintiff hereby asserts and claims the sum of **Two Thousand, Five Hundred Dollars ($2,500.00)** as a **statutory civil penalty** for each violation or count under **Civil Code § 1785.19, subds. (a)(3) & (b)**, plus **punitive damages** of **Seventeen Thousand, Five Hundred Dollars ($17,500.00)**, or **seven times** any civil penalties or general damages.

**(Civil Conspiracy/Vicarious Liability for Statutory Violations; Punitive Damages)**

142. The factual allegations set forth in paragraphs 131 through 141 inclusive are incorporated herein by reference.

143. By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the state of California, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff for *civil conspiracy* by and for acting in concert with PCSO defendant Detective HUDSON, or with two or more persons including herself, to violate the California *CCRAA*. PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the *CCRAA* and other federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory rights. Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

144. By willfully and intentionally doing the aforesaid unlawful acts, PCSO defendant Lt. HARRIS, et al., is also **civilly and/or vicariously liable** to Plaintiff and/or criminally responsible for each violation or count under **California Penal Code § 12051,**

**subd. (a)(3)(C)** (a misdemeanor pursuant to Penal Code §§ 15, 19 and 19.4).  Thus, Plaintiff hereby asserts and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under said statute, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any civil penalties or general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

<u>**SEPARATE SEVENTH CLAIM FOR RELIEF**</u>

**{STATUTORY DAMAGES (CIVIL PENALTIES)}**

**(Additional Civil Liability for Willful or Negligent Violations)**

**{California Civil Code §§ 1785.20(a)(1-4); 1785.31(a)(1) or (b)(A-C) and (c), et al.}**

**(Failure of "User" (PCSO Defendants) to Comply with
Statutory Notification Requirements Regarding Adverse Action)**

**{<u>TRANS UNION</u>, <u>EQUIFAX</u> and <u>EXPERIAN</u> Credit Reporting Agencies}**

**(COUNTS 19, 20 & 21)**

145.    The factual allegations set forth in paragraphs 1 through 34 inclusive are incorporated herein by reference.

146.    <u>On information and belief</u>, **on or about July 8, 2004,** PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., knowingly and willfully (intentionally) requested, procured, and <u>**adversely used information—in whole or in part**</u>—obtained or received from Plaintiff's "consumer (credit) report" data on/in "file(s)" within the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"), <u>without statutory authorization and without a court order or search warrant</u>, in consideration of Plaintiff's aforesaid CCW

Application on file with the Placer County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)**, incorporated herein by reference. This factual allegation is evidenced by a "consumer (credit) report" inquiry made **before August 17, 2004 (or on or about July 8, 2004),** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA 95603, (formerly) telephone number (916) 889-7088"**, as the location and/or telephone number obtaining said "consumer (credit) report", as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

147. <u>On information and belief</u>, **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)** exclusively governs the standard CCW Application and statutory authority to issue licenses to "carry concealed weapons" (CCWs) in the state of California.

148. <u>On information and belief</u>, **California Penal Code § 12051, subd. (a)(3)(C)** specifically states the (legal and ministerial) requirement or scope of information required for the standard CCW Application. This statute clearly does not authorize, require and include any "consumer (credit) report" information or data for such CCW Applications, or for consideration and issuance of such licenses (CCWs).

149. <u>On information and belief</u>, PCSO defendant Lt. HARRIS is (or was) a career law enforcement officer (lieutenant) <u>then assigned—between June-August 2004—to manage or oversee the CCW License Unit</u> within the Placer County Sheriff's Office ("PCSO").

150.    PCSO defendant Lt. HARRIS knew—or should have known—that she had no lawful authority to require, request, obtain, procure or utilize any "consumer (credit) report" information or data on or for Plaintiff's aforesaid CCW Application, in excess of the specific information required and allowed under **California Penal Code § 12051, subd. (a)(3)(C), Civil Code 1785.12 and Title 15 U.S.C. § 1681f.**

151.    On information and belief, PCSO defendant Lt. HARRIS, et al., violated, and conspired to violate, the California *Consumer Credit Reporting Agencies Act (CCRAA)* at **California Civil Code §§ 1785.20, subd. (a)(1-4)**, by adversely using information—in whole or in part—obtained or received from Plaintiff's "consumer (credit) report" information or data *under false pretenses,* with a subscriber (or user) telephone line or computer (via the Internet), notwithstanding said **Section 1785.12** (Report to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

152.    The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by PCSO defendants Lt. HARRIS, Detective HUDSON and defendant "JFA", et al., into a computer (via the Internet), *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA (or CDB) to grant access to and provide Plaintiff's "consumer (credit) report" information or data as sought and utilized by PCSO defendant Lt. HARRIS, et al.

153.    PCSO defendant Lt. HARRIS, et al., **conspired** to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with PCSO defendant Detective HUDSON, or with two or more persons including herself.  PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the California **CCRAA** and other federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory rights.

**(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

154.    The factual allegations set forth in paragraphs 145 through 153 inclusive are incorporated herein by reference.

155.    In the alternative, Plaintiff requests that judgment be entered against PCSO defendants under this **Separate Seventh Claim for Relief (Counts 19, 20 & 21)** for the same or similar federal statutory violations as stated in his **Separate Second Claim for Relief (Counts 4, 5 & 6)**, at paragraphs 58 through 82 inclusive, in accordance with **California Civil Code § 1785.34, subds. (a) & (b)**.  In such event, Plaintiff will request or stipulate to dismissal of the **Separate Second Claim for Relief (Counts 4, 5 & 6)**, supra.

156.    By willfully and intentionally, or negligently, doing the aforesaid acts, PCSO defendant Lt. HARRIS, et al., is **civilly and/or vicariously liable** to Plaintiff for a **statutory civil penalty** in the sum of **Five Thousand Dollars ($5,000.00)**, plus **punitive damages**, for each violation or count pursuant to **Consumer Credit Reporting Agencies Act (CCRAA)** at **California Civil Code §§ 1785.20, subd. (a)(1-4); 1785.31, subds. (a)(1) or (b)(A-C) and (c)**, as set forth in those statutes, incorporated herein by reference.  Thus, Plaintiff hereby asserts and claims the sum of

1   Five Thousand Dollars ($5,000.00) (and in no case less than $2,500.00) as a

2   statutory civil penalty for each violation or count under *Consumer Credit Reporting*

3   *Agencies Act (CCRAA)* at Civil Code § 1785.31, subds. (a)(1) or (b)(A-C) and (c),

4

5   plus punitive damages of Thirty-Five Thousand Dollars ($35,000.00), or seven

6   times any civil penalties or general damages.

7   (Civil Conspiracy/Vicarious Liability for Statutory Violations; Punitive Damages)

8       157.    The factual allegations set forth in paragraphs 145 through 156 inclusive

9
10  are incorporated herein by reference.

11      158.    By willfully and intentionally conspiring to do the aforesaid civil violations

12  and tortious acts in violation of the laws of the state of California, PCSO defendant Lt.

13  HARRIS, et al., is also civilly and/or vicariously liable to Plaintiff for *civil conspiracy*

14
15  by and for acting in concert with PCSO defendant Detective HUDSON, or with two or

16  more persons including herself, to violate the California *CCRAA*.  PCSO defendants

17  owed Plaintiff a legal duty to obey—but failed to comply with—the *CCRAA* and other

18  federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory

19  rights.  Thus, Plaintiff hereby asserts and claims the sum of Ten Thousand Dollars

20
21  ($10,000.00) in punitive damages for *civil conspiracy,* or seven times any civil

22  penalties or general damages.

23      159.    By willfully and intentionally doing the aforesaid unlawful acts, PCSO

24  defendant Lt. HARRIS, et al., is also civilly and/or vicariously liable to Plaintiff and/or

25
26  criminally responsible for each violation or count under California Penal Code § 12051,

27  subd. (a)(3)(C) (a misdemeanor pursuant to Penal Code §§ 15, 19 and 19.4), as set

28  forth in those statutes, incorporated herein by reference.  Thus, Plaintiff hereby asserts

and claims the sum of **One Thousand Dollars ($1,000.00)** in general damages for each violation or count under **Section 12051, subd. (a)(3)(C)**, plus **punitive damages** of **Seven Thousand Dollars ($7,000.00)**, or **seven times** any general damages, as permitted by **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

### SEPARATE EIGHTH CLAIM FOR RELIEF

**(Tort Law: Invasion of Privacy, "Unreasonably Intrusive Investigation" and/or "Intrusion Upon Seclusion", Restatement 2d of Torts, Appendix § 652B (1977) )**

**(Intentional Tort: Violation of Federal and State Laws; Common Law)**

**{TRANS UNION, EQUIFAX and EXPERIAN Credit Reporting Agencies}**

**(COUNT 22)**

160.    The factual allegations set forth in paragraphs 1 through 159 inclusive are incorporated herein by reference.

161.    <u>On information and belief</u>, **on or about July 8, 2004,** PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., knowingly and willfully (intentionally) requested, procured, **obtained access to, obtained data from, and utilized data received from** Plaintiff's "consumer (credit) report" information or data on/in "file(s)" within the TRANS UNION or EQUIFAX or EXPERIAN Credit Reporting Agencies ("CRAs"), <u>without statutory authorization and without a court order or search warrant</u>, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Office ("PCSO"), submitted to Lt. HARRIS, et al., pursuant to **California Penal Code § 12050 and § 12051, subd. (a)(3)(C)**, incorporated herein by reference. This factual allegation is evidenced by a

"consumer (credit) report" inquiry made **before August 17, 2004 (or on or about July 8, 2004),** showing **"PLACER COUNTY COURT RD, 11546 "B" AVENUE, AUBURN, CA 95603, (formerly) telephone number (916) 889-7088",** as the location and/or telephone number obtaining said "consumer (credit) report", as also alleged in Plaintiff's **"2nd AMENDED CLAIM AGAINST PUBLIC ENTITY,** dated January 4, 2005, supra, incorporated herein by reference as if set forth in full.

162.    On information and belief, PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., violated the restrictions of **Title 15 U.S.C. §§ 1681b(a)(3), 1681f(1) & (2) and § 1681q** (federal **FCRA** civil and criminal violations, under false pretenses), and **Title 18 U.S.C. §§ 1030(a)(2)(A)** (federal **CFAA** criminal violations), <u>and</u> **Title 18 U.S.C. § 2701(a)(2)** (federal **ECPA** criminal violations; civil action), by way of violation of **California Penal Code § 12051, subd. (a)(3)(C),** all incorporated herein by reference.

163.    On information and belief, PCSO defendants Lt. VALERIE HARRIS ("Lt. HARRIS"), Detective JAMES (JIM) HUDSON and defendant "JFA", et al., also violated Plaintiff's statutory (id.) and constitutional <u>right to privacy, solitude and seclusion</u> as protected under the **NINTH AMENDMENT to the U.S. Constitution** <u>and</u> **ARTICLE 1, Section 1 of the California Constitution,** both incorporated herein by reference, by knowingly and willfully (intentionally) **<u>searching</u>,** intruding, requiring, requesting, procuring, **<u>obtaining access to, obtaining data from, and using data received from</u>** Plaintiff's "consumer (credit) report(s)," and other unauthorized information or criteria, in consideration of Plaintiff's aforesaid CCW Application on file with the Placer County Sheriff's Office ("PCSO"). **Such unlawful and tortious conduct was highly intrusive**

and offensive to Plaintiff and his privacy interests and reasonable expectation of privacy.

164.   Plaintiff had a <u>reasonable expectation of privacy</u> and <u>private property interest</u> (as a sub-tenant at the subject property), as protected by federal and state law, supra, but PCSO defendants nevertheless knowingly and intentionally violated the law and Plaintiff's legal rights.

**(Civil and Vicarious Liability; General or Punitive Damages))**

165.   The factual allegations set forth in paragraphs 160 through 164 inclusive are incorporated herein by reference.

166.   For this separate violation or tort, Plaintiff hereby claims and demands an additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive Damages against defendants under applicable federal and state law, the common law, as well as **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved)**.

## SEPARATE NINTH CLAIM FOR RELIEF

**(Unreasonable Search; Violation of Fourth Amendment to the United States Constitution and California Constitution, Article 1 § 13, Without Search Warrant, and/or
Civil and Criminal Trespass onto Privately Leased & Fenced Land)**

**(Intentional Tort:  Violation of Federal and State Laws; Common Law)**

**{Constitutional, Civil and/or Common Law Tort; California
Penal Code § 602(k) and/or § 602(m), and Penal Code § 9}**

**(COUNT 23)**

167.   The factual allegations set forth in paragraphs 1 through 166 inclusive are incorporated herein by reference.

168.   **On or about July 9 or 10, 2004,** PCSO defendant Detective HUDSON, et al., without statutory authorization and without a court order or search warrant, and at the direction of PCSO defendant Lt. HARRIS, wrongfully, willfully and intentionally **trespassed** over or through the "fenced" and "locked gate" onto the private real property occupied by Plaintiff (a subtenant).

169.   After gaining entry, Detective HUDSON traversed several hundred yards from the locked gate and within the "curtilage" of a private residence located at 4868 Val Verde Road, Loomis, California, to search for Plaintiff (while he was in the bathroom shower). Plaintiff was shocked, outraged and emotionally upset about this and other violations of Plaintiff's constitutional and statutory rights under both federal and state laws, including but not limited to Plaintiff's **federal (Fourth Amendment) and California (Article 1 § 13) constitutional right** to be free from unlawful or unreasonable searches, and be free from violation of the civil or common law of trespassing, and **California Penal Code § 602(k)** (criminal trespassing, fenced property) and/or **Penal Code § 602(m)** (criminal trespassing, driving any vehicle onto real property...).

170.   Plaintiff had a "reasonable expectation of privacy" as protected by federal and state law, but PCSO defendants Lt. HARRIS and Detective HUDSON, and other private defendants herein, nevertheless knowingly and intentionally violated the law and Plaintiff's legal right to privacy and to be free from unlawful or unreasonable searches.

**(Civil and Vicarious Liability and/or Criminal Penalties; Punitive Damages)**

171.   The factual allegations set forth in paragraphs 167 through 170 inclusive are incorporated herein by reference.

172.    For this separate violation or tort, Plaintiff hereby claims and demands an additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive Damages against said PCSO defendants, jointly and severally, under applicable federal and state law, the common law, under applicable federal and state law, the common law, as well as **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

## SEPARATE TENTH CLAIM FOR RELIEF

**(Tort Law: Intentional or Negligent Infliction of Severe Emotional Distress and Mental Suffering; Violation of Federal and State Laws, Negligence Per Se)**

**(Intentional or Negligent Tort; Common Law)**

**(COUNT 24)**

173.    The factual allegations set forth in paragraphs 1 through 172 inclusive are incorporated herein by reference.

174.    **On or about July 13, 2004, and thereafter,** PCSO defendants Lt. HARRIS and Detective HUDSON, et al., <u>without statutory authorization and without a court order or search warrant,</u> intentionally, or negligently and recklessly, caused and inflicted severe emotional distress and mental suffering upon Plaintiff's person by violating his statutory and constitutional privacy rights and interests, including but not limited to numerous violations of Plaintiff's constitutional rights and statutory rights under the federal **Fair Credit Reporting Act (FCRA)** and California **Consumer Credit Reporting Agencies Act (CCRAA),** as previously alleged in **COUNTS 1 through 23,** incorporated herein by reference.

175.  As a direct and proximate (legal) cause, Plaintiff has consequentially suffered humiliation, insult, indignity, worry, stress, anxiety, mental pain and loss of sleep in having to cope and deal with the unlawful actions and conduct of Lt. HARRIS, et al., in violation of numerous federal and state laws, supra and infra, including various criminal acts and civil or common law torts directed at and committed against Plaintiff, as previously alleged in **COUNTS 1 through 23,** incorporated herein by reference.

### (Civil and Vicarious Liability; Punitive Damages)

176.  The factual allegations set forth in paragraphs 173 through 175 inclusive are incorporated herein by reference.

177.  For this separate violation or tort, Plaintiff hereby claims and demands an additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive Damages against defendants under applicable federal and state law, the common law, under applicable federal and state law, the common law, as well as **California CCP § 338(a) and Penal Code § 9 (Civil remedies preserved).**

### SEPARATE ELEVENTH CLAIM FOR RELIEF

**(Willfully Failing or Refusing to Perform Legal Duty; Obstruction of Justice; Failure to Adequately Supervise and Train Subordinates; Deliberate Indifference, Acquiesce, Approval and Ratification of Unlawful Conduct)**

**(Federal Civil Rights Violations; State Law Violations; Civil Liability)**

**{Title 42 U.S.C. §§ 1983; 1985, subds. (2) & (3); § 1986, § 1988(a); California Government Code § 1222; California Penal Code §§ 9, 142 and 661, et al.}**

**(COUNT 25)**

178.  The factual allegations set forth in paragraphs 1 through 177 inclusive are incorporated herein by reference.

179. **On or about September 9, 2004,** Plaintiff wrote and mailed a formal complaint letter to defendant Sheriff EDWARD N. BONNER ("Sheriff BONNER"), the chief law enforcement official and policymaker in and for the Placer County Sheriff's Office ("PCSO") and COUNTY OF PLACER. The letter was entitled, *"Internal Affairs Complaint and Criminal Complaint",* incorporated herein by reference. Sheriff BONNER displayed "deliberate indifference" by willfully and intentionally ignoring Plaintiff's internal affairs and criminal complaints against his subordinate officers for various criminal and tortious acts committed by them against Plaintiff.

180. On information and belief, PCSO defendants Sheriff BONNER and Undersheriff D'ARCY, jointly and severally, willfully failed or refused to investigate or take any legal or disciplinary action known to Plaintiff, and thereby obstructed justice and the due administration of the laws, and equal protection of the state and federal laws intended to protect the privacy rights of Plaintiff and other persons within the same classification, all in violation of and in detriment to Plaintiff's constitutional, civil and statutory rights.

181. On information and belief, PCSO defendants Sheriff BONNER and Undersheriff D'ARCY, jointly and severally, failed to adequately supervise and train their subordinates about the state of California CCW Application requirements and limitations under Penal Code § **12051, subd. (a)(3)(C),** incorporated herein by reference.

182. On information and belief, instead of terminating or otherwise disciplining PCSO defendants Lt. HARRIS and/or Detective HUDSON for their crimes and other unlawful acts against Plaintiff, PCSO defendants Sheriff BONNER and Undersheriff D'ARCY displayed "deliberate indifference" to Plaintiff by acquiescing, approving,

adopting and ratifying the improper and unlawful acts of PCSO defendants Lt. HARRIS and Detective HUDSON, supra.

183.    On information and belief, PCSO defendants Sheriff BONNER and Undersheriff D'ARCY also later recommended Lt. HARRIS for the position of Captain (or Chief of Police) with the Auburn Police Department, City of Auburn, California.

184.    On information and belief, PCSO defendants willfully violated, and conspired to violate, numerous state and federal laws, including but not limited to, **California Government Code § 1222** (Willful omission to perform duty, a misdemeanor); **California Penal Code § 142** (Refusing to receive or arrest person charged [accused] with crime, a felony); **Penal Code § 182, subds. (a)(1) & (5)** (Conspiracy; Obstruction of justice), **Penal Code § 661** (Removal from office for violation or neglect of official duty by public officers, a misdemeanor); violation of **Title 15 U.S.C. §§ 1681b(a)(3), 1681b(f), 1681e(a), 1681m(a)(1)-(2)-(3) & 1681q** (federal *FCRA* civil and criminal violations); **Title 18 U.S.C. § 1030(a)(2)(A)&(C)** (federal *CFAA* criminal violations, a felony), and **Title 18 U.S.C. § 2701(a)(2)** (federal *ECPA* civil and criminal violations, a felony), and **Title 18 U.S.C. § 4** (Misprision of felony, a felony), **§ 241** (Conspiracy against civil rights, a felony) and/or **§ 371** (Criminal conspiracy, a felony); *as well as* **Title 42 U.S.C. §§ 408(a)(8)** (Social Security Act SSN violation, a felony), *viz-a-via the foregoing federal laws of the United States, and* **Title 42 U.S.C. § 1983** (Civil action for deprivation of rights); **§ 1985, subds. (2) & (3)** (Conspiracy to interfere with civil rights; Obstructing justice; Depriving persons of rights or privileges, equal protection of the laws); and **§ 1986** (Action for neglect to prevent; failure to adequately supervise and train subordinates), all incorporated herein by reference.

185.   <u>On information and belief</u>, PCSO defendants, and each of them, committed <u>malfeasance</u> and/or <u>nonfeasance</u> of office or their official duty, including the legal duty to comply with all state and federal laws, previously set forth hereabove and incorporated herein by reference.

186.   <u>On information and belief</u>, based upon statements made to Plaintiff by PCSO defendants Lt. HARRIS and Detective HUDSON during an interview at the Placer County Sheriff's Office ("PCSO") **on or about July 13, 2004,** Plaintiff believes and contends that similar violations of federal and state law *may have* occurred, and may continue to occur, against other citizens in Placer County.   This issue will be resolved during formal discovery.  (If necessary, a separate complaint may be filed with the **Federal Trade Commission (FTC)** pursuant to **Title 15 U.S.C. § 1681s.)**

**(Civil Liability and/or Criminal Penalties; Punitive Damages; Penal Code § 9)**

187.   The factual allegations set forth in paragraphs 178 through 186 inclusive are incorporated herein by reference.

.   188.   For these related but separate violations of state and federal law as previously stated hereabove, Plaintiff hereby claims and demands an additional **Twenty-Five Thousand Dollars ($25,000.00)** in General or Punitive Damages against Sheriff BONNER, Undersheriff D'ARCY, and the COUNTY OF PLACER, et al., under applicable <u>federal case law</u>.

### SEPARATE TWELFTH CLAIM FOR RELIEF

**(Failure to Perform Legal and ministerial/Legal Duty; Forfeiture or Removal of Lt. Valerie Harris, Detective James (Jim) Hudson, Sheriff Edward N. Bonner, and Undersheriff Stephen L. D'Arcy from Public Office/Public Employment for Malfeasance and/or Nonfeasance of Office or Official Duty)**

**(Willful Neglect and Willful Violation of Federal and State Laws)**

**{Leave of Court to file future Separate Verified Complaint; Proceedings in the Nature of *Quo Warranto*, CCP §§ 803, 807 & 809 Title 11, California Code of Regulations; *or* Removal Proceedings per California Penal Code §§ 9 & 10, et al.}**

**(COUNT 26)**

189.    The factual allegations set forth in paragraphs 1 through 188 inclusive are incorporated herein by reference.

190.    All PCSO defendants, and each of them, violated numerous state and federal laws, and thereby failed to perform their sworn duty to uphold the laws and Constitutions of the United States and state of California as required their oaths of office (California Constitution, Article IV § 13 and California Government Code § 1360, both incorporated herein by reference).

191.    Following discovery in this instant action, Plaintiff may seek related criminal charges and/or bifurcation of this Verified Complaint for a separate trial (if required by law), *OR* seek leave of court to prepare a separate Verified Complaint for the California Attorney General under proceedings in the nature of *Quo Warranto*, pursuant to **CCP §§ 803, 807 & 809** and **Title 11 of the California Code or Regulations (CCR),** for the PCSO defendants' usurpation of public office/public employment by committing unlawful acts, and for failing to act, as required by state and federal laws, supra, incorporated herein by reference; *OR* otherwise press forfeiture or removal from public office/public employment proceedings pursuant to **California Penal Code §§ 9 & 10,** et al., as permitted by law. (Per case law, there is no civil statute of limitations for such removal proceedings from public office/public employment.)

**(Forfeiture or Removal from Public Office/Public Employment:  Civil Liability and/or Criminal Penalties under Government Code §§ 1222, 1021-1022, 1770(h), 1770.1)**

192.   The factual allegations set forth in paragraphs 189 through 191 inclusive are incorporated herein by reference.

193.   In committing the aforesaid violations of law and/or willfully neglecting or refusing to act as required by law, the PCSO defendants, and each of them, violated **California Government Code § 1222** (Willful omission to perform duty, a misdemeanor) and other state and federal laws, supra, incorporated herein by reference.   Therefore, if found guilty *or* liable, each defendant should be held *civilly and/or vicariously liable* and also imprisoned *or* removed from any and all public office/public employment for any *criminal acts,* as applicable and provided by **California Government Code §§ 1021-1022, 1770(h), 1770.1 or § 3000 and/or California Penal Code §§ 9, 10, 654 and 661,** for the following *civil and criminal law* violations:

193-A.        **PCSO defendant (former Lieutenant) HARRIS** for violations of the California *Consumer Credit Reporting Agencies Act (CCRAA)* at Civil Code §§ 1785.11, subd. (a)(3), 1785.19, subds. (a)(1, 2 & 3); the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. §§ 1681b, subds. (a)(3) & (f)(1) & (2), § 1681e(a), § 1681m(a)(1)-(2)-(3) (obtaining unauthorized access to and use of "consumer (credit) report" information), and § 1681q (obtaining ["consumer (credit) report"] information under false pretenses, a felony); violation of the federal *Consumer Fraud and Abuse Act (CFAA)* at Title 18 U.S.C. § 1030(a)(2)(A) (intentionally accessing a computer (via the Internet) without authorization or exceeding authorized access and thereby obtaining "consumer (credit) report" information contained in a file of a Consumer

Reporting Agency ("CRA") on a consumer, a felony); violation of the federal *Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act* at **Title 18 U.S.C. § 2701(a)(2)** (unlawful access to electronically stored communications, a felony); and violation of **Title 18 U.S.C. §§ 241 and/or 371** (Conspiracy against civil rights and/or criminal conspiracy, a felony), and violation of **California Penal Code §§ 12051, subd. (a)(3)(C)** (a misdemeanor) and **Penal Code § 659** (Aiding the commission of a misdemeanor), incorporated herein by reference.

193-B.     **PCSO defendant Detective HUDSON** for criminal and civil/common law trespass onto the "fenced and gated" leased private land and premises of Plaintiff, et al., in violation of **California Penal Code § 602(k) and/or § 602(m)**, and also willfully and intentionally *conspiring with* or *aiding and/or counseling* Lt. HARRIS with the foregoing violations of federal and state laws, including but not limited to the California *Consumer Credit Reporting Agencies Act (CCRAA)* at **Civil Code §§ 1785.11, subd. (a)(3), 1785.19, subds. (a)(1, 2 & 3)**; the federal *Fair Credit Reporting Act (FCRA)* at **Title 15 U.S.C. §§ 1681b, subds. (a)(3) & (f)(1) & (2)** (obtaining unauthorized access and data) and **Title 15 U.S.C. § 1681q** (obtaining ["consumer (credit) report"] information under false pretenses, a felony); violation of the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030(a)(2)(A)** (intentionally accessing a computer (via the Internet) without authorization or exceeding authorized access and thereby obtaining "consumer (credit) report" information contained in a file of a Consumer Reporting Agency ("CRA") on a consumer, a felony); violation of the federal *Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act* at **Title 18 U.S.C. § 2701(a)(2)** (unlawful access to electronically

stored communications, a felony); and violation of **Title 18 U.S.C. §§ 241 and/or 371** (Conspiracy against civil rights and/or criminal conspiracy, a felony); and violation of **California Penal Code §§ 12051, subd. (a)(3)(C)** (a misdemeanor) and **Penal Code § 659** (Aiding the commission of a misdemeanor), incorporated herein by reference.

193-C.        **PCSO defendant "JFA"** (an unidentified Placer County employee) for willfully and intentionally *conspiring with* or *aiding and/or counseling* Lt. HARRIS with the foregoing violations of federal and state laws, including but not limited to the California *Consumer Credit Reporting Agencies Act (CCRAA)* at **Civil Code §§ 1785.11, subd. (a)(3), 1785.19, subds. (a)(1, 2 & 3)**; the federal *Fair Credit Reporting Act (FCRA)* at **Title 15 U.S.C. §§ 1681b, subds. (a)(3) & (f)(1) & (2)** (obtaining unauthorized access and data) and **Title 15 U.S.C. § 1681q** (obtaining ["consumer (credit) report"] information under false pretenses, a felony); violation of the federal *Consumer Fraud and Abuse Act (CFAA)* at **Title 18 U.S.C. § 1030(a)(2)(A)** (intentionally accessing a computer (via the Internet) without authorization or exceeding authorized access and thereby obtaining "consumer (credit) report" information contained in a file of a Consumer Reporting Agency ("CRA") on a consumer, a felony); violation of the federal *Electronic Communications Privacy Act (ECPA) of 1986, Chapter 121, Stored Communications Act* at **Title 18 U.S.C. § 2701(a)(2)** (unlawful access to electronically stored communications, a felony); and violation of **Title 18 U.S.C. §§ 241 and/or 371** (Conspiracy against civil rights and/or criminal conspiracy, a felony); and violation of **California Penal Code §§ 12051, subd. (a)(3)(C)** (a misdemeanor) and **Penal Code § 659** (Aiding the commission of a misdemeanor), incorporated herein by reference.

193-D.    **PCSO defendant Sheriff BONNER** for willful or negligent violations and/or omissions of duty, and obstruction of justice and/or conspiracy against civil rights, and failure to adequately supervise and train subordinates as previously alleged in this Complaint, all in violation of **Title 42 U.S.C. §§ 1983; 1985, subds. (2) & (3); § 1986, § 1988(a); California Government Code § 1222; California Penal Code §§ 9, 142 and 661, et al.**

193-E.    **PCSO defendant Undersheriff D'ARCY** for willful or negligent violations and/or omissions of duty, and obstruction of justice and/or conspiracy against civil rights, and failure to adequately supervise and train subordinates as previously alleged in this Complaint, all in violation of **Title 42 U.S.C. §§ 1983; 1985, subds. (2) & (3); § 1986, § 1988(a); California Government Code § 1222; California Penal Code §§ 9, 142 and 661, et al.**

### SEPARATE THIRTEENTH CLAIM FOR RELIEF

**(Failure to Prevent Unlawful Access and Improper Use of Electronically Stored Records (Information or Data) Obtained from Computer File(s) of Credit Reporting Agency(ies); Failure to Have or Maintain Sufficient Security Procedures to Prevent Misuse by Subscribers or Users of Stored Records; Civil and Vicarious Liability for Willful or Negligent Noncompliance, et al.)**

**(Willful Violation or Neglect of Federal and State Laws)**

**{Title 15 U.S.C. §§ 1681b(a)(3), 1681e(a), 1681f, 1681r, 1681n(a) or 1681o(a); California Civil Code §§ 1785.11(a)(3) and 1785.12, et al.}**

**(COUNT 27)**

194.    The factual allegations set forth in paragraphs 1 through 188 inclusive are incorporated herein by reference.

195. <u>On information and belief</u>, co-defendant(s) "CDB Infotek" *or* "CHOICEPOINT GOVERNMENT SERVICES, INC." (AKA *or* DBA "ChoicePoint Online"), <u>willfully conspired *or* negligently aided and abetted</u> access to and delivery of certain restricted data to PCSO defendants Lt. HARRIS, Detective HUDSON and defendant "JFA", all who violated, <u>and conspired to violate</u>, the federal *Fair Credit Reporting Act (FCRA)* at Title 15 U.S.C. §§ 1681b(3) and 1681f, et al., <u>and</u> the California *Consumer Credit Reporting Agencies Act (CCRAA)* at **California Civil Code §§ 1785.11, subd. (a)(3) and 1785.12,** by knowingly and willfully (intentionally) <u>using data received from</u> Plaintiff's "consumer (credit) report" information or data *<u>under false pretenses,</u>* with a subscriber (or user) telephone line or computer (via the Internet), notwithstanding said **Section 1681f and Section 1785.12** (Report to governmental agencies), which only permits any government agency, including the PCSO defendants herein, to request, procure, access, obtain and utilize "identifying information" in conjunction with Plaintiff's aforesaid CCW Application.

196. The false pretenses and/or fraudulent conduct referred to in the foregoing paragraphs are the Credit Reporting Agency ("CRA") inquiry or access code(s) intentionally requested, ordered, provided or entered by PCSO defendants Lt. HARRIS, Detective HUDSON and/or defendant "JFA", et al., into a computer (via the Internet), *falsely indicating that Plaintiff was applying for employment* (or other false or improper reason) with the COUNTY OF PLACER, et al., in order for the CRA (or CDB) to grant access to and provide Plaintiff's "consumer (credit) report" information or data as sought and utilized by PCSO defendant Lt. HARRIS, et al.

197.   Co-defendant "CDB Infotek" and/or "ChoicePoint Online" <u>willfully conspired with *or* negligently aided and abetted</u> PCSO defendants Lt. HARRIS, Detective HUDSON and defendant "JFA", et al., to commit the foregoing unlawful acts by deliberately and willfully (intentionally) acting in concert with the PCSO defendants, or with two or more persons.  Both "CDB Infotek" and/or "ChoicePoint Online" and PCSO defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA* and California *CCRAA* and other federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory rights.

**(Civil Liability/Penalties for Statutory Violations; Punitive Damages)**

198.   The factual allegations set forth in paragraphs 194 through 197 inclusive are incorporated herein by reference.

199.   By willfully providing assistance or negligently permitting the PCSO defendants to commit the aforesaid unlawful acts, co-defendant "CDB Infotek" and/or "ChoicePoint Online" is also **civilly and/or vicariously liable** to Plaintiff for a **statutory civil penalty (or general damages)** in the sum of **One Thousand Dollars ($1,000.00)**, plus **punitive damages,** for each violation of count pursuant to the federal *Fair Credit Reporting Act (FCRA) or* the greater sum of **Two Thousand, Five Hundred Dollars ($2,500.00),** plus **punitive damages**, for each violation or count pursuant to the California *Consumer Credit Reporting Agencies Act (CCRAA)* at **Civil Code §§ 1785.11, subd. (a)(3) and/or 1785.12; § 1785.19, <u>subds. (a)(3) & (b)</u>** (issuance of [consumer credit] reports not initiated by consumer; knowingly, willingly and unlawfully <u>**releasing data received from**</u> Plaintiff's "consumer (credit) report" information or data), as set forth in said statutes, incorporated herein by reference.  Thus, Plaintiff hereby

asserts and claims the sum of **One Thousand Dollars ($1,000.00),** *or* the greater sum of **Two Thousand, Five Hundred Dollars ($2,500.00)** as a **statutory civil penalty** for each violation or count under federal law **(Title 15 U.S.C. § 1681n or 1681o)** or California law **(Civil Code § 1785.19, subds. (a)(3) & (b)),** respectively, plus **punitive damages** of **seven times** any civil penalties or general damages.

**(Civil Conspiracy/Vicarious Liability for Statutory Violations; Punitive Damages)**

200.   The factual allegations set forth in paragraphs 194 through 199 inclusive are incorporated herein by reference.

201.   By willfully and intentionally conspiring to do the aforesaid civil violations and tortious acts in violation of the laws of the United States and state of California, co-defendant "CDB Infotek" and/or "ChoicePoint Online" is also **civilly and/or vicariously liable** to Plaintiff for *civil conspiracy* by and for acting in concert with the aforesaid PCSO defendants, or with two or more persons, to violate the federal *FCRA* and/or the California *CCRAA.* Co-defendants owed Plaintiff a legal duty to obey—but failed to comply with—the federal *FCRA,* California *CCRAA* and other federal and state laws, supra, and to not violate Plaintiff's privacy and other statutory rights.  Thus, Plaintiff hereby asserts and claims the sum of **Ten Thousand Dollars ($10,000.00)** in **punitive damages** for *civil conspiracy,* or **seven times** any civil penalties or general damages.

///

///

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for judgment and relief against PCSO defendants Lt. HARRIS, Detective HUDSON, Sheriff BONNER and Undersheriff D'ARCY, in their respective official and/or individual capacities, and against co-defendant "CDB Infotek" and/or "CHOICEPOINT GOVERNMENT SERVICES, INC." ("ChoicePoint Online") and unknown defendant "JFA", as follows:**

**AS TO THE SEPARATE FIRST CLAIM FOR RELIEF (COUNTS 1, 2 & 3):**

1. Statutory damages (federal law), in the sums set forth in **COUNTS 1, 2 & 3** (separate **"civil penalty"** (or general damages) for each violation or count) against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

2. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE SECOND CLAIM FOR RELIEF (COUNTS 4, 5 & 6):**

3. Statutory damages (federal law), in the sums set forth in **COUNTS 4, 5 & 6** (separate **"civil penalty"** (or general damages) for each violation or count) against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

4. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE THIRD CLAIM FOR RELIEF (COUNTS 7, 8 & 9):**

5. Statutory damages (federal law), in the sums set forth in **COUNTS 7, 8 & 9** (separate statutory or general damages for each violation or count) against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

6. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE FOURTH CLAIM FOR RELIEF (COUNTS 10, 11 & 12):**

7. Statutory damages (state law), in the sums set forth in **COUNTS 10, 11 & 12** (separate **"civil penalty"** (or general damages) for each violation or count) against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

8. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE FIFTH CLAIM FOR RELIEF (COUNTS 13, 14 & 15):**

9. Statutory damages (state law), in the sums set forth in **COUNTS 13, 14 & 15** (separate **"civil penalty"** (or general damages) for each violation or count) against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

10. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE SIXTH CLAIM FOR RELIEF (COUNTS 16, 17 & 18):**

11. Statutory damages (state law), in the sums set forth in **COUNTS 16, 17 & 18** (separate **"civil penalty"** (or general damages) for each violation or count) against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

12. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE SEVENTH CLAIM FOR RELIEF (COUNTS 19, 20 & 21):**

13. In the alternative to **Counts 2, 3 & 4** under federal law, supra, statutory damages (state law), in the sums set forth in **COUNTS 19, 20 & 21** (separate **"civil penalty"**

(or general damages) for each violation or count) against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

14. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Counts, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

## AS TO THE SEPARATE EIGHTH CLAIM FOR RELIEF (COUNT 22):

15. General damages, in the sum set forth in **COUNT 22**, against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

16. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Count, to punish and deter PCSO defendants, especially PCSO defendants VALERIE HARRIS and JAMES (JIM) HUDSON, as individuals;

## AS TO THE SEPARATE NINTH CLAIM FOR RELIEF (COUNT 23):

17. General damages, in the sum set forth in **COUNT 23**, against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

18. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Count, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE TENTH CLAIM FOR RELIEF (COUNT 24):**

19. General damages, in the sum set forth in **COUNT 24**, against PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official capacity, and thus defendant COUNTY OF PLACER;

20. Exemplary (punitive) damages against PCSO defendants (except the County of Placer), in the sum set forth in said Count, to punish and deter PCSO defendants, especially PCSO defendants Lt. VALERIE HARRIS, Detective JAMES (JIM) HUDSON and defendant "JFA", in their official or individual capacity;

**AS TO THE SEPARATE ELEVENTH CLAIM FOR RELIEF (COUNT 25):**

21. General damages, in the sum set forth in **COUNT 25,** against PCSO defendants Sheriff EDWARD N. BONNER and Undersheriff STEPHEN L. D'ARCY, in their official capacity, and thus defendant COUNTY OF PLACER;

22. Exemplary (punitive) damages, in the sum set forth in said Count, to punish and deter PCSO defendants Sheriff EDWARD N. BONNER and Undersheriff STEPHEN L. D'ARCY, in their official or individual capacity;

**AS TO THE SEPARATE TWELFTH CLAIM FOR RELIEF (COUNT 26):**

23. Forfeiture or removal from any and all public office/public employment, as provided by law, for willful neglect, malfeasance and/or nonfeasance of office or official duty, as set forth in **COUNT 26,** against PCSO defendants (former Lieutenant) VALERIE HARRIS, Detective JAMES (JIM) HUDSON, Sheriff EDWARD N. BONNER, and Undersheriff STEPHEN L. D'ARCY, each in their official capacity;

///

///

**AS TO THE SEPARATE THIRTEENTH CLAIM FOR RELIEF (COUNT 27):**

24. Statutory damages (federal law), in the sums set forth in **COUNT 27** (separate **"civil penalty"** (or general damages) for each violation or count) against co-defendant "CDB Infotek" and/or "CHOICE POINT GOVERNMENT SERVICES, INC." (AKA *or* DBA "ChoicePoint Online"); AND

25. Exemplary (punitive) damages against co-defendant "CDB Infotek" and/or "CHOICE POINT GOVERNMENT SERVICES, INC." (AKA *or* DBA "ChoicePoint Online"), in the sum set forth in said Count, to punish and deter said private corporation from "aiding and abetting" the PCSO defendants.

**AS TO ALL CLAIMS FOR RELIEF (COUNTS 1 through 27):**

26. Attorney's fees and paralegal fees (as there may be), and all court costs and other reasonable costs incurred, as provided by **Title 15 U.S.C. §§ 1681n(a)(3) or 1681o(a)(2) (Attorney's Fees, Costs); Title 18 U.S.C. § 2707, subds. (b)(3) & (c) (Attorney's Fees, Costs); Title 28 U.S.C. § 1920 (Taxation of costs), Fed.R.Civ.P. Rule 54(d) (Attorney's Fees, Costs); and California Civil Code §§ 1785.19(b), 1785.31(a)(1) & (a)(2)(A) & (d) (Attorney's Fees, Costs)**, as applicable, against all defendants; and

27. For such other injunctive and equitable relief, against all or each defendant, as the Court may deem just and proper.

*For the Plaintiff,*

Date:  February 10, 2006

**Steven G. Dunmore**
*(Plaintiff, IN PRO SE)*

1

## *NOTICE*

2

3
4
5
6
*Pursuant to **Fed.R.Civ.P. (FRCP) Rule 15**, this Second Amended Complaint supersedes the original Complaint (filed 09-8-05) and the First Amended Complaint (filed 12-17-05) in all respects as a matter of law.*

7

8
9
10
11
12
13
14
15
16
17
18
19
20
21
*In the event the District Court or any defendant claims or asserts that Plaintiff's pleadings are "deficient" in any manner whatsoever, Plaintiff hereby asserts the rule or doctrine regarding "in pro se" litigants as set forth by the U.S. Supreme Court in **Haines v. Kerner**, 404 U.S. 519 at 520-521 [92 S.Ct. 594] (1972), citing **Conley v. Gibson,** 355 U.S. 41 at 45-45 [78 S.Ct. 99] (1957).  Also, Rule 8(a)(2) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Factual detail to support each claim for relief is unnecessary.  See **Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,** 507 U.S. 163, 168 [113 S.Ct. 1160] (1993); **Conley v. Gibson, supra,** 355 U.S. at 47; see also **Gilligan v. Jamco,** 108 F.3d 246 at 249 (9th Cir. 1997); **Bautista v. Los Angeles (LA) County,** 216 F.3d 837 at 842 (9th Cir. 2000).*

22
23
24
25
26
27
28