PLACER COUNTY COUNSEL'S OFFICE
David K. Huskey (SBN 109329)
Brian Wirtz (SBN 228956)
175 Fulweiler Avenue
Auburn, CA 95603
Telephone: 530-889-4044
Fax: 530-889-4069

Attorneys for Defendants PLACER COUNTY; VALERIE HARRIS, Sheriff's Lieutenant; VALERIE HARRIS, an individual; JAMES HUDSON, Detective; JAMES HUDSON, an individual; EDWARD N. BONNER, Sheriff; STEPHEN L. D'ARCY, Undersheriff, JOHN ADDOMS, Lieutenant (named in Second Amended Complaint as 'JFA').

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN G. DUNMORE, | Case No.: 2:05-CV-01806-LKK-DAD |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW** |
| vs. | |
| PLACER COUNTY, et al., | |
| Defendants | DATE: JULY 21, 2006 |
| | TIME: 10:00 A.M. |
| | COURTROOM: 27 |

**TO PLAINTIFF STEVEN G. DUNMORE, IN PRO PER:**

You are hereby notified that the motion of Defendants Edward N. Bonner and Stephen L. D'Arcy for protective order, will be heard on July 21, 2006, at 10:00 a.m., in Courtroom 27 of the Eastern District Federal Court located at 501 I Street, Sacramento, CA 95814.

The motion is based upon this notice, the memorandum of points and authorities filed herewith, the statement of undisputed material facts filed herewith, the declarations

1

and exhibits thereto filed in support of this motion, the pleadings on file, and such oral argument as may be permitted by the Court.

Dated: March 1, 2005        PLACER COUNTY COUNSEL

By: /s/Brian R. Wirtz
    Brian R. Wirtz, Deputy County Counsel
    Attorneys for Edward N. Bonner and
    Stephen L. D'Arcy

## INTRODUCTION

Defendants EDWARD N. BONNER, Sheriff (herein "Sheriff Bonner") and STEPHEN L. D'ARCY, Undersheriff, (herein, "Undersheriff D'Arcy) by and through the Placer County Counsel's Office, hereby move this court to enter a Protective Order, pursuant to Rule 26(c)(1), Fed. R. Civ. P., prohibiting Plaintiff from taking the Depositions of these named Defendants, or in the alternative, that the court enter a Protective Order, pursuant to Rule 26(c)(3), that discovery from these named Defendants be conducted by written deposition or interrogatories.

This motion is being brought on the grounds that justice requires such an order be issued to protect the named Defendants from annoyance, embarrassment, oppression and undue burden.

In advance of filing this motion, counsel for Defendants consulted with Plaintiff on several occasions in an attempt to work out alternative discovery processes. Plaintiff indicated he was unwilling to conduct discovery as to these named Defendants in any manner other than direct oral deposition on the date noticed. Attached hereto as Attachment "A" is a true and accurate copy of correspondence summarizing the parties' conversations.

As a result, Sheriff Bonner and Undersheriff D'Arcy hereby pray that this Court enter an Order prohibiting these Defendants from being deposed, or in the alternative,

pray that this Court enter an order directing Plaintiff to conduct discovery as to these Defendants by written deposition or by interrogatory. Good cause exists for the Court to grant this motion, as shown below.

## I.

## BACKGROUND

1. On or about April 6, 2006, Plaintiff filed Notices of Deposition for five individuals, including Defendants Edward N. Bonner, Sheriff, and Stephen L. D'Arcy, Undersheriff. The original date of depositions for all individuals was May 3 through May 5, 2006.

2. Shortly thereafter, and through a series of communications, depositions for the named individuals, with the exception of Sheriff Bonner and Undersherrif D'Arcy were moved to June 7 and 8, 2006. Attached hereto are copies of correspondence reflecting the arrangements for the other named deponents (Attachment "B").

3. During the course of the telephone conversations and letters set forth in paragraph 2 above, counsel for Defendants has objected to Plaintiff's request to depose Sheriff Bonner and Undersheriff D'Arcy. Both of these officials have extremely busy schedules, and have very little to no useful information regarding the facts giving rise to this cause of action, and depositions will yield little useful information relative to the inconvenience these depositions would impose on these officials.

In an attempt to further discovery in this case, counsel for Defendants has made offers to agree to conduct discovery from these Defendants by other means, including written depositions and/or stipulating to additional interrogatories. However, Plaintiff has indicated that he is unwilling to conduct discovery as to these two Defendants by any method other than oral depositions.

4. Sheriff Bonner is the elected Sheriff of Placer County, California, and is the head law enforcement official for the County of Placer. He oversees the operation of a 482-

person Department, as well as participates on numerous interagency law enforcement organizations. Sheriff Bonner has very limited and indirect knowledge of the events giving rise to Defendant's claims. Filed herewith is a Declaration of Edward N. Bonner setting forth his knowledge of the facts at issue in this case.

6. Undersheriff D'Arcy is the second-in-command at the Placer County Sheriff's Department. Although he signed the letter that denied Plaintiff's application for a permit to carry a concealed weapon, his denial was based on a verbal recommendation from a subordinate staff who was assigned these duties and on a cursory review of the permit application file. Filed herewith and incorporated herein by reference is a Declaration of Stephen L. D'Arcy setting forth his knowledge of the facts at issue in this case.

## II.

## ARGUMENT

**A.  A Protective Order is Appropriate to Prevent the Deposition of a High Public Officials Where That Official Has Not Taken Action or Has Little to No Knowledge Regarding the Facts at Issue.**

While Rule 26(b) provides for "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party", the rule also provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive ... or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Further, Rule 26(c) provides that the court may issue a protective order, "for good cause shown ... to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1) that the discovery not be had; [or] (2) that the disclosure or discovery may be had only on specified terms and conditions." "The district court has discretion to decide when a protective order is appropriate and what degree of

4

protection is required", and "[g]ood cause is the only statutory requirement for determining whether or not to issue a protective order." (*Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997)).   In deciding whether good cause exists sufficient to issue a protective order limiting discovery, the court must "balance the interests involved." *Id.* At 229.

Despite Rule 26(b)'s broad language, "courts have recognized that requests to depose a high-ranking government official are subject to a heightened standard of review." (*Jones v. Hirschfeld*, 219 F.R.D. 71, 75 (D.N.Y. 2003)). Under that heightened standard, a high ranking government official is not subject to a depositions "absent a showing by the party seeking the deposition that (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties.'( *Id.* At 75, *numerous citations omitted*). "If other persons can provide the information sought, discovery will not be permitted against such an official. " (*In re United States (Kessler)*, 985 F.2d 510, 513 (11th Cir. 1993)). "Extraordinary circumstances must exist before the involuntary depositions of high government officials are permitted." (*Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 369 (D. Cal. 2000), citing *In re Office of Inspector General*, 933 F.2d 276 (5th Cir. 1991) (top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.)).

In this case, the Plaintiff seeks to depose the Sheriff and Undersheriff for Placer County. Both individuals have limited knowledge of the facts at issue. Sheriff Bonner has no knowledge of the events surrounding the processing of Plaintiff's CCW permit application. (*See* Declaration of Edward Bonner). Undersheriff D'Arcy has limited and second-hand knowledge of the facts at issue (*See* Declaration of Undersheriff D'Arcy)

In the *Detoy* case, cited above, the court ruled against a motion for protective order, and required the deposition of the Chief of Police for San Francisco be taken. Although language in the case suggests that a Chief of Police may not be considered to be "high public official", the court's decision to order the Chief to be deposed turned on the

5

Defendants' Notice of Motion and Motion for Protective Order, Memorandum of Law

fact that the Chief of Police had personal knowledge of the facts cited, and took personal action in the events at issue in that case. (See *Detoy*, 196 F.R.D. at 370.) In short, that Public Official was deposed because he took official action in that case.

Even if this Court were to agree with the suggestion in *Detoy* that a Chief of Police is not a 'high public official', there is a critical distinction between a Chief of Police and a Sheriff. The Chief of Police of a city is generally appointed by the governing body of that particular municipality, and may be considered to be a subordinate appointive officer (*See* Cal. Gov. Code §§ 34856, "city manager may appoint and dismiss the chief of police and other subordinate appointive officers and employees"). Unlike an appointed Police Chief, the Sheriff is elected by the citizens of that county (*See* Cal. Gov. Code § 24205 "the office of sheriff shall be filled by election as provided in this chapter for elective county officers). The distinction between an elected Sheriff and an appointed subordinate Police Chief is critical in that an elected official has a much broader ability to act independently; a Sheriff is more akin to a member of the Board of Supervisors, and should be considered to be a high public official within that term's meaning herein.

As shown above, the court may properly enter a protective order to prevent the depositions of individuals, and in particular, high public officials, when justice so requires.

**B.   In The Alternative, A Court May Order That Discovery Be Taken By Means Other Than Deposition.**

Rule 26(c) provides that the court may issue a protective order, "for good cause shown … to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense, including requiring that discovery "be had by only by a method of discovery other than that selected by the party seeking discovery." As stated previously herein and in the depositions, Sheriff Bonner has no information relating to the processing of Plaintiff's CCW application. Undersheriff D'Arcy only has limited information which could be discovered readily by written deposition or interrogatories. Although Plaintiff has exhausted his allowable number of interrogatories, Defendants would stipulate to allowing

6

1  Plaintiff to propound additional interrogatories to the Sheriff and Undersheriff, provided
2  that the interrogatories are specifically directed to their specific involvement in the case, and
3  further would not object to a specific number of interrogatories as deemed appropriate by
4  the Court.

## CONCLUSION

As shown above, the Court may properly enter a Protective Order preventing the depositions of Sheriff Bonner and Undersheriff D'Arcy in this case. The court may also require that discovery from these individuals be conducted by other means.

Therefore, these named defendants respectfully request that the Court order that the depositions not take place, or in the alternative, that discovery be conducted from the named Defendants by written deposition or interrogatory, and for any such other and further relief as the court may deem just and proper.

Dated: June 06, 2006                    PLACER COUNTY COUNSEL


                                        By:     /S/ Brian R. Wirtz
                                        Brian R. Wirtz, Deputy County Counsel
                                            Attorneys for Defendants EDWARD N.
                                            BONNER, Sheriff and STEPHEN L.
                                            D'ARCY, Undersheriff.

7

Defendants' Notice of Motion and Motion for Protective Order, Memorandum of Law

## CERTIFICATION OF GOOD FAITH EFFORT TO MEET AND CONFER

I hereby certify that I have made a good faith effort to meet and confer with Plaintiff regarding the subject matter of this motion. I hereby incorporate all facts and information contained herein and in the Attachments in support of my efforts.

Dated: June 6, 2006                     PLACER COUNTY COUNSEL


By:  /S/ Brian R. Wirtz
Brian R. Wirtz, Deputy County Counsel
Attorneys for Defendants EDWARD N. BONNER, Sheriff; and STEPHEN L. D'ARCY, Undersheriff.

# DECLARATION OF PROOF OF SERVICE

I, KAREN FREY, declare:

I am a citizen of the United States and am employed in the County of Placer. I am over the age of eighteen (18) years and not a party to the within-entitled action. My business address is 175 Fulweiler Avenue, Auburn, Placer County, California.

On February 23, 2006, I served the within document(s): **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER, MEMORANDUM OF LAW; DECLARATION OF EDWARD N. BONNER; DECLARATION OF STEPHEN L. D'ARCY** on the interested parties in this action by placing true copies thereof in sealed envelopes addressed as follows:

Steven G. Dunmore
P. O. Box 770
Loomis, CA 95650

__X__ BY REGULAR MAIL: I deposited said documents in the United States mail at Auburn, California, in a sealed envelope with postage thereon fully prepaid.

_____ BY PERSONAL SERVICE: I caused such documents to be delivered by hand to the offices of the addressees.

_____ BY FEDERAL EXPRESS: I deposited said documents in a box or other facility regularly maintained by Federal Express, Airbill No. _____.

_____ BY FACSIMILE: I caused such document to be transmitted via facsimile to the offices of the addressees. The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on June 6, 2006, at Auburn, California.

/s/ Karen Frey
KAREN FREY